JENNER & BLOCK LLP
Andrew J. Thomas (Cal. Bar No. 110022)
athomas@jenner.com
Andrew G. Sullivan (Cal. Bar No. 301122)
agsullivan@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Fax: (213) 239-5199

JENNER & BLOCK LLP
Kenneth L. Doroshow (applying *pro hac vice*)
kdoroshow@jenner.com
Devi M. Rao (applying *pro hac vice*)
drao@jenner.com
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6000
Fax: (202) 639-6066

Attorneys for All Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR., an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; STEFANIE TAUB, | Case No. 2:18-cv-07241<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Complaint Filed:    June 22, 2018<br>Complaint Served:   July 20, 2018<br><br>[Los Angeles County Superior Court Case No. BC710739] |

1

1    an individual, as Trustee of the AFM
     and SAG-AFTRA Intellectual Property
2    Rights Distribution Fund; JON JOYCE,
     an individual, as Trustee of the AFM
3    and SAG-AFTRA Intellectual Property
     Rights Distribution Fund; BRUCE
4    BOUTON, an individual, as Trustee
     of the AFM and SAG-AFTRA
5    Intellectual Property Rights
     Distribution Fund; and DOE
6    DEFENDANTS 1-10,

7               Defendants.

8

9

10

11 **TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES,**

12 **AND THEIR ATTORNEYS OF RECORD:**

13       **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441,

14 1446, and 1453, Defendants American Federation of Musicians of the United

15 States and Canada ("AFM"), Raymond M. Hair, Jr., Tino Gagliardi, Duncan

16 Crabtree-Ireland, Stefanie Taub, Jon Joyce, and Bruce Bouton hereby remove this

17 action, Case No. BC 710739, from the Superior Court of the State of California for

18 the County of Los Angeles ("Superior Court") to the United States District Court

19 for the Central District of California.  Defendant Screen Actors Guild-American

20 Federation of Television and Radio Artists ("SAG-AFTRA") consents to removal

21 pursuant to 28 U.S.C. § 1446(b).

22       As set forth below, removal is proper based on diversity of citizenship under

23 the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453,

24 because this case is a class action in which the putative class exceeds 100

25 members, at least one plaintiff is diverse from at least one defendant, and the

26 amount in controversy exceeds $5 million.  Venue is proper in this Court because

27 the plaintiff filed his Complaint in Los Angeles County Superior Court.

28

DEFENDANTS' NOTICE OF REMOVAL

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1.      On June 22, 2018, plaintiff Kevin Risto ("Plaintiff") commenced an action in Los Angeles County Superior Court, styled *Kevin Risto, on behalf of himself and all others similarly situated v. Screen Actors Guild-American Federation of Television and Radio Artists, et al.*, Case No. BC 7101739 (the "Action").  A true and correct copy of the Summons and Complaint is attached hereto in <u>Exhibit A</u> ("Cplt").

2.      Plaintiff's allegations relate to the administration of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund (the "Fund"), an independent not-for-profit organization that collects and distributes royalties owed to non-featured musical performers pursuant to the Digital Performance Rights in Sound Records Act of 1995 and the Digital Millennium Copyright Act of 1998.  Cplt.  ¶¶ 1-4.  Plaintiff alleges that Defendants breached their respective fiduciary duties in connection with the Fund's administration of royalties owed to a putative nationwide class of non-featured musicians (also known as session musicians) and non-featured vocalists (also known as session vocalists).  *Id.* ¶¶ 11-23, 51-57.  Plaintiff pleads three additional causes of action, based on the same set of allegations, for money had and received, declaratory relief, and conversion.  *Id.* ¶¶ 58-73.

3.      Plaintiff seeks compensatory damages, punitive damages, disgorgement, injunctive relief, pre- and post-judgment interest on any amounts awarded, as well as costs and attorneys' fees on behalf of himself and the putative nationwide class.  *Id.* at p. 14.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

4.      CAFA provides that federal courts have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant; (ii) there are at least 100 members in the putative class; and (iii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  If

these requirements are met, CAFA authorizes removal pursuant to 28 U.S.C. § 1446.  Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

5.     As demonstrated below, this Court has subject matter jurisdiction over this Action, and removal is proper, because the requirements of CAFA are satisfied.

### The Parties Are Minimally Diverse

6.     CAFA's minimal diversity standard is satisfied when "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant."  28 U.S.C. § 1332(d)(2)(A) (emphasis added); *accord Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices."); *see also Aguilar v. Courtyard Mgmt. Corp.*, No. 13-07181, 2014 WL 12597037, at *2 (C.D. Cal. Jan. 13, 2014) (CAFA minimal diversity requirement satisfied where plaintiff was "a citizen of California – a different state than at least one defendant.").

7.     Plaintiff is a citizen of Clark County, Nevada.  Cplt. ¶ 27.  Additionally, Plaintiff's complaint seeks relief on behalf of a "nationwide" class of plaintiffs, which class necessarily includes plaintiffs who are citizens of states other than California, Delaware, and New York.  Cplt. ¶ 39.

8.     As Plaintiff acknowledges, Defendant SAG-AFTRA is incorporated under the laws of Delaware and is headquartered in California, and is therefore a citizen of both states.  Cplt. ¶ 28; *see also* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (providing that a corporation's principal place of business is the place where "a corporation's officers direct, control, and coordinate

DEFENDANTS' NOTICE OF REMOVAL

1   the corporation's activities," which is typically "the place where the corporation

2   maintains its headquarters").

3        9.    The minimal diversity requirement is satisfied here, because Plaintiff

4   is a citizen of Nevada and is not a citizen of California or Delaware, and because

5   the putative class includes individuals who are citizens of states other than

6   California or Delaware.  *See* Cplt. ¶¶ 2-4.

7        10.    While not required for removal pursuant to 28 U.S.C. § 1332(c)(1),

8   Plaintiff is also diverse from Defendant AFM, which is incorporated under the

9   laws of California and is headquartered in New York, and is therefore a citizen of

10  both states.  Furthermore, none of the individual defendants is a citizen of Nevada.

11  **The Class Size Exceeds 100 Members**

12       11.    Plaintiff alleges there are "thousands of persons" in the putative

13  nationwide class.  *See* Cplt. ¶ 41.  This satisfies CAFA's numerosity requirement.

14  **The Amount in Controversy Exceeds $5,000,000**

15       12.    Under CAFA, the "amount in controversy" includes compensatory

16  damages, punitive damages, statutory damages, and attorneys' fees, among other

17  forms of relief.  *See*, *e.g.*, *Keeling v. Esurance Ins. Co.*, 660 F.3d 273 (7th Cir.

18  2011); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

19       13.    Plaintiff alleges that during the five-year period since the Fund

20  entered into an agreement with SAG-AFTRA and AFM on July 22, 2013, the Fund

21  has been improperly paying SAG-AFTRA and AFM amounts that should have

22  been distributed to the putative class members.  *Id.* at ¶¶ 11-23.  Plaintiff alleges

23  that the improperly distributed funds amounted to $1,743,712.00 in the year 2016

24  alone.  *Id.* at ¶¶ 21.  Plaintiff further alleges that as a result of this activity,

25  Defendants are liable for actual damages "in excess of $5,000,000" and that this

26  number "continues to accrue."  *Id.* at ¶ 59.

27       14.    Furthermore, the amount at issue alleged in the Complaint does not

28  include additional unquantified punitive damages and attorney's fees sought by

1  Plaintiff.  *Id.* at p. 14; *see also Hurd v. Am. Income Life Ins.*, No. 13-5205, 2013
2  WL 5575073, at *6-7 (C.D. Cal. Oct. 10, 2013) (explaining that claimed punitive
3  damages are included in the calculation of CAFA's amount in controversy
4  requirement); *Mejia v. Prologix Distribution Servs., LLC*, No. 12-4840, 2012 WL
5  5522309, at *2 (N.D. Cal. Nov. 14, 2012) (same for claimed entitlement to recover
6  attorneys' fees).

7       15.    Because Plaintiff expressly alleges damages in excess of $5,000,000,
8  CAFA's amount in controversy requirement is necessarily satisfied.  *See*
9  *Guglielmino*, 506 F.3d at 699 ("[W]hen a complaint filed in state court alleges on
10 its face an amount in controversy sufficient to meet the federal jurisdictional
11 threshold, such requirement is presumptively satisfied unless it appears to a 'legal
12 certainty' that the plaintiff cannot actually recover that amount.") (citing *Sanchez*
13 *v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)); *see also Korn v.*
14 *Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The
15 ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint,
16 not what a defendant will actually owe.").

17                          **REMOVAL IS TIMELY**

18      16.    Under 28 U.S.C. § 1446(b), notice of removal of a civil action must
19 be filed within thirty (30) days of the date on which a defendant is served with a
20 removable complaint.  *See also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526
21 U.S. 344, 354, 119 S. Ct. 1322, 1329 (1999).  Where multiple defendants are
22 served at different times, and a later-served defendant files a notice of removal, any
23 earlier-served defendant may consent to the removal even though that earlier-
24 served defendant did not previously initiate removal.  *See* 28 U.S.C. § 1446(b)(2);
25 *see also Destfino v. Reiswig*, 630 F3d 952, 956 (9th Cir. 2011).

26      17.    Here, Plaintiff served SAG-AFTRA via substituted service on its
27 agent for service of process on July 5, 2018.  Plaintiff served AFM's agent for
28 service of process on July 20, 2018.  On the same day, Defendants Raymond M.

Hair, Jr., Tino Gagliardi, Duncan Crabtree-Ireland, Stefanie Taub, Jon Joyce, and Bruce Bouton respectively executed waiver of service forms through counsel pursuant to California Code of Civil Procedure 415.30, and are therefore deemed to have been served as of July 20, 2018.

18.   Defendants AFM, Raymond M. Hair, Jr., Tino Gagliardi, Duncan Crabtree-Ireland, Stefanie Taub, Jon Joyce, and Bruce Bouton are within the 30-day period following service within which they are entitled to file this Notice of Removal pursuant to 28 U.S.C. § 1446(b).  Defendant SAG-AFTRA consents to removal pursuant to 28 U.S.C. § 1446(b)(2).

19.   Defendants are not aware of the existence of or service on any "Doe" defendant; consequently, no further consent to removal is required.  *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

## VENUE IS PROPER

20.   In accordance with 28 U.S.C. § 1441(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.  The action is pending in Los Angeles County Superior Court, located within the Central District of California, Western Division.  28 U.S.C. § 84(c)(2).  Therefore, venue is proper in this Court because it is the district and division embracing the place where such action is pending.  28 U.S.C. §§ 1391, 1441(a).

## REMAINING REMOVAL PREREQUISITES HAVE BEEN SATISFIED

21.   Pursuant to 28 U.S.C. § 1446(a), Exhibits A through G include all process, pleadings, and orders that have been filed in this matter:

(a)   Attached hereto as Exhibit A are true and correct copies of the Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, and Summons filed by Plaintiff on June 22, 2018.

(b)    On July 20, 2018, the Superior Court issued a Minute Order which stayed the case pending the Initial Status Conference set for September 17, 2018.  A true and correct copy of this order is attached hereto as <u>Exhibit B</u>.

(c)    On July 20, 2018, the Superior Court also issued an Initial Status Conference Order directing the parties to prepare and file a Joint Initial Status Statement in advance of the Initial Status Conference.  A true and correct copy of this order is attached hereto as <u>Exhibit C</u>.

(d)    On July 23, 2018, Plaintiff filed proofs of service of summons with respect to Defendants SAG-AFTRA, Raymond M. Hair, Jr., Tino Gagliardi, Duncan Crabtree-Ireland, Stefanie Taub, Jon Joyce, and Bruce Bouton.  True and correct copies of these filings are attached hereto as <u>Exhibit D</u>.

(e)    On July 27, 2018, Plaintiff filed a Notice of Minute Order and Initial Status Conference Order, as directed by the Superior Court.  A true and correct copy of this filing is attached hereto as <u>Exhibit E</u>.

(f)     On August 6, 2018, Defendant SAG-AFTRA filed a Notice of Appearance, as directed by the Superior Court.  A true and correct copy of this filing is attached hereto as <u>Exhibit F</u>.

(g)    On August 10, 2018, Plaintiff filed a proof of service of summons with respect to Defendant AFM.  A true and correct copy of this filing is attached hereto as <u>Exhibit G</u>.

(h)    A true and correct copy of the Superior Court docket sheet as of the date of this filing is attached hereto as <u>Exhibit H</u>.

22.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of this filing will be served on Plaintiff's counsel of record at (i) Kiesel Law LLP, located at 8648 Wilshire Blvd., Beverly Hills, CA 90211; and (ii) Johnson & Johnson LLP, located at 439 North Canon Drive, Suite 200, Beverly Hills, CA 90210.

23.    A copy of this Notice of Removal will also be filed with the Clerk of Los Angeles County Superior Court immediately following its filing in the United States District Court for the Central District of California, as required by 28 U.S.C. § 1446(d).

24.    Defendants have made no previous application for this or similar relief.

25.    This Notice of Removal is filed subject to and with full reservation of rights by the Defendants.  No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

## <u>DEFENDANTS' RESPONSE TO THE COMPLAINT IS DUE</u>
## <u>NO EARLIER THAN SEPTEMBER 17, 2018</u>

26.    Generally, "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within . . . 7 days after notice of removal is filed."  Fed. R. Civ. P. 8l(c).

27.    By statute, however, "[a]ll . . . orders . . . in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450.

28.    "The federal rules apply after removal and neither add to nor abrogate what has been done in the state court prior to removal."  *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) (citations and quotations omitted).  "The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court."  *Id.*  Thus, after removal, "all existing orders—including rulings on discovery and extensions of time to plead—remain in effect until modified by the federal court."  *Team Enters., LLC v. W. Inv. Real Estate Trust*, No. CVF 08-1050 LJO SMS, 2008 WL 4532522, at * 1 (E.D. Cal. Oct. 8, 2008) (citing *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F. 3d 791, 795 (9th Cir. 1996)); *see also Granny Goose Foods, Inc. v. B'hood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974) ("In

9

1  addition, [28 U.S.C. § 1450] ensures that interlocutory orders entered by the state

2  court to protect various rights of the parties will not lapse upon removal.").

3      29.    On July 20, 2018, the Superior Court entered a Minute Order that

4  stayed the Action pending further order of the Court.  The Minute Order stated that

5  "[b]y this order, the Court stays the case, except for service of the Summons and

6  Complaint."  (Ex. B, 1.)  The Minute Order further provided that "[t]he stay

7  continues at least until the Initial Status Conference," which the Superior Court set

8  for September 17, 2018.  (*Id.*)  The Minute Order further stated that "[r]esponsive

9  pleadings shall not be filed until further Order of the Court."  (*Id.*)  Accordingly,

10 pursuant to the Minute Order, the Action is stayed at least until September 17,

11 2018, and no answer, motion to dismiss, or other response by Defendants is due

12 before that date.

13     30.    Therefore, notwithstanding Rule 81(c), the Defendants' response to

14 Plaintiff's Complaint is due in federal court no earlier than September 17, 2018.

## CONCLUSION

16     WHEREFORE, based on the foregoing, Defendants hereby remove this

17 Action from the Los Angeles Superior Court to this Court, and request that further

18 proceedings be conducted by this Court as provided by law.

19 Dated:      August 17, 2018          JENNER & BLOCK LLP

21                                       /s/  Andrew J. Thomas
                                         Andrew J. Thomas
22                                       Kenneth L. Doroshow
                                         Devi M. Rao
23                                       Andrew G. Sullivan

24                                       Attorneys for all Defendants

DEFENDANTS' NOTICE OF REMOVAL