# EXHIBIT A

Dept. # 6  Assigned Berle

1 | PAUL R. KIESEL (State Bar No. 119854)
kiesel@kiesel.law
2 | MARIANA A. MCCONNELL (State Bar No. 273225)
mcconnell@kiesel.law
3 | KIESEL LAW LLP
8648 Wilshire Boulevard
4 | Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
5 | Facsimile: (310) 854-0812

6

7 | NEVILLE L. JOHNSON (State Bar No. 66329)
njohnson@jjllplaw.com
8 | DOUGLAS L. JOHNSON (State Bar No. 209216)
djohnson@jjllplaw.com
9 | JORDANNA G. THIGPEN (State Bar No. 232642)
jthigpen@jjllplaw.com
JOHNSON & JOHNSON LLP
10 | 439 North Canon Drive, Suite 200
Beverly Hills, California 90210
11 | Telephone: (310) 975-1080
Facsimile: (310) 975-1095

12

13 | *Attorneys for Plaintiff and the Class*

14

15 | **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

16

17

18 | KEVIN RISTO, on behalf of himself and all others similarly situated,

19 | Plaintiff,

20 | v.

21 | SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND
22 | RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF
23 | MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit
24 | corporation; RAYMOND M. HAIR, JR, an individual, as Trustee of the AFM and SAG-
25 | AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an
26 | individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights
27 | Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the
28 | AFM and SAG-AFTRA Intellectual Property

CASE NO. BC 710739

**CLASS ACTION**

**CLASS ACTION COMPLAINT FOR:**

(1) BREACH OF FIDUCIARY DUTY;
(2) MONEY HAD AND RECEIVED;
(3) DECLARATORY RELIEF; and
(4) CONVERSION

**DEMAND FOR JURY TRIAL**

**ORIGINAL**

FILED
Superior Court of California
County of Los Angeles
JUN 22 2018
Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Brittny Smith

1

CLASS ACTION COMPLAINT

1 | Rights Distribution Fund; STEFANIE TAUB, an individual, as Trustee of the AFM and
2 | SAG-AFTRA Intellectual Property Rights Distribution Fund; JON JOYCE, an individual,
3 | as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund;
4 | BRUCE BOUTON, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual
5 | Property Rights Distribution Fund; and DOE DEFENDANTS 1-10,
6 |
7 |         Defendants.
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

CLASS ACTION COMPLAINT

1    Plaintiff Kevin Risto, on behalf of himself, and all others similarly situated, alleges as

2  follows upon personal knowledge as to Plaintiff's own conduct and on information and belief as to

3  all other matters based on an investigation by counsel, such that each allegation has evidentiary

4  support or is likely to have evidentiary support upon further investigation and discovery:

5                          **FACTUAL BACKGROUND**

6    **A. STATUTORY FRAMEWORK**

7          1.       17 U.S.C. § 106 grants the owner of a copyright in a sound recording the exclusive

8  right to perform and reproduce the sound recording publicly by means of a digital audio

9  transmission. As a result of the Digital Performance Rights in Sound Records Act of 1995 and the

10  Digital Millennium Copyright Act of 1998, 17 U.S.C. § 114 provides a statutory license to

11  perform and reproduce sound recordings. SoundExchange, an affiliate and former subsidiary of

12  the Recording Industry Association of America, is designated as the sole entity in the United

13  States authorized to collect these royalties from statutory licenses for the digital performances of

14  sound recordings.

15          2.       Under 17 U.S.C. § 114(g), 50% of digital performance royalties are payable to the

16  copyright owners of the sound records, 45% are payable to the featured artists, 2.5% are payable

17  to the non-featured musicians (also known as session musicians) and 2.5% are payable to the non-

18  featured vocalists (also known as session vocalists) (collectively referred to herein as "non-

19  featured performers.")

20          3.       The 5% of the digital performance royalties payable to non-featured performers are

21  sometimes collectively referred to herein as the "Royalties."

22          4.       The statute requires payment of the Royalties to non-featured performers regardless

23  of their union membership in any or all of the three major unions: the American Federation of

24  Musicians of the United States and Canada ("AFM"), or SAG-AFTRA (the surviving entity after

25  the 2012 merger of the Screen Actors Guild ("SAG") and the American Federation of Television

26  and Radio Artists ("AFTRA").

27    **B. ESTABLISHMENT OF THE FUND**

28          5.       The AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund (the

                                   3              CLASS ACTION COMPLAINT

"Fund") is the name given to the I.R.C. § 501(c)(6) nonprofit organization which oversees a trust fund created to receive and distribute Royalties or other remuneration to artists from SoundExchange and other relevant collecting societies, rights organizations and other appropriate entities in order to comply with the statutory scheme.

6.      Pursuant to the statutes, the Fund is obligated to perform its duties without regard to union membership.

7.      The Fund was established through an Agreement and Declaration of Trust dated September 16, 1998 between the American Federation of Musicians of the United States and Canada ("AFM") and the American Federation of Television and Radio Artists ("AFTRA").

8.      The Agreement and Declaration of Trust dated September 16, 1998 was amended and restated on July 26, 2012 after the merger of the Screen Actors Guild ("SAG") and AFTRA. The AFM and SAG-AFTRA are collectively referred to herein as "Unions."

9.      As of 2013, the Fund's Trustees consist of three board members of the AFM union and three board members of the SAG-AFTRA union, as well as two rank-and-file members, one from each Union. The Trustees are not compensated by the Fund for the performance of their duties. The Trustees are responsible for implementing the statutory rights of the non-featured performers, collecting the Royalties due to non-featured performers and making payment to the non-featured performers.

10.     Pursuant to the Agreement and Declaration of Trust, the Trustees owe a fiduciary duty to the beneficiaries of the Fund and are obligated to protect the property held by the Fund.

C. IMPLEMENTATION OF THE SERVICE FEE FOR THE BENEFIT OF THE
   UNIONS

11.     The Fund entered into a Data Purchase and Services Agreement dated July 22, 2013 (the "Services Agreement") with the Unions. Pursuant to the Services Agreement, "the Fund shall pay each Union, within 30 days after the conclusion of each of the Fund's distribution cycles, 3% of the amount distributed by the Fund in such distribution cycle…. Such payment shall constitute complete compensation of the Unions and their personnel for providing the data and services contemplated by this Agreement. There shall be no additional charges or expense

4                          CLASS ACTION COMPLAINT

1  reimbursement associated with the Unions' provision of the data and services contemplated by this

2  Agreement."

3      12.    This 3% service fee shall be referred to herein as the "Service Fee."

4      13.    The Service Fee was approved by the Defendants named herein. These Defendants

5  were Trustees of the Fund but were acting with deep conflicts of interest to the benefit of the

6  Unions, by which they are employed.

7      14.    This Service Fee reduces the amount of capital in the Fund and therefore reduces

8  the amount of money available to the beneficiaries of the Fund.

9      15.    Defendants violated their duties to the Trust when authorizing the Service Fee and

10  diverting funds away from the Fund and to the Unions.

11      16.    The Service Fee is purportedly paid to the Unions for the provision of certain data

12  and representation of "Fund interests." However, all of the obligations conferred on the Unions in

13  the Service Agreement were activities that the Unions were already performing as a benefit to its

14  members. No new consideration was provided by the Unions in exchange for the Service Fee.

15      17.    In some instances, the Unions have not fulfilled their obligations under the Services

16  Agreement. For example, SAG-AFTRA has declined to provide access to member databases,

17  session reports and "B-forms," or other similar databases.

18      18.    None of the activities set forth in the Services Agreement are for the benefit of non-

19  Union, non-featured performers.

20      19.    In addition to the Service Fee, and contrary to the terms of the Service Agreement,

21  the Trust pays the expenses of the Defendant Trustees.

22      20.    The Trustees of the Fund have significant conflicts of interest with the beneficiaries

23  of the Fund and have used the Fund to benefit the Unions instead of the beneficiaries it was

24  intended to represent.

25      21.    Plaintiff is informed and believes, and thereon alleges, that in 2016 alone, the Fund

26  paid to $1,743,712.00 to the Unions, and the amount continues to increase each year as the Service

27  Fee is collected as a continuing violation.

28      22.    Of note, the general counsel for the Fund, Patricia Polach, has simultaneously

        CLASS ACTION COMPLAINT

1    served as counsel for (1) the Fund; (2) AFM and AFTRA; and (3) SAG-AFTRA, creating a

2    massive and obvious conflict of interest.  Ms. Polach's role in the creation of the Fund and

3    implementation of the Service Fee will be thoroughly investigated by Plaintiff in connection with

4    this Action.

5          23.    Plaintiff and the Class seek equitable, declaratory, and injunctive relief against the

6    Trustees requiring them to: (1) revert back to the Fund the 3% Service Fee for the distribution

7    cycles following July 22, 2013; (2) cease the collection of the 3% Service Fee on all future

8    distribution cycles; and (3) declare the Data Purchase and Services Agreement void and

9    unenforceable.

10                              **JURISDICTION AND VENUE**

11          24.    This Court has jurisdiction over this action. The Fund is located in Valley Village,

12   California, and a substantial part of the acts and events giving rise to Plaintiff's and the Class'

13   claims occurred in Los Angeles County, in that the Trustees and the Unions have diverted funds

14   from the Fund in this County, and because upon information and belief, all meetings, decisions,

15   and accountings are held and performed in this County.

16          25.    Further, SAG-AFTRA is a Delaware corporation authorized to conduct business

17   and conducting business in the County of Los Angeles, State of California.  Defendant AFM is a

18   mutual benefit corporation (also known as a nonprofit corporation) that is organized and existing

19   under the laws of the State of California and is authorized to conduct business and is conducting

20   business, in the County of Los Angeles, State of California.

21          26.    Venue is proper in this Court because a substantial part of the acts giving rise to

22   Plaintiff's claims occurred in this venue.

23                                    **PARTIES**

24          27.    Plaintiff Kevin Risto ("Plaintiff") is a resident of Las Vegas, Nevada.  Mr. Risto is

25   not a Union member, but collects from the Fund as a non-featured musician on artist Fantasia's

26   "When I See U."  Plaintiff has written and produced songs for Justin Bieber, Frank Ocean, 50

27   Cent, Jennifer Lopez, and many other award-winning artists.  Plaintiff received a Grammy award,

28   the music industry's highest honor, for his work on Frank Ocean's "Channel Orange" album.

28.     Defendant SAG-AFTRA is a corporation organized and existing under the laws of the state of Delaware and is authorized to conduct business and is conducting business in the County of Los Angeles, State of California.

29.     Defendant AFM is a mutual benefit corporation (also known as a nonprofit corporation) that is organized and existing under the laws of the State of California and is authorized to conduct business and is conducting business, in the County of Los Angeles, State of California.

30.     Defendant Raymond M. Hair, Jr. is a resident of the State of New York and a Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund. Defendant Raymond M. Hair, Jr. is also the President of the American Federation of Musicians ("AFM").

31.     Defendant Augustino Gagliardi is a resident of the State of New York and a Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund. Mr. Gagliardi serves on the Executive Committee of the American Federation of Musicians ("AFM").

32.     Defendant Duncan Crabtree-Ireland is a resident of the City of Los Angeles, State of California and a Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund. Mr. Crabtree-Ireland is the Chief Operating Officer and General Counsel of SAG-AFTRA.

33.     Defendant Stefanie Taub is a resident of the City of Los Angeles, State of California.  She is a former Trustee of the Fund and now serves as its Chief Executive Officer. Ms. Taub also previously served as the National Manager of Sound Recordings for SAG-AFTRA.

34.     Defendant Jon Joyce is a resident of the State of California and serves as the rank-and-file SAG-AFTRA Trustee of the Fund. Mr. Joyce is on the Board of the SAG-AFTRA Foundation.

35.     Defendant Bruce Bouton is a resident of the State of California and serves as the rank-and-file AFM Trustee of the Fund. Mr. Boulton is on the Electronic Media Oversight Committee of the AFM and is the Intellectual Property Rights Committee Chair of the Recording Musicians Association, which, upon information and belief, is an affiliated entity of the AFM.

36.     The individual defendants shall be referred to collectively as the "Trustee

1   Defendants." The entity defendants shall be referred to as the "Union Defendants."

2       37.     The names and capacities of DOE Defendants 1-10 are currently unknown to

3   Plaintiff. Each of the DOE Defendants is legally responsible for the unlawful acts alleged herein.

4       38.     At all relevant times, each defendant was acting as an agent or employee of each of

5   the other and was acting within the course or scope of the agency with knowledge and consent of

6   the other defendants. Each of the acts and omissions complained of were made known to, and

7   ratified by, each of the other defendants.

8                           **CLASS ACTION ALLEGATIONS**

9       39.     Pursuant to California Code of Civil Procedure § 382, Plaintiff brings this action

10  individually and on behalf of the following proposed class of persons, initially defined as:

11  **Nationwide Class:**

12  All persons and entities, their agents, successors in interest, assigns, heirs, executors,
    trustees, and administrators who are and/or were non-featured musicians and non-featured
13  vocalists.

14

15      40.     The Class does not include Defendants; any successor or assign of Defendants; or

16  any judge to whom this case is assigned and any member of his or her immediate family.

17      41.     Numerosity.  The Class is comprised of thousands of persons, making joinder of

18  such cases impracticable.  Disposition of the claims in a class action context will provide

19  substantial benefits to the parties and the Court.

20      42.     Existence and predominance of common questions.  Common questions of law and

21  fact exist as to all members of the proposed Class and predominate over questions affecting only

22  individual Class members.  These common questions include, but are not limited to, the following,

23  answers to which are apt to drive the resolution of this litigation:

24          a.      Whether the Trustees breached their fiduciary duties to the Plaintiff and the

25  Class;

26          b.      Whether the Trustees wrongfully withheld and benefitted from money due

27  to Plaintiff and the Class;

28          c.      Whether the Trustees converted funds due to Plaintiff and the Class by

                                        8                       CLASS ACTION COMPLAINT

1  diverting the funds to the Unions;

2          d.      Whether the Trustees wrongfully retained money due to the Fund;

3          e.      Whether the Trustees should be enjoined from diverting the Service Fee in

4  the future;

5          f.      Whether the Data Purchase and Services Agreement is void and/or

6  unenforceable in whole or in part.

7      43.    Typicality.  Plaintiff's claims are typical of the claims of the proposed Class.

8  Plaintiff and the Class members he proposes to represent are all non-featured musicians and non-

9  featured vocalists as all such non-featured artists have or may earn digital performance royalties

10  that are or will be collected by the Fund and subject to the 3% Service Fee, giving rise to

11  substantially the same claims.

12      44.    Adequacy.  Plaintiff will fairly and adequately represent and protect the interests of

13  the proposed Class.  Plaintiff has no interests that are antagonistic to or that irreconcilably conflict

14  with those of the other Class members he seeks to represent.  Plaintiff has retained counsel

15  competent and experienced in the prosecution of class action litigation and intends to prosecute

16  this action vigorously.

17      45.    Superiority.  A class action is superior to all other available methods for the fair

18  and efficient adjudication of this controversy.  This litigation involves issues that will require

19  substantial and targeted discovery of sophisticated defendants and could not practically be taken

20  on by individual litigants.  In addition, individual litigation of Class members' claims would be

21  unduly burdensome to the court system and has potential to lead to repetitious litigation with

22  inconsistent results.  A class action would achieve substantial economies of time, effort and

23  expense, and would assure uniformity of decision as to persons similarly situated without

24  sacrificing procedural fairness.

25      46.    Class certification is also appropriate because Defendants have acted or refused to

26  act on grounds generally applicable to the Class, thereby making final injunctive relief or

27  corresponding declaratory relief appropriate with respect to the Class as a whole.

28      47.    The nature of notice to the proposed Class is contemplated to be by direct mail or,

9                                          CLASS ACTION COMPLAINT

1  if such notice is not practicable, by the best notice practicable under the circumstance including

2  email, publication in major newspapers and/or on the Internet.

3  **TOLLING AND ESTOPPEL**

4    48.    Any applicable statutes of limitations that might otherwise bar any of Plaintiff's

5  claims are tolled by Defendants' knowing and active concealment of the wrongful diversion of

6  monies from the corpus of the Trust to the Unions.

7    49.    Defendants, as the Trustees of the Trust are therefore in a superior position to know

8  of the material issues, were under a continuous duty to disclose to Plaintiff and members of the

9  Class the true amount of funds collected by the Trust at each distribution cycle, and the sum of

10  money being diverted to the Unions at every cycle. The Unions prevented the Trust from

11  informing the beneficiaries of the terms of the Data Purchase and Sales Agreement and hid the

12  Service Fee from the beneficiaries. Defendants kept Plaintiff in the dark as to necessary

13  information essential to the pursuit of his claims. Because of Defendants' cover-up, proposed

14  Class members could not have reasonably discovered the substantial sum of money being diverted

15  from the Trust to the Unions at every distribution cycle.  Defendants are therefore estopped from

16  relying on any statutes of limitations in defense of this action.

17    50.    In addition, the Trustees' breaches of their fiduciary duties as described herein

18  constitute continuing wrongs such that the statute of limitations on these breaches of fiduciary

19  duty claims of Plaintiff and the Class has been tolled and will not begin to run until the

20  commission of the last wrongful act of the Trustees.

21  **FIRST CAUSE OF ACTION**

22  **Breach of Fiduciary Duty for Implementing Service Fee**

23  (Against the Trustee Defendants On Behalf of Plaintiff and the Class)

24    51.    Plaintiff incorporates the preceding and subsequent allegations as if fully set forth

25  herein.

26    52.    The Trustees are fiduciaries with regard to the Fund pursuant to, among other

27  authorities, the Agreement and Declaration of Trust dated September 16, 1998 as amended and

28  restated July 26, 2012, and the statutory framework proscribing their authority. As fiduciaries, the

10                    CLASS ACTION COMPLAINT

1    Trustees owe to Plaintiff and the Class, as beneficiaries, fiduciary duties of loyalty, reasonableness

2    and good faith, diligence and prudence, to act solely in the interests of Plaintiff and the Class and

3    to treat the Union and non-union members of the Class equally and impartially.

4         53.    The Trustees control substantial Royalties that are owed by statute, the

5    implementing regulations, the Trust Agreement, and applicable law to Plaintiff and the Class. This

6    money belongs to Plaintiff and the Class, not to the Fund or the Trustees. Furthermore, Plaintiff

7    and the Class reasonably expect that the Trustees will in the future collect additional Royalties

8    owed to them and the Trustees will likewise fail to distribute those Royalties to them.

9         54.    As set forth above, by implementing the Service Fee, the Trustees have effectively

10   refused to pay to Plaintiff and the Class the full amount of money owed to them.

11        55.    The Trustees implemented the Service Fee to benefit the Unions to which they are

12   employed and receive financial benefit from.

13        56.    The implementation of the Service Fee constitutes breach by the Trustees of their

14   fiduciary duties of loyalty, reasonableness and good faith, diligence and prudence, and to act

15   solely in the interests of Plaintiff and the Class, who are beneficiaries of the Fund. The Trustees'

16   conduct is under significant conflict of interest and damages the interests of the Union and non-

17   union non-featured performers. The conduct of the Trustees in implementing the Service Fee also

18   breaches their fiduciary duty to treat all members impartially without regard to union membership.

19   The Trustees' breaches of their fiduciary duties have proximately caused damages to Plaintiff and

20   the Class in the amount of the Royalties owed to but not paid to them, which upon information and

21   belief, exceeds millions of dollars to date and continues to accrue to Plaintiff's and the Class's

22   detriment.

23        57.    Defendants' conduct as described herein was done with a conscious disregard of

24   the rights of Plaintiff and Class Members, with the intent to vex, annoy, and/or harass them and to

25   unjustly profit at their expense. Such conduct was unauthorized and constitutes oppression, fraud,

26   and/or malice under California Civil Code § 3294, entitling Plaintiff and the Class Members to an

27   award of punitive damages in an amount to punish or set an example of the Defendants in an

28   amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**Money Had and Received**

(Against All Defendants On Behalf of Plaintiff and the Class)

58.     Plaintiff incorporates the preceding and subsequent allegations as if fully set forth herein.

59.     As stated above, in their official capacities, the Trustees and the Unions have received and currently retain Royalties belonging to Plaintiff and the Class which, upon information and belief, is in excess of $5,000,000.00 million and continues to accrue. The Trustees and the Unions have benefitted from receipt of that money. The Royalties collected belong to Plaintiff and the Class, not to the Unions.

60.     The Trustees and the Unions are indebted to Plaintiff and the Class for their rightful share of the money had and received by the Trustees and the Unions for the benefit and use of Plaintiff and the Class.

**THIRD CAUSE OF ACTION**

**Declaratory Relief**

(Against All Defendants On Behalf of Plaintiff and the Class)

61.     Plaintiff incorporates the preceding and subsequent allegations as if fully set forth herein.

62.     The Trustees are obligated to distribute 100% of the Royalties received to beneficiaries of the Trust. Instead, the Trustees have diverted three percent of the funds to the Unions to the detriment of Plaintiff and the Class.

63.     Plaintiff and the Class have no adequate remedy at law.

64.     By reason of the foregoing, there is a present and existing controversy by and between Plaintiff and the Class, on one hand, and the Unions and the Trustees, on the other hand, with respect to which this Court should enter a declaratory judgment determining that the statutory scheme prohibits the Trustees from diverting three percent of the Royalties collected to the Unions, and declare the Data Purchase and Services Agreement void and unenforceable.

**FOURTH CAUSE OF ACTION**

**Conversion**

(Against All Defendants On Behalf of Plaintiff and the Class)

65.     Plaintiff incorporates the preceding and subsequent allegations as if fully set forth herein.

66.     At all relevant times, Plaintiff and the Class had ownership rights in, or the right to possess, specific sums of the Fund's collections. These specific sums are capable of identification through an accounting of the Fund's records.

67.     The Unions and the Trustees of the Fund have wrongfully exercised control over Plaintiff and Class Members' rights in the Fund.

68.     The Unions and the Trustees intentionally and substantially interfered with Plaintiff's and Class Members' rights by implementing a Service Fee which prevented Plaintiff and the Class from accessing the full amount of their rightful property. This is especially true for non-Union Class Members who receive no benefits from Union membership.

69.     Plaintiff and the Class did not consent to the Defendants' actions as described above.

70.     Plaintiff and the Class suffered harm through the Defendants' actions.

71.     The Defendants' conduct was a substantial factor in causing Plaintiff's and Class Members' harm.

72.     By reason of the foregoing, Plaintiff and Class Members have suffered damages in an amount to be determined at trial. Plaintiff and Class members are entitled to actual damages sustained as a result of the Trustee's wrongful acts, including an award sufficient to compensate Plaintiff and Class Members for all harm suffered as a result of the Defendants' conduct, and punitive damages.

73.     Defendants' conduct as described herein was done with a conscious disregard of the rights of Plaintiff and Class Members, with the intent to vex, annoy, and/or harass them and to unjustly profit at their expense. Such conduct was unauthorized and constitutes oppression, fraud, and/or malice under California Civil Code § 3294, entitling Plaintiff and the Class Members to an

13                          CLASS ACTION COMPLAINT

1   award of punitive damages in an amount to punish or set an example of the Defendants in an

2   amount to be determined at trial.

3                           **PRAYER FOR RELIEF**

4          WHEREFORE, Plaintiff prays for judgment as follows:

5                 a.      For an order certifying this action as a class action pursuant California Code

6   of Civil Procedure § 382 and appointing Plaintiff as the representative of the Class and his counsel

7   as Class Counsel;

8                 b.      A declaration that Defendants are financially responsible for notifying all

9   Class Members that the Service Fee was unauthorized;

10                c.      An injunction requiring the Trustees to cease collection of the Service Fee

11  on all future distribution cycles;

12                d.      An injunction prohibiting any further dissemination of monies from the

13  Fund to the Unions for the Service Fee or any other purpose unless specifically authorized by law;

14                e.      An award to Plaintiff and the Class of damages in an amount to be proven at

15  trial;

16                f.      An award of punitive damages on the Breach of Fiduciary Duty and

17  Conversion causes of action;

18                g.      Judgment against the Trustees in their individual capacities requiring them

19  to reimburse the Fund for any of its assets they used in unsuccessfully defending the breach of

20  fiduciary claims against them;

21                h.      Judgment awarding Plaintiff's counsel reimbursement of their costs and

22  expenses and reasonable attorneys' fees;

23                i.      For an order awarding Plaintiff's pre-judgment and post-judgment interest;

24                j.      For an order awarding Plaintiff's reasonable attorney fees and costs of suit,

25  including expert witness fees, as allowed by law; and

26                k.      For an order awarding such other and further relief as this Court may deem

27  just and proper.

28

CLASS ACTION COMPLAINT

DATED:  June 22, 2018

Respectfully submitted,

KIESEL LAW LLP

By: _____
    PAUL R. KIESEL
    MARIANA A. MCCONNELL
    Attorneys for Plaintiff and the Class

JOHNSON & JOHNSON LLP

By: _____
    NEVILLE L. JOHNSON
    JORDANNA G. THIGPEN
    Attorneys for Plaintiff and the Class

15                    CLASS ACTION COMPLAINT

**JURY DEMAND**

Plaintiff demands a trial by jury for all issues so triable.

DATED:  June 22, 2018                     Respectfully submitted,


KIESEL LAW LLP


By: _____
PAUL R. KIESEL
MARIANA A. MCCONNELL
Attorneys for Plaintiff and the Class


JOHNSON & JOHNSON LLP


By: _____
NEVILLE L. JOHNSON
JORDANNA G. THIGPEN
Attorneys for Plaintiff and the Class

16                                         CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Neville L. Johnson (SBN 66329) / Douglas L. Johnson (SBN 209216)<br>Jordanna G. Thigpen (SBN 232642)<br>Johnson & Johnson LLP<br>439 North Canon Drive, Suite 200, Beverly Hills, California 90210<br>TELEPHONE NO.: (310) 975-1080   FAX NO.: (310) 975-1095<br>ATTORNEY FOR *(Name)*: Plaintiff, Kevin Risto | FOR COURT USE ONLY<br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**JUN 22 2018**<br>Sherri R. Carter, Executive Officer/Clerk of Court<br>By _Britny Smith_ Deputy<br>Britny Smith |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME:  Stanley Mosk Courthouse

CASE NAME:
Risto v. SAG-AFTRA et al.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC710739**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify)*: 4
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 22, 2018
Jordanna G. Thigpen
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**ORIGINAL**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

| SHORT TITLE: Risto v. SAG-AFTRA et al. | CASE NUMBER BC 710739 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I**. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 8-10 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

ORIGINAL

| SHORT TITLE: Risto v. SAG-AFTRA et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Risto v. SAG-AFTRA et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

| SHORT TITLE: Risto v. SAG-AFTRA et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☑4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>5757 Wilshire Boulevard, 7th Floor |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>California | ZIP CODE:<br>90036 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___County___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___June 22, 2018___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Screen Actors Guild-American Federation of Television and Radio
Radio Artists, a Delaware Corporation; **(Additional Parties Attachment form is attached.)**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kevin Risto, on behalf of himself and all others similarly situated,

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

**JUN 22 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By _Britny Smith_ , Deputy
Britny Smith

</td></tr>
</table>

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*

**BC 710739**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Neville L. Johnson, Johnson & Johnson LLP, 439 N. Canon Dr., Suite 200, Beverly Hills, CA 90210

DATE: **JUN 22 2018**           Clerk, by _Britny Smith_ , Deputy
*(Fecha)*     SHERRI R. CARTER     *(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**ORIGINAL**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Risto v. SAG-AFTRA et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; STEFANIE TAUB, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; JON JOYCE, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; BRUCE BOUTON, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; and DOE DEFENDANTS 1-10,

Page  1  of  1

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**