JENNER & BLOCK LLP
Andrew J. Thomas (Cal. Bar No. 159533)
ajthomas@jenner.com
Andrew G. Sullivan (Cal. Bar No. 301122)
agsullivan@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

JENNER & BLOCK LLP
Kenneth L. Doroshow (admitted *pro hac vice*)
kdoroshow@jenner.com
Devi M. Rao (admitted *pro hac vice*)
drao@jenner.com
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6000
Facsimile:  (202) 639-6066

*Attorneys for All Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR., an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA | Case No. 2:18-cv-07241-CAS-PLA<br><br>Class Action<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; STEFANIE TAUB, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; JON JOYCE, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; BRUCE BOUTON, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; and DOE DEFENDANTS 1-10,

   Defendants.

Defendants Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA"), American Federation of Musicians of the United States and Canada ("AFM"), Raymond M. Hair, Jr., Tino Gagliardi, Duncan Crabtree-Ireland, Stefanie Taub, Jon Joyce, and Bruce Bouton (collectively, "Defendants"), by and through their attorneys, hereby answer Plaintiff's First Amended Complaint (the "Complaint") and state as follows:

## FACTUAL BACKGROUND

1. The first two sentences of Paragraph 1 of the Complaint constitute Plaintiff's characterization of federal law and otherwise state legal conclusions to which no response is required. Defendants respectfully refer the Court to the statutory provisions cited in Paragraph 1 for a complete statement of their contents. Defendants deny the allegations in the third sentence of Paragraph 1.

2. Paragraph 2 of the Complaint contains Plaintiff's characterization of federal law and otherwise states legal conclusions to which no response is required. Defendants respectfully refer the Court to the statutory provisions cited in Paragraph 2 for a complete statement of their contents.

3. Paragraph 3 of the Complaint contains no factual allegations and accordingly no response is required.

4. Paragraph 4 of the Complaint contains Plaintiff's characterization of federal law and otherwise states legal conclusions to which no response is required. Defendants respectfully refer the Court to the statutory provisions cited in Paragraph 4 for a complete statement of their contents.

5. Defendants admit that the AFM & SAG-AFTRA Intellectual Property Rights Distribution Fund (the "Fund") is a section 501(c)(6) not-for-profit organization whose purpose is to collect and distribute royalties from various foreign territories as well as royalties established by federal statute under U.S. Copyright Law to certain vocalists and musicians. Except as so admitted, Defendants deny the allegations in Paragraph 5 of the Complaint.

1
ANSWER TO FIRST AMENDED COMPLAINT

6. Paragraph 6 of the Complaint contains Plaintiff's characterization of federal law and otherwise states a legal conclusion to which no response is required. Defendants respectfully refer the Court to the statutory provisions cited in Paragraph 6 for a complete statement of their contents.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in the first sentence of Paragraph 8 of the Complaint. The second sentence of Paragraph 8 contains no factual allegations and accordingly no response is required.

9. Defendants deny the allegations in the first sentence of Paragraph 9 of the Complaint. Defendants admit that the Trustees are not paid any salary by the Fund for their service as Trustees. The remaining allegations in Paragraph 9 state legal conclusions to which no response is required.

10. Paragraph 10 of the Complaint contains Plaintiff's characterization of a document which is the best evidence of its own terms. Paragraph 10 also states legal conclusions to which no response is required. To the extent any response is required, Defendants admit that the Trustees of the Fund owe fiduciary duties to the Fund participants, and Defendants deny the remaining allegations in Paragraph 10.

11. Defendants admit that the Fund entered into a Data Purchase and Services Agreement (the "Services Agreement") dated July 22, 2013. To the extent Paragraph 11 of the Complaint purports to quote the Services Agreement, the document itself is the best evidence of its terms. Accordingly, no further response is required to Paragraph 11.

12. Paragraph 12 of the Complaint contains no factual allegations and accordingly no response is required.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants admit that the fee implemented by the Services Agreement (the "Services Fee") is an expense item deducted from the Fund. Except as so admitted, Defendants deny the allegations in Paragraph 14 of the Complaint.

1    15.    Defendants deny the allegations in Paragraph 15 of the Complaint.

2    16.    Defendants admit that under the Services Agreement, AFM and SAG-AFTRA (the "Unions") provide certain information and services for the benefit of the Fund. Except as so admitted, Defendants deny the allegations in Paragraph 16 of the Complaint.

6    17.    Defendants deny the allegations in Paragraph 17 of the Complaint.

7    18.    Defendants deny the allegations in Paragraph 18 of the Complaint.

8    19.    Defendants deny the allegations in Paragraph 19 of the Complaint.

9    20.    Defendants deny the allegations in Paragraph 20 of the Complaint.

10   21.    Defendants deny the allegations in Paragraph 21 of the Complaint.

11   22.    Defendants deny the allegations in Paragraph 22 of the Complaint.

12   23.    Paragraph 23 characterizes the relief sought by Plaintiff on behalf of himself and the putative class he seeks to represent. No responsive pleading is necessary in response to Plaintiff's request for relief. To the extent a response is required, Defendants deny that Plaintiff and the putative class are entitled to the relief sought, and further assert that judgment should be entered in Defendants' favor.

## JURISDICTION AND VENUE

24.    Defendants admit that the United States District Court for the Central District of California has jurisdiction over this action. Defendants further admit that the Fund has offices in Valley Village, California and conducts activities in California. Except as so admitted, Defendants deny the allegations in Paragraph 24 of the Complaint.

25.    Defendants admit the allegations in Paragraph 25 of the Complaint.

26.    Defendants admit that venue is proper in the Central District of California. Except as so admitted, Defendants deny the allegations in Paragraph 26 of the Complaint.

# PARTIES

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, deny such allegations.

28. Defendants admit the allegations in Paragraph 28 of the Complaint.

29. Defendants admit the allegations in Paragraph 29 of the Complaint.

30. Defendants admit that Raymond M. Hair, Jr. is a Trustee of the Fund and that he is the President of AFM. Except as so admitted, Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants admit the allegations in Paragraph 31 of the Complaint.

32. Defendants admit the allegations in Paragraph 32 of the Complaint.

33. Defendants admit that Stefanie Taub is a resident of the State of California, that she is a former Trustee of the Fund, and that she currently serves as Chief Executive Officer of the Fund. Except as so admitted, Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants admit the allegations in Paragraph 34 of the Complaint.

35. Defendants admit that Bruce Bouton is a Trustee of the Fund. Except as so admitted, Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains no factual allegations and accordingly no response is required.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, deny such allegations.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

# CLASS ACTION ALLEGATIONS

39. Defendants admit that Plaintiff purports to bring this action on behalf of himself and certain putative class members. Defendants deny the remaining

1 allegations of Paragraph 39 of the Complaint and further deny that class certification
2 is appropriate.

3     40.    Defendants admit that Plaintiff purports to bring this action on behalf
4 of himself and certain putative class members. Defendants deny the remaining
5 allegations of Paragraph 40 of the Complaint and further deny that class certification
6 is appropriate.

7     41.    Paragraph 41 of the Complaint consists of legal conclusions to which
8 no response is required. To the extent a response is required, Defendants deny the
9 allegations in Paragraph 41.

10     42.    Paragraph 42 of the Complaint consists of legal conclusions to which
11 no response is required. To the extent a response is required, Defendants deny the
12 allegations in Paragraph 42.

13     43.    Paragraph 43 of the Complaint consists of legal conclusions to which
14 no response is required. To the extent a response is required, Defendants deny the
15 allegations in Paragraph 43.

16     44.    Paragraph 44 of the Complaint consists of legal conclusions to which
17 no response is required. To the extent a response is required, Defendants deny the
18 allegations in Paragraph 44.

19     45.    Paragraph 45 of the Complaint consists of legal conclusions to which
20 no response is required. To the extent a response is required, Defendants deny the
21 allegations in Paragraph 45.

22     46.    Paragraph 46 of the Complaint consists of a legal conclusion to which
23 no response is required. To the extent a response is required, Defendants deny the
24 allegations in Paragraph 46.

25     47.    Paragraph 47 contains no factual allegations against Defendnats and
26 accordingly no response is required.

27 **TOLLING AND ESTOPPEL**

28     48.    Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains Plaintiff's characterization of contents of the Annual Reports, which documents themselves are the best evidence of their terms. To the extent any response is required, Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

## FIRST CAUSE OF ACTION

### Breach of Fiduciary Duty for Implementing Service Fee

55. In response to Paragraph 55 of the Complaint, Defendants repeat and incorporate, as if set forth fully herein, their responses set forth in the preceding paragraphs of this Answer.

56. Defendants admit that the Trustees of the Fund owe fiduciary duties to the Fund participants. The remaining allegations in Paragraph 56 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 56.

57. Defendants admit that the Trustees owe fiduciary duties to the Fund participants and that some Fund participants are not members of AFM or SAG-AFTRA. Except as so admitted, Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

## SECOND CAUSE OF ACTION
## Money Had and Received

64. In response to Paragraph 64 of the Complaint, Defendants repeat and incorporate, as if set forth fully herein, their responses set forth in the preceding paragraphs of this Answer.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

## THIRD CAUSE OF ACTION
## Declaratory Relief

67. In response to Paragraph 67 of the Complaint, Defendants repeat and incorporate, as if set forth fully herein, their responses set forth in the preceding paragraphs of this Answer.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

## FOURTH CAUSE OF ACTION
## Conversion

71. In response to Paragraph 71 of the Complaint, Defendants repeat and incorporate, as if set forth fully herein, their responses set forth in the preceding paragraphs of this Answer.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

## PRAYER FOR RELIEF

No responsive pleading is necessary in response to Plaintiff's prayer for relief. To the extent a responsive pleading is required, Defendants deny that Plaintiff and the putative class are entitled to the relief sought, and assert that judgment should be entered in Defendants' favor.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants further plead the following separate and additional defenses. Defendants' assertion of the following defenses does not shift the burden of proof, and Defendants do not in any way agree or concede that they have the burden of proof or persuasion as to any of these issues. Defendants reserve the right to assert such additional affirmative defenses as discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Compliance with Applicable Laws)

Plaintiff's claims are barred, in whole or in part, because implementation of the Service Fee complies with 17 U.S.C. § 114(g) and other applicable laws.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to exhaust available administrative remedies prior to filing suit.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and acquiescence.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Punitive Damages – Cal. Civil Code § 3294)

Neither Plaintiff nor the putative class is entitled to recover punitive or exemplary damages because Plaintiff has failed to allege and cannot establish facts sufficient to show that Defendants are guilty of oppression, fraud or malice within the meaning of Section 3294 of the California Civil Code.

## SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages – Due Process)

Any award of punitive or exemplary damages to Plaintiff or the putative class would violate the constitutional rights of Defendants under the United States and California Constitutions, including but not limited to the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury alleged herein; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue herein, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue herein is not sufficiently reprehensible to warrant the imposition of punitive or exemplary damages; and (4) the criteria for the imposition of punitive or exemplary damages

herein are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

Dated: December 4, 2018                    JENNER & BLOCK LLP


/s/ Andrew J. Thomas
Andrew J. Thomas
Kenneth L. Doroshow
Devi M. Rao
Andrew G. Sullivan

*Attorneys for All Defendants*