JENNER & BLOCK LLP
Andrew J. Thomas (Cal. Bar No. 159533)
ajthomas@jenner.com
Andrew G. Sullivan (Cal. Bar No. 301122)
agsullivan@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

JENNER & BLOCK LLP
Devi M. Rao (admitted *pro hac vice*)
drao@jenner.com
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6000
Facsimile:  (202) 639-6066

*Attorneys for All Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR., an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA | Case No. 2:18-cv-07241-CAS-PLA<br><br>Class Action<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>[Filed concurrently with: Declaration of Andrew J. Thomas In Support of Leave to File Under Seal; Documents Proposed to be Filed Under Seal; and [Proposed] Order re Application for Leave to File Under Seal]<br><br>Date:   January 15, 2019<br>Time:  10:00 a.m.<br>Dept.:  780<br>Judge:  Hon. Paul L. Abrams<br><br>Discovery Cut-Off:          Not Scheduled<br>Pre-Trial Conference:      Not Scheduled<br>Trial Date:                        Not Scheduled |

| | |
|---|---|
| 1 | Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; STEFANIE TAUB, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; JON JOYCE, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; BRUCE BOUTON, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; and DOE RESPONDING PARTY 1-10, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | Responding Party. |

## I. Introduction and Background

Pursuant to Local Rule 79-5, Defendants Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA"), American Federation of Musicians of the United States and Canada ("AFM"), Raymond M. Hair, Jr., Tino Gagliardi, Duncan Crabtree-Ireland, Stefanie Taub, Jon Joyce, and Bruce Bouton (collectively, "Defendants") hereby respectfully request that the Court grant leave to file under seal Exhibits 1 and 2 to the December 17, 2019 Declaration of Mariana McConnell, filed in support of Plaintiff Kevin Risto's opposition to Defendants' Motion to Compel Discovery.  The individual defendants ("Trustee Defendants") are sued in their capacities as current and/or former Trustees of an organization called the AFM & SAG-AFTRA Intellectual Property Rights Distribution Fund (the "Fund"), which distributes certain copyright royalties for the performance of sound recordings to non-featured performers (session musicians and back-up vocalists) on those recordings.

Exhibit 1 contains portions of an internal email exchange in which several Trustee Defendants and senior executives of the Fund discuss a confidential, strategic business decision relating to the manner in which financial information was disclosed to members of the Fund.  Exhibit 2 contains a memorandum that was circulated internally among the Trustee Defendants and senior Fund executives and contains analysis of a business decision.[1]  These materials were produced in discovery by Defendants and, due to the sensitive nature of the documents, were designated as "Confidential" in accordance with the Stipulated Protective Order entered by the Court in this case (Dkt No. 35), a copy of which is attached hereto as **Exhibit A**.  The Protective Order expressly contemplates that materials designated as "Confidential" during discovery may be filed under seal with the Court, consistent with the provisions of Local Rule 79-5.  *See* Ex. A at ¶ 12.

---

[1] Plaintiff's counsel notified Defendants' counsel on December 19, 2019 that they intend to oppose Defendants' sealing request.

1
DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL

Because Exhibits 1 and 2 were produced by private litigants during discovery and are currently attached to the briefing of a non-dispositive discovery motion, they are subject to the lowest presumption of public access. *See Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Accordingly, they should be filed under seal if Defendants can demonstrate good cause. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Good cause exists in this case because these documents involve confidential internal communications regarding strategic business decisions.

Here, the confidential internal materials contained in Exhibits 1 and 2 are barely relevant to the Defendants' Motion to Compel and would be misleading if made available to the public without more context. Plaintiff's counsel's refusal to agree to this routine request to seal discovery documents designated "Confidential" under a Protective Order, in connection with a non-dispositive motion to compel discovery, represents an attempt to hijack the Defendants' motion to compel and use it as a vehicle to gratuitously publish a one-sided, incomplete account of matters related to a central issue in this litigation—namely, the payment of a service fee to SAG-AFTRA and AFM in exchange for access to data on non-featured performers and other services provided by the Unions pursuant to a Data Purchase and Services Agreement entered into in 2013.

The attempt by Plaintiff's counsel to make Defendants' internal strategic discussions public through a discovery motion is unsupported by law and contrary to the spirit of the Protective Order signed by both parties.[2]  Given the confidential nature of these documents, and the non-dispositive nature of this discovery motion, Defendants respectfully request that Exhibits 1 and 2 be filed under seal and protected from public disclosure.

---

[2] Defendants did not find it necessary to attach any documents from either side's document productions in support of its Motion to Compel, which addresses only four requests for production.

2
DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL

## II. There Is A Low Presumption Of Public Access With Respect To The Documents At Issue.

The presumption of public access to court proceedings requires a showing of "compelling reasons" to justify sealing requests with respect to "most judicial records." *See Pintos*, 605 F.3d at 678. This strict standard, however, is *not* applied where—as here—parties request to seal "private materials unearthed during discovery." Such requests are subject to a lower "good cause" standard. *Id.*

The public interest in access to judicial records is even further reduced where—as here—the documents at issue are introduced in connection with a non-dispositive motion. *See id.* ("Nondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials.") (internal quotations omitted). This is particularly true in the case of discovery motions because there is no presumed public right of access to the discovery process or discovery materials. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (discovery is not "a traditionally public source of information"); *Center for Auto Safety*, 809 F.3d at 1097 ("There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process") (internal citation omitted).

The documents at issue in this motion were produced by private litigants during discovery, marked Confidential pursuant to the Stipulated Protective Order governing discovery, and attached as exhibits to the briefing of a non-dispositive discovery motion. Accordingly, they are subject to a very low presumption of public access. As set forth herein, under Ninth Circuit law, these confidential, internal business and strategy communications must be sealed for good cause.

### III. Exhibits 1 and 2 are Confidential Under the Protective Order, which was Entered by the Court for Good Cause.

"When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *see also* Ex. A (Protective Order) at ¶ 1.2 (good cause statement); Dkt. No. 37 (Order Approving Stipulated Protective Order for good cause). Applying a strong presumption in favor of public access to documents that a court *already has determined* should be shielded from the public "would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Phillips*, 307 F.3d at 1213.

In the Stipulated Protective Order, entered by the Court on July 8, 2019, the parties acknowledge that "discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure … may be warranted" and that "valuable commercial, financial, strategic, technical, proprietary and/or personal identifying information" should be protected from public disclosure. *See* Ex. A at ¶¶ 1.1 and 1.2. The Protective Order also lists "information otherwise generally unavailable to the public" as a category of documents subject to protection. *Id.*, ¶ 1.2.

The emails and memorandum appended by Plaintiff fall squarely within these designations. The emails contained in Exhibit 1 discuss confidential "valuable, commercial, financial, strategic" information, and the email chain contains multiple confidentiality disclaimers. *See* Ex. 1 at 3, 4, 5 ("This communication is confidential…. It is intended only for the person(s) to whom it is addressed. If you have received this message in error, please notify the sender immediately and delete this message without reading, copying or forwarding it to

anyone."). Similarly, the memorandum attached in Exhibit 2 provides an analysis of strategic, financial decisions made by the Trustee Defendants in conjunction with senior Fund executives. Neither of these internal Fund documents is otherwise available to the public. These documents were appropriately designated as confidential under the Protective Order and should be protected from public disclosure.

**IV. Exhibits 1 and 2 Should Be Filed Under Seal Because They Contain Internal Strategic Communications And Because They Are Offered To Present The Service Fee In A One-Sided, Incomplete Manner.**

Even if the documents at issue were not already confidential under the Protective Order, good cause exists to file them under seal because they contain confidential internal information dealing with financial and strategic decisions made by the Defendants. The introduction of these documents to the public through their attachment to a non-dispositive motion unrelated to the merits of Plaintiff's claims, and to which Defendant's do not have any reason or meaningful opportunity to present counter-evidence, also would result in a one-sided, incomplete presentation of the Service Fee that would harm Defendants by potentially damaging the Fund's relationship with its members.

District courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips*, 307 F.3d at 1211 (emphasis original). Here, Plaintiff seeks to make public internal emails and a memorandum that were confidentially circulated within the Fund. These communications concern strategic decisions made by the Defendants and contain confidential information that would not otherwise be available to the public.

The pending motion to compel discovery does not discuss the underlying merits of the case, and Defendants are not providing counter-evidence on the merits in this limited motion.  Indeed, Defendants did not find it necessary to attach *any* documents from either side's document productions in support of its Motion to Compel, which addresses only four requests for production.  Therefore, if released without context or counter-evidence, these documents would provide the public with an incomplete record, causing unjustifiable harm to Defendants' business and potentially damaging the relationship between Defendants and the performers who the Fund serves.  *See Sun Microsystems Inc. v. Network Appliance*, 2009 WL 5125817, at *9 (N.D. Cal. Dec. 21, 2009) (good cause exists to seal where "documents contain confidential business information which could cause harm to the parties if publicly disclosed").  *See generally Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978) (judicial records should not be used "as sources of business information that might harm a litigant's competitive standing").

In the email thread contained in Exhibit 1, Defendants discuss financial information, reporting obligations, and strategic analysis regarding how to disclose the Service Fee to Fund participants.  These communications are not otherwise available to the public and are properly subject to sealing.  *See Virtue Glob. Holdings Ltd. v. Rearden LLC*, 2016 WL 11634668, at *3 (N.D. Cal. July 12, 2016) (granting motion to seal in part because business practices were discussed in email thread); *Clark v. Metro. Life Ins. Co*., 2010 WL 1006823, at *1 (D. Nev. Mar. 16, 2010) (granting motion to seal "materials that bring attention to [defendant]'s confidential internal business deliberations, organization, and capabilities").  Furthermore, Exhibit 1 contains portions of an email chain in which the Defendants weigh the merits of various strategic disclosure choices.  This thread was part of a broader discussion among the Defendants, which is necessary to understand the issues under discussion, but which is not relevant to the

Defendants' Motion to Compel.

Exhibit 2 is a memorandum drafted by the former Chief Executive of the Fund, Dennis Dreith, who is now working for Plaintiff as a litigation consultant and appears to have orchestrated this litigation from its inception.  Mr. Dreith's memorandum was prepared when he was Executive Director of the Fund and was distributed among the Fund's Trustees and senior administrators.  The memorandum includes analysis of financial issues, a history of business choices made by the Fund, and a discussion of long-term business strategies. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (internal research reports are sealable under Ninth Circuit law).  The cover letter attached to the memorandum and included in Exhibit 2 explicitly acknowledges that the memorandum deals with a "sensitive matter."  Ex. 2 at 13; *see Aevoe Corp. v. AE Tech. Co.*, 2013 WL 6210648, at *2 (D. Nev. Nov. 27, 2013) (granting motion to seal "sensitive business information").

The memorandum contained in Exhibit 2, if disclosed to the public in isolation, would create a misleading and distorted view of the Fund's internal communications regarding the Service Fee.  Indeed, that would appear to be the Plaintiff's *very purpose* in gratuitously attaching the memorandum to a declaration in opposition to the Motion to Compel.  *See Nixon*, 435 U.S. at 598, 98 (sealing is appropriate when "court files might have become a vehicle for improper purposes").  Regardless of purpose, that certainly will be its effect.  The memorandum reflects Mr. Dreith's criticisms of the Service Fee roughly three years following its implementation.  If given an opportunity to submit counter-evidence, for example in the context of a dispositive motion, Defendants would be able to point to counter-examples of communications evidencing Mr. Dreith's approval of the Service Fee, and his active administration of the Service Fee without objection in the years prior to the drafting of the memorandum contained in Exhibit 2.

If this were a dispositive motion, it would be appropriate for Defendants to introduce competing evidence to discredit Plaintiff's characterization of Mr. Dreith's position regarding the Service Fee when he served as the Fund's Executive Director. But this is not a dispositive motion. This is a motion to compel discovery, limited to a discrete set of just four requests for production, and Defendants are not attaching evidence selected to prove the merits of their theories in the underlying litigation. Releasing one confidential document in isolation to the public, without equal access to a discussion of the merits or contradictory evidence, advances no public interest and serves only to mislead, not to inform. Accordingly, the memorandum and cover letter attached to Exhibit 2 should be filed under seal and protected from public disclosure.

## V. Conclusion

In accordance with the Protective Order that governs discovery in this case and for good cause shown, Defendants respectfully request that the Court grant the application to file Exhibits 1 and 2 under seal.

DATED: December 23, 2019         JENNER & BLOCK LLP

By: /s/ Andrew J. Thomas
    Andrew J. Thomas
    Andrew G. Sullivan

    JENNER & BLOCK LLP
    Devi M. Rao (*pro hac vice*)

    *Attorneys for All Defendants*