Paul R. Kiesel (State Bar No. 119854)
  kiesel@kiesel.law
Mariana A. Mcconnell (State Bar No. 273225)
  mcconnell@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Neville L. Johnson (State Bar No. 66329)
  njohnson@jjllplaw.com
Jordanna G. Thigpen (State Bar No. 232642)
  thigpen@jjllplaw.com
Daniel B. Lifschitz (State Bar No. 285068)
  dlifschitz@jjllplaw.com
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual | **CASE NO. 2:18-CV-07241-CAS-PLA**<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR LEAVE TO FILE UNDER SEAL** |

00551605-1

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
APPLICATION FOR LEAVE TO FILE UNDER
SEAL

1  Property Rights Distribution Fund;
   STEFANIE TAUB, an individual, as
2  Trustee of the AFM and SAG-AFTRA
   Intellectual Property Rights Distribution
3  Fund; JON JOYCE, an individual, as
   Trustee of the AFM and SAG-AFTRA
4  Intellectual Property Rights Distribution
   Fund; BRUCE BOUTON, an
5  individual, as Trustee of the AFM and
   SAG-AFTRA Intellectual Property
6  Rights Distribution Fund; and DOE
   DEFENDANTS 1-10,
7
              Defendants.
8

## I.   INTRODUCTION

On July 5, 2019, the parties entered into a Stipulated Protective Order ("Protective Order"), adopted from the Court's preferred form order. The Protective Order provides that "the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles." The Protective Order requires a party to follow the procedures of Civil Local Rule 79-5 to seek permission from the Court to file material under seal.

Defendants cannot satisfy either the "compelling reasons" or "good cause" standards for sealing Exhibits 1 and 2 to the Declaration of Mariana A. McConnell. Defendants' Application for Leave to File Under Seal [Dkt. No. 40] ("Application") does not attempt to argue that Defendants can meet the "compelling reasons" standard. Instead, Defendants point to the Stipulated Protective Order to argue that because there was "good cause" for Court to issue a Protective Order, there is "good cause" to seal any discovery filed in opposition to Defendants' Motion to Compel. The fact that the Court has entered the Protective Order and that Defendants' have designated [the majority of] their documents as confidential does not, standing alone, establish sufficient grounds to seal a filed document. See *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus.*,

1   *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *Realtime Data LLC v.*

2   *Teradata Operations, Inc.*, No. CV 16-2743 AG (FFMx), 2016 U.S. Dist. LEXIS

3   193263, at *2-4 (C.D. Cal. May 3, 2016) ("sometimes parties will proclaim that all

4   documents designated 'confidential' must be covered by a protective order, and

5   then later argue that these documents are confidential because they are covered by

6   the order. This circular reasoning leads to situations where parties never actually

7   explain why any documents should be withheld from the public.").

8       Pursuant to Local Rule 79-5.2.2(b)(i), the party seeking to seal must submit a

9   declaration establishing good cause or demonstrating compelling reasons why the

10  strong presumption of public access in civil cases should be overcome. Defendants

11  have failed to do so. Indeed, "failure to file a declaration… may be deemed

12  sufficient grounds for denying the Application." Local Rule 79-5.2.2(b)(i).

13  Defendants' Application should be denied on this basis alone.

14      Defendants' Application ignores the importance of the exhibits in relation to

15  the arguments set forth in Defendants' portion of the Joint Stipulation [Dkt. No.

16  44]. Because the Defendants have put forth an unfounded and wildly speculative

17  argument in order to compel the production of irrelevant documents, and has done

18  so as part of a collateral attack on class certification, it is necessary for Plaintiff to

19  point to specific facts in the record to present a complete opposition. There is no

20  good cause to seal the exhibits, as Defendants have not, and cannot, present any

21  "particularized showing of good cause" or prejudice or harm. *In re Midland Nat'l*

22  *Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

23  **II.   LEGAL STANDARD**

24      "Historically, courts have recognized a 'general right to inspect and copy

25  public records and documents, including judicial records and documents.'"

26  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1122, 1178 (quoting *Nixon v.*

27  *Warner Commcn's Inc.,* 435 U.S. 589 (1978)). There is a "strong presumption in

28  favor of access" to court records except for those traditionally kept secret, such as

1  grand jury transcripts and warrant materials. *Id.* (citing *Foltz,* 331 F.3d at 1135); *see*

2  *also Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294

3  (9th Cir. 1986) ("[P]romoting the public's understanding of the judicial process and

4  of significant public events justify creating a 'strong presumption' in favor of ...

5  access."). A party seeking to seal a document filed with the court must therefore (1)

6  comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor

7  of access" that applies to all documents filed as part of litigation. *Id*. at 1178.

8  Civil Local Rule 79-5 makes clear that a confidentiality designation pursuant

9  to a protective order "is not sufficient justification for filing under seal[.]" Civil

10  L.R. 79-5.2.2(a)(i), Rather, a person seeking to file such documents under seal must

11  comply with L.R. 79-5.2.2(b)," *id.,* which requires a declaration "showing good

12  cause or demonstrating compelling reasons why the strong presumption of public

13  access in civil cases should be overcome, with citations to the applicable legal

14  standard." Civil L.R. 79-5.2.2(b)(i). The "compelling reasons" standard requires a

15  showing of "compelling reasons supported by specific factual findings ... [which]

16  outweigh the general history of access and the public policies favoring disclosure."

17  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). (quoting

18  *Kamakana*, 447 F.3d at 1178-79). If, after balancing the interests of the public and

19  the party seeking to keep certain judicial records secret, "the court decides to seal

20  certain judicial records, it must 'base its decision on a compelling reason and

21  articulate a factual basis for its ruling, without relying on hypothesis or conjecture.'"

22  *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

23  Where the information in question is attached to a "non-dispositive" motion,

24  courts apply a lower "good cause" standard from Rule 26(c). "[A]s the private

25  interests of the litigants are 'the only weights on the scale'" under these

26  circumstances, application of the good cause standard from Rule 26(c) "makes

27  sense." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-98 (9th

28  Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1180). The "good cause" standard,

4

although less exacting than the "compelling reasons" standard, nevertheless requires more than "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Beckman*, 966 F.2d at 476 (citation omitted). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

   "[T]he key in determining which standard to apply" to a given motion to seal "is … whether the motion is more than tangentially related to the merits of a case." *Macias v. Cleaver*, No. 1:13-cv-01819-BAM, 2016 U.S. Dist. LEXIS 85529, at *8-9 (E.D. Cal. June 30, 2016) (quotes and internal citations omitted). A court may not simply mechanically label motions "dispositive" or "nondispositive." *See Ctr. for Auto Safety,* 809 F.3d at 1098-99 (emphasizing that "plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative of the merits of a case"); *Whitecryption Corp. v. Arxan Techs., Inc.*, No. 15-cv-00754-WHO, 2016 U.S. Dist. LEXIS 31108, at *3 (N.D. Cal. Mar. 9, 2016) (applying compelling reasons standard to motions to file amended complaints).

   **III.   ARGUMENT**

   **a.   The Discovery Dispute is More Than Tangentially Related to the Underlying Causes of Action**

   Defendants argue that the documents they seek to seal are "subject to a very low presumption of public access" because they "were produced by private litigants during discovery, marked Confidential pursuant to the Stipulated Protective Order governing discovery, and attached as exhibits to the briefing of a non-dispositive discovery motion." See Dkt. 44 at 3:21-25. However, "[w]hen discovery material is filed with the court, [] its status changes," triggering "the public policy reasons behind a presumption of access to judicial documents ..." *Foltz*, 331 F.3d at 1134 (quoting *Phillips*, 307 F.3d at 1213). The documents Defendants seek to seal are not part of an isolated discovery dispute, but an ongoing challenge to Plaintiff's fitness

1  to represent the Class, and therefore implicates the merits of class certification. *See*

2  *Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp.*, No. CV 14-8390 DMG

3  (PLAx), 2016 U.S. Dist. LEXIS 185659, at *5 (C.D. Cal. Mar. 24, 2016)

4  (documents relating to class certification "involve[] issues that are 'more than

5  tangentially related to the merits of the case[]'"); *Algarin v. Maybelline, Ltd. Liab.*

6  *Co.*, No. 12cv3000 AJB (DHB), 2014 U.S. Dist. LEXIS 23882, at *6 (S.D. Cal.

7  Feb. 21, 2014) (where class certification will "affect whether or not the litigation

8  proceeds," compelling reasons must be demonstrated for sealing the record).

9       In order to justify their requests for production, Defendants' portion of the

10  Joint Stipulation contains many wild accusations with no citation to the record.

11  Indeed, Defendants even posit that Mr. Dreith and Ms. Hoffman are "seeking to

12  profit from a lawsuit that attacks the very Service Fee that they personally

13  implemented, administered and supported as former top officers of the Fund and

14  that, if successful, would result in a judgment that Mr. Dreith and Ms. Hoffman

15  breached their own fiduciary duties as executives of the Fund." See Dkt. 44, p. 5-6.

16  Plaintiffs' exhibits unravel that theory, and are necessary to show that Defendants'

17  conspiracy theory in support of its motion to compel is unwarranted and unjustified.

18  Plaintiff's exhibits demonstrate that there is no relevance to Defendants' discovery

19  requests and no basis upon which to challenge Plaintiff's adequacy as a class

20  representative, which goes to the core of the merits of Plaintiff's case. Because this

21  motion to compel and the arguments sets forth therein are "strongly correlative of

22  the merits of a case" as set forth in *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

23  Defendants must be required to show compelling reasons why the strong

24  presumption of public access in civil cases should be overcome, with citations to

25  the applicable legal standard. Defendants have not attempted to do so.

26       **b.**    **Defendants' Cannot Meet the Good Cause Standard**

27       Even if Defendants' Application were governed by the "good cause" standard

28  for sealing, it would still fail. "A party asserting good cause bears the burden, for

6

each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130 (citing *Phillips*, 307 F.3d at 1211 ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the [good cause] test." *Beckman Indus.*, 966 F.2d at 476; *see In re Rocket Fuel Inc. Sec. Litig.*, No. 14-cv-03998-PJH, 2017 U.S. Dist. LEXIS 9921, at *17 (N.D. Cal. Jan. 24, 2017) ("With a few exceptions, the information sought to be sealed, while perhaps embarrassing to Rocket Fuel, is not information that, if made public, would reveal Rocket Fuel's trade secrets or give their competitors an unfair advantage."); 3B Med., Inc. v. ResMed Corp., No. 16-CV-2050-AJB-JMA, 2016 U.S. Dist. LEXIS 163037, at *8 (S.D. Cal. Oct. 11, 2016) (rejecting applicant's request to seal "emails concerning general business discussions between ResMed executives" that "do not include information concerning ResMed's pricing strategy, contract negotiations, or revenue forecasts" and therefore would not cause specific harm if disclosed).

Defendants are moving to compel four requests for production of documents that seek documents not relevant to the underlying case. In support of that motion, Defendants set forth a speculative argument with no basis in the evidence. Then, when Plaintiff sets forth his argument in opposition to Defendants' motion, pointing to documents produced in the action, Defendants claim that the exhibits could be "potentially damaging" to them and should therefore be sealed. Dkt. 40 at 5. The "harm" that Defendants are claiming to support their sealing motion is not protected by the law. There are no trade secrets at issue in the exhibits, the only thing apparent from the exhibits is that Defendants' recitation of the facts is wrong.

Exhibit 1 to the Declaration of Mariana A. McConnell contains portions of an email exchange where the Defendants confirm a plan to conceal the disclosure of the Service Fee. This is not a confidential business decision; it is merely

1    confirmation of the course of action which gives rise to this action. Exhibit 2

2    contains a memorandum which sets forth Mr. Dreith's concerns about the Service

3    Fee, which are confirmed and have already been made public by the filing of this

4    action. The information contained in these two exhibits is not confidential and does

5    not contain any sensitive information. Defendants have not explained how any of

6    the information contained in the exhibits would specifically harm or prejudice them,

7    let alone explained how the disclosure of this information would result in harm.

8         Judge Stanton, in *Urakhchin v. Allianz Asset Mgmt. of Am.*, L.P.2017 U.S.

9    Dist. LEXIS 73680, denied an Application for Leave to File Materials Under Seal

10   with analogous facts. In that case, defendants argued that committee agendas and

11   minutes, as well as emails among committee members, would "affect Defendants'

12   relationships with service providers." *Id.* at *6. The Court found that Defendants'

13   allegations were too broad and vague to satisfy the good cause standard and that

14   "the mere fact that information is not generally known to third parties does not

15   necessarily mean that disclosure will result in harm." *Id.* at *8. As with the emails

16   attached as Exhibit 1, the emails in the *Urakhchin* case do "not appear to contain

17   detailed analysis or insight into Committee activities that could be used against

18   Defendants in the future," and Defendants have provided no explanation to the

19   contrary sufficient to carry their burden. *Id.* at *9; *see also Copart, Inc. v. Sparta*

20   *Consulting, Inc.,* No. 2:14-cv-00046-KJM-CKD, 2016 U.S. Dist. LEXIS 72269, at

21   *5 (E.D. Cal. June 1, 2016) ("[Defendant] has not explained how it would be

22   harmed other than to provide a boilerplate explanation for each exhibit"); *Santos v.*

23   *TWC Admin. LLC*, No. CV 13-04799 MMM (CWx), 2014 U.S. Dist. LEXIS

24   197469, at *11 (C.D. Cal. May 27, 2014) ("While the court can make certain

25   assumptions as to why defendants believe the compensation plans are proprietary,

26   its assumptions do not constitute evidence or serve as the necessary showing.").

27        Finally, Defendants argue that Plaintiff is using the discovery motion to

28   publish a "one-sided, incomplete account of matters related to a central issue in this

litigation." As stated above, Plaintiff cites to the exhibits to oppose the unfounded arguments posited by Defendants in support of *their* motion. Yet, if Defendants argue that Plaintiff has mischaracterized the exhibits, and that Defendants could be harmed by the characterization, that argument actually counsels *in favor* of the public disclosure of the underlying documents. *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 138473, at *4-6 (N.D. Cal. Aug. 15, 2019) ("If Plaintiffs have indeed mischaracterized the substance of Bosch's internal documents, then public disclosure of the documents will benefit Bosch. For if the documents are not sealed, members of the public can examine them and judge for themselves whether Plaintiffs' characterizations are accurate. Bosch's concern, then, counsels in favor of keeping the exhibits publicly available and does not constitute 'good cause' for sealing them.")

## IV.   CONCLUSION

Because Defendants have failed to submit a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, the Application should be summarily denied. If the Court does not deny the Application based solely on the failure to submit an appropriate declaration, the Court should deny Defendants' Application on the basis that it does not sufficiently specify how any of the information in the exhibits to be sealed would harm or prejudice the Defendants if disclosed.

DATED:  December 24, 2019          **KIESEL LAW LLP**

By:    /s/ *Mariana A. McConnell*
     PAUL R. KIESEL
     MARIANA A. MCCONNELL

**JOHNSON & JOHNSON LLP**
     NEVILLE L. JOHNSON
     JORDANNA G. THIGPEN
     DANIEL B. LIFSCHITZ

*Attorneys for Plaintiff and the Class*