JENNER & BLOCK LLP
Andrew J. Thomas (SBN 159533)
 *ajthomas@jenner.com*
Andrew G. Sullivan (SBN 301122)
 *agsullivan@jenner.com*
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for Defendants*

KIESEL LAW LLP
Paul R. Kiesel (SBN 119854)
 *kiesel@kiesel.law*
Mariana A. McConnell (SBN 273225)
 *mcconnell@kiesel.law*
Nico L. Brancolini (SBN 318237)
 *brancolini@kiesel.law*
8648 Wilshire Boulevard
Beverly Hills, California 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

JOHNSON & JOHNSON LLP
Neville L. Johnson (SBN 66329)
 *njohnson@jjllplaw.com*
Daniel B. Lifschitz (SBN 285068)
 *dlifschitz@jjllplaw.com*
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095

*Attorneys for Plaintiff and Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR., an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; | **Case No. 2:18-cv-07241-CAS-PLA**<br><br>Class Action<br><br>**JOINT STIPULATION TO SET REMOTE DEPOSITION PROTOCOL**<br><br>Complaint filed: June 22, 2018<br><br>Amended Complaint filed: November 11, 2018 |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13 | TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; STEFANIE TAUB, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; JON JOYCE, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; BRUCE BOUTON, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; and DOE RESPONDING PARTY 1-10,<br><br>     Responding Party. |

WHEREAS, on March 19, 2020, Governor Newsom ordered all residents of California to stay home except "as needed to maintain continuity of operations of the federal critical sectors" in an effort to minimize the spread of COVID-19.

WHEREAS, the United States District Court for the Central District of California has also implemented the use of videoconferencing for hearings and other Court business as set forth in General Orders 20-03, 20-05, 20-08, among other orders.

WHEREAS, counsel for Plaintiff and Defendants (collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions via remote means during the COVID-19 pandemic, and until such time as the State of California and other relevant governmental units have lifted restrictions that prevent the taking of depositions in person at a single location.

NOW THEREFORE, the Parties stipulate to the following procedures for conducting a deposition by remote means pursuant to FRCP 30(b)(4):

1. All depositions shall be conducted remotely using videoconference technology, and each deponent shall be video-recorded;

2. The deposition service provider shall provide invitations and access to the remote deposition to the witness, either directly or through such witness' attorney, and all attorneys participating in the deposition, including counsel of record and personal counsel for the witness. Only individuals who would be entitled to attend a live deposition in this litigation may participate in or observe a remote deposition. All individuals participating in or observing any deposition must announce themselves for the record.

3. The Parties agree that Golkow and Veritext are acceptable service providers for court reporting, videoconferencing and remote deposition services. The Parties agree that other mutually agreeable service providers can be utilized for these remote depositions. The Parties agree that a service provider employee may attend each remote deposition to video record the deposition, troubleshoot any

technological issues that may arise, assist with the exhibition of exhibits, and administer the virtual breakout rooms.

4. The Parties agree that these video-recorded remote depositions may be used at trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties agree not to object to the use of these video recorded depositions on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

5. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions. No videoconference participant will be permitted to use a virtual background during the video-recorded deposition.

6. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent except during breaks off the stenographic record. A defending attorney who chooses to be physically present with the client/deponent may not communicate privately (verbally, in writing or by physical cues) with the deponent while on the record. No other persons are entitled to be present with the deponent, absent express agreement by the witness and the examining attorney. No persons other than those appearing for the deposition on the record may be in the same room as the deponent. If any person enters the room where the witness is located during the deposition, the deponent shall immediately notify the examining attorney of the additional persons in the room. The deponent shall not review documents during the deposition, other than those marked by the examining attorney as exhibits or otherwise used by the examining attorney, without notifying the examining attorney. No deponent shall communicate with any person (verbally, in writing, or by conduct) while on the record at the deposition in a manner that the examining

attorney cannot personally observe through the videoconference technology. If counsel representing the deponent has any means of communication (e.g., texting, emailing, or any form of messaging) set up with the deponent, counsel shall notify the examining attorney of that fact and such means of communication shall not be used while on the record at the deposition.

7. During breaks in the deposition, the Parties may use the breakout room feature provided by the service provider, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded and shall not be accessed or monitored by any other Parties. The breakout rooms shall be established by the service provider prior to the deposition and controlled by the service provider.

8. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the witness whose deposition is being taken. The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

9. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The service provider will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

10. The Parties agree that the court reporter is an "Officer" as defined by Rule 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

11. The Parties agree to work collaboratively and in good faith with the

3
JOINT STIPULATION TO SET REMOTE DEPOSITION PROTOCOL

service provider to assess each deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

12. Every deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for each deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

13. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties. The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition

14. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods:

   a. Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter prior to the start of the deposition;

   b. Counsel may introduce exhibits electronically during the deposition, by using the Golkow (Zoom) document-sharing technology or similar document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail, provided that any such method affords the deponent a reasonable opportunity to review the entire exhibit if the deponent should find it necessary to do so.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

Dated: July 23, 2020  JENNER & BLOCK LLP

           /s/ Andrew J. Thomas
          Andrew J. Thomas
          Andrew G. Sullivan

*Attorneys for All Defendants*

Dated: July 23, 2020  KIESEL LAW LLP

           /s/ Mariana A. McConnell
          Paul R. Kiesel
          Mariana A. McConnell
          Nico L. Brancolini

Dated: July 23, 2020  JOHNSON & JOHNSON LLP

           /s/ Neville L. Johnson
          Neville L. Johnson
          Daniel B. Lifschitz
          *Attorneys for Plaintiff and the Class*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-4.3.4.**

I, Mariana A. McConnell, am the ECF User whose identification and password are being used to file this document. Pursuant to Civil L.R. 5-4.3.4., I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: July 23, 2020

By: /s/ Mariana A. McConnell
     Mariana A. McConnell