JENNER & BLOCK LLP
Andrew J. Thomas (Cal. Bar No. 159533)
ajthomas@jenner.com
Andrew G. Sullivan (Cal. Bar No. 301122)
agsullivan@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100
Facsimile:  (213) 239-5199

*Attorneys for All Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR., an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; STEFANIE TAUB, | Case No. 2:18-cv-07241-CAS-PLA<br><br>Class Action<br><br>**DECLARATION OF ANDREW G. SULLIVAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:     September 14, 2020<br>Time:    10:00 a.m.<br>Dept.:    8D<br>Judge:   Christina A. Snyder |

| | |
|---|---|
| 1 | an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; JON JOYCE, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; BRUCE BOUTON, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; and DOE RESPONDING PARTY 1-10, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | Responding Party. |

DECLARATION OF ANDREW G. SULLIVAN

# DECLARATION OF ANDREW G. SULLIVAN

I, Andrew G. Sullivan, declare as follows:

1. I am admitted to practice law in California and am an attorney at the law firm of Jenner & Block, LLP ("Jenner & Block"). I serve as counsel of record for Defendants Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA"), American Federation of Musicians of the United States and Canada ("AFM"), Raymond M. Hair, Jr., Tino Gagliardi, Duncan Crabtree-Ireland, Stefanie Taub, Jon Joyce, and Bruce Bouton (collectively, "Defendants"). I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion for Class Certification. If called to testify, I could and would testify as to the following based on personal knowledge.

2. On June 22, 2020 and in the days that followed, I participated in telephonic meet-and-confer discussions with one or both of Plaintiff's counsel Mariana McConnell and Daniel B. Lifschitz in connection with Plaintiff's anticipated Motion for Class Certification in compliance with L.R. 37-1. During these calls, I discussed a narrow set of issues with Plaintiff's counsel relating primarily to the definition of the proposed plaintiff class, which the parties ultimately were not able to resolve.

3. During these calls, I discussed with Plaintiff's counsel that the putative class alleged by Plaintiff encompasses performers who have suffered no injury in fact. Specifically, we discussed that Plaintiff's proposed class includes the performers represented on the Fund's Unclaimed Royalty list, who by definition have not received any royalty distributions from the Fund and thus have not been subject to the Service Fee at issue in this litigation. I explained Defendants' position that such performers who have not been subject to any Service Fee deductions have suffered no injury in fact, and therefore should not be encompassed within the certified class.

4. We discussed the fact that the Fund has already engaged in extensive efforts to locate the performers represented on the Fund's Unclaimed Royalty list, including outreach efforts such as advertising campaigns, but that the Fund has so far been unable to locate these performers. We discussed Defendants' doubts about the feasibility of including this category of performers in Plaintiff's class definition, given that they have already been subject to the Fund's outreach efforts and have not been responsive, which calls into question whether this subset of performers could be provided with effective class notice or otherwise be located for the purposes of providing class-wide relief.

5. I also discussed with Plaintiff's counsel that Plaintiff's proposed class is unduly broad because it encompasses performers who had the Service Fee deducted from their royalty distribution outside the statute of limitations period. We discussed Defendants' position that the class definition should not encompass performers whose claims are time-barred.

6. We also discussed Defendants' position that Rule 23(b)(1) of the Federal Rules of Civil Procedure is the appropriate vehicle for class-wide resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of August, 2020.

_____
Andrew G. Sullivan