PAUL R. KIESEL (State Bar No. 119854)
kiesel@kiesel.law
MARIANA A. MCCONNELL (State Bar No. 273225)
mcconnell@kiesel.law
NICO L. BRANCOLINI (State Bar No. 318237)
brancolini@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

NEVILLE L. JOHNSON (State Bar No. 66329)
njohnson@jjllplaw.com
DANIEL B. LIFSCHITZ (State Bar No. 285068)
dlifschitz@jjllplaw.com
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual | **CASE NO.** 2:18-CV-07241-CAS-PLA<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MARIANA A. MCCONNELL IN SUPPORT OF RULE 72(A) OBJECTIONS TO MAGISTRATE JUDGE'S RULING OF JANUARY 11, 2021**<br><br>Judge: Hon. Christina A. Snyder<br><br>Date:   TBD<br>Time:   TBD<br>Crtrm.: 8D |

Property Rights Distribution Fund;
STEFANIE TAUB, an individual, as
Trustee of the AFM and SAG-AFTRA
Intellectual Property Rights Distribution
Fund; JON JOYCE, an individual, as
Trustee of the AFM and SAG-AFTRA
Intellectual Property Rights Distribution
Fund; BRUCE BOUTON, an
individual, as Trustee of the AFM and
SAG-AFTRA Intellectual Property
Rights Distribution Fund; and DOE
DEFENDANTS 1-10,

Defendants.

DECLARATION OF MARIANA A.
MCCONNELL IN SUPPORT OF RULE 72(A)
OBJECTIONS TO MAGISTRATE JUDGE'S
RULING OF JANUARY 11, 2021

## DECLARATION OF MARIANA A. MCCONNELL

I, Mariana A. McConnell, hereby declare as follows:

1. I am an attorney and partner in the law firm of Kiesel Law LLP and admitted to practice before this Court and a member in good standing of the State Bar of California. I am counsel of record for Plaintiff Kevin Risto, a beneficiary of the AFM & SAG-AFTRA Intellectual Property Rights Distribution Fund (the "Fund"), and my firm, along with co-counsel, has been appointed class counsel in this action against the Fund's trustees and Defendants Screen-Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA") and American Federation of Musicians of the United States and Canada ("AFM," hereinafter collectively referred to as "Unions"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify competently to the following facts:

2. I submit this Declaration in support of Plaintiff Kevin Risto's Objection to the January 11, 2021 Order issued by Magistrate Judge Abrams in response to Plaintiff's Motion to Compel Request for Production No. 40 ("Magistrate's Order").

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Magistrate's Order, ECF 87.

4. Plaintiff will be actually and substantially prejudiced if the Jon Joyce deposition transcript from the *Blondell* action is not produced by Defendants.

5. The production of Mr. Joyce's deposition transcript in the Blondell action will aid judicial economy because Defendants' misuse of discovery entitles Plaintiff to re-open Mr. Joyce's deposition in this case. At the time of Mr. Joyce's deposition, Defendants had failed to produce unredacted board meeting minutes and failed to produce the Fund's conflict of interest policy and the Trustee's conflict of interest disclosures.

1

6. Mr. Joyce was deposed on September 22, 2020. According to Mr. Joyce's testimony, he was out of the country during the time that the Services Agreement was approved by the Board, and at the December 2013 meeting once he returned, he asked the board to recap the decision made at the June 2013 trustees meeting.

7. The June 2013 and December 2013 meeting minutes were improperly redacted. Mr. Joyce was unable to recall what questions he asked at the December 2013 meeting or who provided him with information.

8. On the record at Mr. Joyce's deposition, I reserved the right to requestion Mr. Joyce on the unredacted meeting minutes. Joyce Dep., 69:18-22, September 22, 2020.

9. My firm acted diligently in attempting to obtain all relevant documents from Defendants prior to Mr. Joyce's deposition. My office sent correspondence on August 21, 2020 requesting unredacted board meeting minutes, a true and correct copy of which is attached hereto as **Exhibit 2**. After receiving no response, my office demanded a meet and confer regarding the unredacted board meeting minutes on September 1, 2020, a true and correct copy of which is attached hereto as **Exhibit 3**.

10. Defendants agreed to produce unredacted meeting minutes by letter on September 9, a true and correct copy of which is attached hereto as **Exhibit 4**. Defendants did not produce the documents until September 28. The production consisted of 25 pages.

11. In the previously-redacted December 2013 meeting minutes, it was revealed that Mr. Joyce requested information justifying the Service Fee, including the same type of information that has been requested by Plaintiff in this case. Plaintiff was not able to question Mr. Joyce about this document and has therefore been prejudiced.

DECLARATION OF MARIANA A. MCCONNELL IN SUPPORT OF RULE 72(A) OBJECTIONS TO MAGISTRATE JUDGE'S RULING OF JANUARY 11, 2021

12. My office served a subpoena on Withum, an accounting firm which provided services to the Fund. In Withum's production was a conflict of interest policy and blank conflict of interest disclosure form. Defendants had not produced these documents in this case.

13. When presented with the blank form produced by Withum, Mr. Joyce testified that he did not recall if he ever filled out any of the forms (Joyce Dep., 91:13-18), he did not recall receiving any advice with regard to how to fill out the form (Joyce Dep., 92:2-7), nor did he remember who asked him to sign the form (Joyce Dep., 92:8-14).

14. Again, before the deposition of Mr. Joyce, my office acted diligently in demanding that Defendants produce all documents related to the conflict of interest policy and disclosures in correspondence dated September 17, 2020, a true and correct copy of which is attached hereto as **Exhibit 5**.

15. Defendants did not produce the conflict of interest policy or the filled out disclosures until November 30, 2020, well after the deposition of Mr. Joyce, and after the depositions of all the trustees in this case other than Defendants Hair and Crabtree-Ireland.

16. On October 19, 2020, I wrote a letter to counsel for Defendants, stating that Defendants' practice of late-producing relevant documents after depositions were completed would not be tolerated and that Plaintiff would seek to reopen depositions, a true and correct copy of which is attached hereto as **Exhibit 6**. Plaintiff identified the Joyce deposition as one that would be considered for re-opening.

/ / /

/ / /

/ / /

/ / /

DECLARATION OF MARIANA A. MCCONNELL IN SUPPORT OF RULE 72(A) OBJECTIONS TO MAGISTRATE JUDGE'S RULING OF JANUARY 11, 2021

1    I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.

3    Executed January 15, 2021, at Beverly Hills, California.

4

5

6    _____
     Mariana A. McConnell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

**Case No.:** <u>CV 18-7241-CAS (PLAx)</u>                                    **Date:** <u>January 11, 2021</u>

**Title:**  <u>Kevin Risto, etc. v. Screen Actors Guild-Am. Federation of Television and Radio Artists, et al.</u>

**PRESENT:  THE HONORABLE    PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

| <u>Christianna Howard</u> | <u>N/A</u> | <u>N/A</u> |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF(S): | ATTORNEYS PRESENT FOR DEFENDANT(S): |
|---|---|
| NONE | NONE |

**PROCEEDINGS:  (IN CHAMBERS)  Motion to Compel Plaintiff's RFP No. 40 (ECF No. 85)**

On December 17, 2020, the parties in this class action filed a Joint Stipulation (ECF No. 85-1) addressing plaintiff's Motion seeking to compel defendants to produce deposition transcripts in response to plaintiff's Request for Production ("RFP") No. 40 ("Motion" (ECF No. 85)).  The Court previously concluded that oral argument will not be of material assistance in determining the Motion, and the hearing, scheduled for January 13, 2021, was ordered off calendar.

By way of background, plaintiff states that this case involves class claims against the Trustees of a non-profit royalty fund for musicians -- the  American Federation of Musicians of the United States and Canada ("AFM") & Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA") Intellectual Property Rights Distribution Fund (the "Fund") -- for abusing their positions in order to enrich their primary employers, AFM and SAG-AFTRA (collectively, the "Unions"),[1] at the expense of the Fund's beneficiaries. (ECF No. 85-1 at 7).  Specifically, on July 22, 2013, pursuant to a "Services Agreement," the Fund agreed to start paying the Unions 3% of all royalties it collects in exchange for access to the Union's membership lists, which plaintiff asserts is "information already aggregated and paid for by the Unions as part of their day-to-day work, and which costs the Unions nothing to provide (which is why, prior to the Services Agreement, they had done so for free)." (<u>Id.</u>).  Plaintiff suggests that the Services Agreement was entered into "not out of any rational economic calculus, but as a pretext to give the Unions an unwarranted equity stake in the increasingly large royalty pool being collected by the Fund."  (<u>Id.</u>).  Plaintiff argues that the Fund Trustees have breached their fiduciary duties owed to the Fund's beneficiaries, as the Service Fee "operates purely for the benefit of the Fund Trustee's employers and has diverted millions of dollars from the beneficiaries of the Fund to the Unions' coffers."  (<u>Id.</u> at 8).

---

[1]     Defendants in this action are the two Unions, and the individually-named Fund Trustees.

**The Dispute**

At issue in this Motion is plaintiff's RFP No. 40, in which plaintiff seeks "ALL deposition transcripts for depositions obtained in the case titled <u>Blondell, et al. v. Bouton, et al.</u>, Case No. 1:17-cv-00372-RRM-RML." (ECF No. 85-1 at 15; ECF No. 85-2 at 8-15).

In <u>Blondell</u>, a recently-settled class action filed in the Eastern District of New York, the plaintiff class, made up of union and non-union session musicians and vocalists, alleged that the defendants -- the same Fund Trustees named as defendants in the instant case -- breached their fiduciary duties by failing to properly identify, locate, and pay royalties to non-featured performers, and used royalties to improperly benefit the Unions.[2] (<u>See</u> ECF No. 85-1 at 17; ECF No. 85-2 at 102-170).

Defendants objected to RFP No. 40 on the ground that the requested transcripts are subject to the Stipulated Order Governing Confidentiality of Discovery ("Protective Order") entered by the District Court for the Eastern District of New York, which prohibits the use of confidential materials in other legal proceedings.[3] (ECF No. 85-1 at 15; ECF No. 85-2 at 27). Defendants further objected that the request seeks information that is overly broad, irrelevant, and not likely to lead to discovery of admissible evidence, as the <u>Blondell</u> litigation is based upon different legal and factual claims than the instant case. In particular, plaintiff's Amended Complaint focuses on the Service Fee paid by the Fund to the Unions pursuant to the Data Purchase and Services Agreement, while the <u>Blondell</u> Complaint, in contrast, alleges that the Fund failed to identify non-featured performers and pay royalties to them, and made it difficult for non-featured performers to claim royalties. As such, the theory of liability in <u>Blondell</u> is the opposite of plaintiff's theory here: "the <u>Blondell</u> complaint faults the Fund and its Trustees for spending too little money identifying Fund participants and distributing payments to them, while the [instant] complaint faults the Fund and its Trustees for spending too much money, in the form

---

[2]    Counsel for defendants in this action also served as counsel of record for all defendants in the <u>Blondell</u> case. In defendants' counsel's sworn declaration submitted with the Joint Stipulation, counsel states that Fund Trustees Jon Joyce and Duncan Crabtree-Ireland -- named as defendants in both <u>Blondell</u> and the instant case -- were the only witnesses deposed in the <u>Blondell</u> matter. (ECF No. 85-1 at 17-18; ECF No. 85-3 at 4). In the instant action, Mr. Joyce has already been deposed. According to plaintiff, the deposition of Mr. Crabtree-Ireland will be scheduled to take place during February 2021. (<u>Id.</u> at 18, 27-28).

[3]    In relevant part, the Section B(1) of the Protective Order provides:

### B. **RESTRICTIONS ON ACCESS TO CONFIDENTIAL DISCOVERY MATERIALS.**

1. <u>Permitted Uses</u>. Confidential Discovery Materials shall be used only for the proper and legitimate purposes of preparing for trial and/or appeal of this Action, including, but not limited to, discovery, motion practice, depositions, hearings in this case and trial. Confidential Discovery Materials shall not be used or disclosed in any manner other than permitted by this Stipulated Order Governing Confidentiality of Discovery, by further order of the Court, as may be expressly permitted in writing by all Designating Parties, or as may otherwise [] be required by applicable law. Confidential Discovery Materials shall not be used in any other legal proceeding or in any way that competes, directly or indirectly, with the business of a Designating Party.

(ECF No. 85-2 at 30).

of the Service Fee paid to the Union defendants, in their efforts to identify, locate and pay Fund participants." (ECF No. 85-1 at 15-16; ECF No. 85-2 at 18-25).

In the Joint Stipulation, plaintiff counters defendants' objections by arguing that the language in the Protective Order that permits disclosure "as may otherwise be required by applicable law," creates an allowance for discovery in a later action. (ECF No. 85-1 at 20). Plaintiff also points out that defendants have the authority to consent to the disclosure, and that counsel for the <u>Blondell</u> plaintiffs and class has affirmed that there is no objection on their part to the production of the transcripts. (<u>Id.</u> at 18, 20-21).

Plaintiff further contends that, contrary to defendants' position, there is substantial overlap of the issues between the <u>Blondell</u> action and the instant case, and thus the deposition testimony of the defendants in <u>Blondell</u> is directly relevant to the instant claims, "as the Fund's lack of success in identifying and paying beneficiaries reflects a lack of value in the data provided by the Unions under the Services Agreement, undermining the propriety of the Service Fee as currently measured." (ECF No. 85-1 at 8, 17). Plaintiff highlights the following to demonstrate relevance: both the <u>Blondell</u> settlement class and the instant certified class include nonfeatured performers as members; both class actions allege the Fund made inadequate efforts to identify and pay nonfeatured performers, that royalties collected have been misappropriated for the Unions' benefit, and that the Trustees have been operating under deep conflicts of interest; and both class actions seek to impose liability based on claims for breach of fiduciary duties and money had and received. (<u>Id.</u> at 17, 22). According to plaintiff, "[t]he only difference is that this case seeks to impose additional liability against the Unions for their part in the Fund's insufficient efforts, having gouged the latter for services that fail to actually meet the Fund's needs." (<u>Id.</u> at 22). Moreover, production of the deposition transcripts would avoid the wasteful duplication of discovery that would result if plaintiff is forced to subject the <u>Blondell</u> deponents to redundant lines of questioning during their depositions in the instant case. (<u>Id.</u>).

Defendants in the Joint Stipulation assert that, in <u>Blondell</u>, the deposition transcripts were designated as confidential in their entirety pursuant to the Protective Order, and plaintiff has not made the requisite showing of relevance to warrant a court order compelling disclosure of the transcripts in response to RFP No. 40. (ECF No. 85-1 at 23-28; ECF No. 85-3 at 4). Instead, plaintiff "makes faulty 'information and belief' representations about the contents of the <u>Blondell</u> depositions, and characterizes the facts of <u>Blondell</u> in a misleading manner to make it sound as if that case is legally and factually similar to the current litigation." (ECF No. 85-1 at 26-27). Indeed, defendants assert, if plaintiff's claims were in fact the same as the claims raised in <u>Blondell</u>, this action would be barred by the <u>Blondell</u> settlement. (<u>Id.</u> at 32-33).

## Legal Standard

Rule 26 of the Federal Rules of Civil Procedure provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u> Discovery need not be admissible in evidence to be discoverable. <u>Id.</u> However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Relevance is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on," any party's claim or defense. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L. Ed. 451 (1947)); Kennicott v. Sandia Corp., 327 F.R.D. 454, 469 (D. N.M. 2018) (definition of relevance set forth in Oppenheimer Fund still applies after 2015 amendment to Rule 26). "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975); Sullivan v. Prudential Ins. Co. of Am., 233 F.R.D. 573, 575 (C.D. Cal. 2005)).

The Court has broad discretion when determining whether to permit or deny discovery. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (district court has "[b]road discretion . . . to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant") (quotations and citations omitted). In considering the instant discovery dispute, the Court is also mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added); see also Landis v. N. Am. Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 53 (1936) (a court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

## Discussion

The Ninth Circuit strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citation omitted). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." Id. When disclosure of material is restricted by the terms of a protective order, a collateral litigant may file a motion to modify the protective order in the court that issued the protective order. Id. at 1132. In such a scenario, the movant must show "the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." Id. In determining the motion, the issuing court must also weigh the "countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." Id.

Here, plaintiff asserts that there is no need to intervene in the Blondell litigation because the Protective Order permits the disclosure of confidential material "as may otherwise be required by applicable law." This language, plaintiff contends, carves out an exception that allows for the disclosure of confidential records pursuant to another court's order compelling a party to produce the records. Although defendants argue that, pursuant to the express terms of the Protective Order, confidential materials are not to be used in any legal proceeding outside of Blondell, defendants nevertheless concur with plaintiff's reading of the language "as may otherwise be required by applicable law." Defendants state that, during the parties' meet and confer efforts, "the parties agreed . . . that the matter could be resolved through a discovery motion in this case," as opposed to a motion to modify the Protective Order in the issuing court, as "[t]his is consistent with the language . . . that Confidential materials may be disclosed 'as may otherwise be required by applicable law.'" (ECF No. 85-1 at 25 n.5). The Court agrees with the parties' interpretation. See, e.g., United States v. Chevron U.S.A., Inc., 186 F.3d 644, 650-51 (5th Cir. 1999) (pursuant to the protective order allowing disclosure of confidential material "as may otherwise be required by law," the plaintiff agreed to not disclose confidential material "unless compelled to do so by a judicial order entered by a court of competent jurisdiction"); ICG Commc'ns, Inc. v. Allegiance Telecom, 211 F.R.D. 610, 612-13 (N.D. Cal. 2002) (concluding that statutory language prohibiting

the disclosure of customer information "except as required by law" allowed the court to issue an order compelling the defendant to produce such information in response to the plaintiff's discovery request).

Next, taking into account the claims at issue in this action and in Blondell, the Court concludes that plaintiff has made a showing of relevance. As plaintiff asserts, the allegations in Blondell regarding the Fund's difficulties in identifying and paying non-featured performers has some bearing on plaintiff's allegations in the instant action disputing the propriety of the Service Fee, as the Fund's unsuccessful efforts reflect that the data in the Unions' membership lists lacks value. Moreover, both the Blondell case and the instant case include non-featured musicians as class members and involve the same defendant Trustees. Additionally, both cases to some extent involve conflict of interest issues between the Trustees and the Unions, as well as allegations that money owed to the Fund's beneficiaries was instead given to the Unions. Given this overlap of issues, the Court concludes that deposition testimony in Blondell, as limited by the Court below, is discoverable in this case.

As mentioned herein, defendants Mr. Joyce and Mr. Crabtree-Ireland were the only witnesses whose depositions were taken in the Blondell matter, and Mr. Joyce has already been deposed by plaintiff in the instant action. Given plaintiff's assertion that the deposition transcript of a Blondell defendant is needed in this case to help plaintiff avoid subjecting the defendant being deposed to redundant deposition questions, the Court finds it appropriate to **order** defendants to produce to plaintiff only the deposition transcript of Mr. Crabtree-Ireland -- i.e., the sole deponent in the Blondell matter who has yet to be deposed by plaintiff in this case. Furthermore, to address any privacy concerns, the confidentiality of the transcript will be preserved as defendants' production of Mr. Crabtree-Ireland's deposition transcript will be subject to the restrictions on use and disclosure contained in the original Protective Order (see ECF No. 85-2 at 30).

Based on the foregoing, petitioner's Motion is **granted in part**. **No later than January 23, 2021**, defendants shall produce to plaintiff the subject deposition transcript of Mr. Crabtree-Ireland, subject to the provisions of the original Protective Order issued in the Blondell matter. To the extent plaintiff seeks any additional deposition transcripts in response to plaintiff's RFP No. 40, the Motion is **denied**.

IT IS SO ORDERED.


cc:     Counsel of Record


Initials of Deputy Clerk _____ ch _____

# EXHIBIT 2



Mariana McConnell, Esq.
mcconnell@kiesel.law

August 21, 2020

**_Via E-Mail Only_**

Andrew J. Thomas
Andrew G. Sullivan
Camila Connolly
Jenner & Block
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
E-Mail: ajthomas@jenner.com
E-Mail: agsullivan@jenner.com
E-mail: cconnolly@jenner.com

RE:    Risto v. SAG-AFTRA, et al. – Defendants' Amended Privilege Log

Dear Andrew,

Please accept this letter in response to your correspondence of July 17, 2020 which attaches Defendants' amended privilege log.

Your letter states that there two categories of remaining redactions in Defendants' productions: redactions for personal identifying information and redactions of non-responsive portions of minutes. As a preliminary matter, Plaintiff has no objection to redactions of PII. However, we ask that those redactions be identified with the type of PII being redacted, such as "Redaction - PII SSN." With regard to the redactions for non-responsiveness, there is no such thing as a non-responsive portion of an otherwise responsive, discoverable document. If a document is responsive and discoverable, it must be produced in its entirety absent a privilege assertion. We ask that those minutes be produced in their entirety. If you have authority to the contrary, please let us know and we will review it.

Finally, in light of the Court's August 20 denial of Defendants' Motion for Reconsideration of Judge Abrams' July 8 Order, Defendants must identify each custodian and/or Defendant in possession of all the documents on Defendants' privilege log. If there was a waiver of privilege, by sending an otherwise privileged document to a non-Trustee member of either Union, the document must be produced. Recall that several non-Trustee, Union executives were on our custodian list. We expect that those custodians' documents have been produced, but if any of these non-Trustee custodians are in the possession of documents that remain on your privilege log, they must also be produced.

/ / /

**KIESEL LAW**
— LLP —

August 21, 2020
Page 2


 Thank you for your immediate attention to these issues.

With kind regards,

KIESEL LAW LLP

By: _____
Mariana A. McConnell


cc:   Neville Johnson
      Daniel Lifschitz
      Paul Kiesel
      Nicholas Brancolini

# EXHIBIT 3

| | |
|---|---|
| **From:** | Mariana A. McConnell |
| **Sent:** | Tuesday, September 1, 2020 10:09 AM |
| **To:** | ajthomas@jenner.com; agsullivan@jenner.com; cconnolly@jenner.com |
| **Cc:** | Paul R. Kiesel; Nicholas Brancolini; Daniel Lifschitz; Neville Johnson; Melanie Cruz |
| **Subject:** | Re: Risto v. SAG-AFTRA, et al. – Defendants' Amended Privilege Log |
| **Attachments:** | Risto- Letter to Counsel re Defendants' Amended Privilege Log 8-21-20 (00572649-2xBCD99)[4].pdf |

Andrew,
We have not received a response to the attached Meet & Confer letter. Please let us know when you are available to meet and confer in the next 10 days in compliance with LR 37-1. If we do not receive a response, we will seek to compel the items set forth in the letter.

Thank you,
Mariana

---

**From:** Melanie Cruz <mcruz@kiesel.law>
**Date:** Friday, August 21, 2020 at 11:48 AM
**To:** "ajthomas@jenner.com" <ajthomas@jenner.com>, "agsullivan@jenner.com" <agsullivan@jenner.com>, "cconnolly@jenner.com" <cconnolly@jenner.com>
**Cc:** "Paul R. Kiesel" <kiesel@kiesel.law>, "Mariana A. McConnell" <Mcconnell@kiesel.law>, Nicholas Brancolini <Brancolini@kiesel.law>, Daniel Lifschitz <DLifschitz@jjllplaw.com>, Neville Johnson <njohnson@jjllplaw.com>
**Subject:** Risto v. SAG-AFTRA, et al. – Defendants' Amended Privilege Log

Counsel,

Please see the attached correspondence.

Thank you,
Melanie Cruz



Melanie Cruz
Legal Assistant
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
T: 310.854.4444
F: 310.854.0812

# EXHIBIT 4

**633 WEST 5TH STREET SUITE 3600 LOS ANGELES, CA 90071-2054**                    JENNER&BLOCK LLP

Andrew G. Sulivan
Tel  +1 213 239 2263
AGSullivan@jenner.com

September 9, 2020

VIA EMAIL

Mariana A. McConnell
Kiesel Law LLP
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
mcconnell@kiesel.law

Re:     *Risto v. SAG-AFTRA,* et al.

Dear Mariana:

I write to follow up in response to the requests raised in your correspondence dated August 21, 2020 regarding Defendants' privilege log, as well as your request to meet and confer regarding the same sent on September 1, 2020.

It is our hope that the responses below will resolve the need for any further meet-and-confer conference on these issues.  However, I will be available to meet-and-confer on September 11, 2020 at 3:30pm PT should you wish to discuss further.  Please confirm if you intend to proceed with scheduling a call at that time.

***First***, you have requested that Defendants provide a log stating the type of content being redacted in each instance in which Defendants have redacted the Personal Identifying Information (PII) of third-party performers.  As a starting matter, Defendants' production includes a total of 2,894 documents that contain redactions for PII, most of which contain multiple PII redactions.  It is difficult to fathom what Plaintiffs hope to accomplish by having Defendants undertake the laborious task of logging each of the PII redactions within these thousands of documents.  This unnecessary assignment is not required or contemplated by the Federal Rules.  It is also rendered all the more unnecessary because it is generally clear from the context of the produced documents what type of information is being redacted.  These redactions appear in session reports that contain PII of performers, and the redactions appear in Defendants' production beneath or next to descriptions (i.e., "SSN," "Home Address") that make clear what information is obscured by Defendants' redactions.

While Defendants reject the unnecessary and time-intensive request suggested by Plaintiff, we're happy to explain that all PII redactions in Defendants' production to date appear in Defendants' third production (DEFS003), and consist of redactions of Social Security Numbers,

Mariana A. McConnell
September 9, 2020
Page 2

home addresses, and/or phone numbers of performers.  If there is any particular document at issue in which the type of information being redacted is unclear, and Plaintiff states grounds why the disclosure of the type of information at issue is relevant to any claims or defenses in this action, then Defendants' will further consider Plaintiff's request that such information be provided.

*Second*, Plaintiff has requested that Defendants provide Fund board minutes without the responsiveness redactions that were included when these documents were produced on November 22, 2019.  As explained in our May 13, 2020 letter, Defendants produced these minutes in response to Plaintiff's Request for Production No. 12, which requested "board of directors meeting minutes referring to the implementation of the SERVICE FEE." Defendants agreed to produce minutes responsive to this request, and Defendants have produced such minutes with responsive portions visible and non-responsive portions redacted with black boxes.

Defendants take notice that Plaintiff is demanding to see the non-responsive portion of these minutes nearly a year after these documents were produced.  Defendants also question Plaintiff's basis for requesting information contained in these documents that is not relevant to any claim or defense in this litigation.  Notwithstanding the foregoing, and in the interest of avoiding unnecessary disputes, Defendants agree to produce the requested Fund board minutes without redactions based on relevance or responsiveness.

*Third*, your letter represents that pursuant to Judge Abrams' July 8, 2020 Order, "Defendants must identify each custodian and/or Defendant in possession of all the documents on Defendants' privilege log."  This is a misrepresentation of the July 8, 2020 order, which imposes no such requirement.  As we previously responded when you made this same request on July 9, 2020, this make-work project contrived by Plaintiff is not required or contemplated by the Federal Rules. Moreover, it serves no apparent purpose here, as the privilege log already identifies the individuals who transmitted and received the privileged communications and documents at issue.

Notwithstanding the foregoing, in order to put the issue to rest and avoid pointless motion practice, we have conducted a review of the documents in our discovery database and have identified all of the custodians for each of the documents listed on the Defendants' privilege log. Based on that review, we can confirm that there are no custodians for any document listed on the log other than those identified on the log as having sent or received the document.

Mariana A. McConnell
September 9, 2020
Page 3


      Again, it is our hope that the responses in this letter will obviate the need for any further meet-and-confer conference on these issues.  Should you have any further questions regarding the foregoing, we remain available to discuss.

                  Sincerely,

                  Andrew G. Sullivan


cc:  Neville Johnson, Johnson & Johnson LLP
     Andrew J. Thomas, Jenner & Block LLP

# EXHIBIT 5



Nico Brancolini, Esq.
brancolini@kiesel.law

September 17, 2020

<u>*Via E-Mail Only*</u>

Andrew J. Thomas
Andrew G. Sullivan
Anna K. Lyons
JENNER & BLOCK
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
E-Mail: ajthomas@jenner.com
E-Mail: agsullivan@jenner.com
E-Mail: alyons@jenner.com

      **RE:**     <u>**Production of Documents Pursuant to Your September 9, 2020 Agreement**</u>

Counsel,

      Please accept this letter in response to your correspondence of September 9, 2020, which addressed outstanding meet-and-confer efforts regarding Defendants' privilege log.

      In that letter, you agreed to produce Fund board minutes without the redactions Defendants had previously asserted were non-responsive and/or irrelevant. When can our office expect copies of the board minutes with those redactions removed? We request that they be produced prior to our impending Fund Board of Trustee depositions scheduled to begin next week. Despite Defendants' assertions that these materials are irrelevant, we have the right to review and question the Defendants about material found on these unredacted versions.

      Additionally, Withum produced a Fund conflict of interest disclosure statement, a copy of which is attached to this letter for reference, which was not included in Defendants' productions. If any of the Defendants have filled out copies of this form from 2012 to present we ask that you also produce those ahead of the Trustee depositions.

      Thank you for your immediate attention to these issues.

             With kind regards,

             KIESEL LAW LLP

      By:   *Nico L. Brancolini*
             Nico L. Brancolini

///

**KIESEL LAW**
— LLP —

September 17, 2020
Page 2


Enclosure:        Conflict of Interest Policy – AFM & SAG-AFTRA Distribution Fund

        cc:      Neville Johnson
                 Daniel Lifschitz
                 Paul Kiesel
                 Mariana McConnell

ATTACHMENT MARKED CONFIDENTIAL AND EXCLUDED

# EXHIBIT 6



**KIESEL LAW**
**LLP**

Mariana A. McConnell, Esq.
mcconnell@kiesel.law

October 19, 2020

<u>*Via E-Mail Only*</u>

Andrew J. Thomas
Andrew G. Sullivan
Anna K. Lyons
Jenner & Block, LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
E-Mail: ajthomas@jenner.com
E-Mail: agsullivan@jenner.com
E-Mail: alyons@jenner.com

RE:     **Defendants' Belated Production of Documents.**

Counsel,

We are in receipt of your two recent productions – one from September 29 and another from October 16. We were surprised to find that the September 29 production contained relevant documents for the deposition of Jon Joyce, taken on September 22. The October 16 production contained relevant documents for the deposition of Tino Gagliardi, taken on October 9.

Please be advised that if Defendants' continue their practice of producing relevant documents after the depositions are conducted, we will seek to reopen the depositions. Defendants have known the deposition schedule for months, and this practice seems to have no other purpose than thwarting Plaintiffs' questioning. We expect that if Defendants have documents that need to be produced, they will be produced immediately, and in any event, prior to the relevant depositions.

Very truly yours,

KIESEL LAW LLP

By: _____
     Mariana A. McConnell

///

**KIESEL LAW**
— LLP —

October 19, 2020
Page 2


cc:   Paul R. Kiesel
       Nico Brancolini
       Neville Johnson
       Daniel Lifschitz