# Exhibit 4

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Kevin Risto ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:18-cv-07241-CAS-PLA |
| Screen Actors Guild-American Federation of ) | |
| Television and Radio Artists, et al. ) | |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: AFM and SAG-AFTRA Intellectual Property Distribution Fund

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

refer to Attachment A to Subpoena

| Place: via Zoom remote videoconference | Date and Time: 09/11/2020 9:00 am |
|---|---|

The deposition will be recorded by this method: stenographically and by videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: refer to Attachment B to Subpoena

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/20/2020

CLERK OF COURT

OR

_____   /s/ Mariana A. McConnell
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PLAINTIFF
Kevin Risto , who issues or requests this subpoena, are:
Mariana A. McConnell, Kiesel Law LLP, 8648 Wilshire Boulevard, mcconnell@kiesel.law, (310)854-4444

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:18-cv-07241-CAS-PLA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENTS TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

**Definitions**

1. "FUND" shall mean the AFM & SAG-AFTRA Intellectual Property Right Distribution Fund.
2. "SERVICE FEE" shall mean the 3% fee deducted from the FUND and paid to the UNIONS implemented by the July 22, 2013 Data Purchase and Sales Agreement.
3. "UNIONS" shall mean SAG-AFTRA and AFM, defendants in this action, and their directors, officers, shareholders, employees, agents, attorneys, representatives, investigators, consultants and any person or entity acting or purporting to act on their behalf.
4. "DATABASE" shall refer to "the repository of information documenting the identities, work histories, and payment information associated with non-featured performers" as used in Defendants' Responses to Plaintiff's First Set of Interrogatories.

**Attachment A to Subpoena:**
**Matters for Examination**

1. The conflict of interest policy referred to on the FUND's IRS form 990 from 2013 to the present.
2. The FUND's retainer agreement with Bredhoff & Kaiser or any of its affiliated counsel.
3. The FUND's conflict of interest waivers with Bredhoff & Kaiser or any of its affiliated counsel.
4. The FUND's retention of a third party to analyze the SERVICE FEE.
5. Any analyses performed by the FUND into the SERVICE FEE.
6. Any analyses performed by third parties into the SERVICE FEE.
7. Any attempts by the FUND to negotiate or renegotiate the amount of the SERVICE FEE.
8. The FUND's governance structure.
9. The FUND's communication of the SERVICE FEE to the FUND's beneficiaries.
10. The number of non-union beneficiaries of the FUND from 2013 to the present.
11. The number of union beneficiaries of the FUND from 2013 to the present.
12. The total amount of monies paid by the FUND to the UNIONS.
13. The FUND separately compiling and/or updating the information received in exchange for the SERVICE FEE.
14. The number of hours expended by the FUND's employees each year in maintaining and updating the DATABASE.
15. The costs (including overhead allocations and labor costs) incurred by the FUND in maintaining and updating the DATABASE.

///

**Attachment B to Subpoena:**
**Production of Documents**

1. Any and ALL DOCUMENTS referring or relating to the conflict of interest policy referred to on the FUND's IRS Form 990 from 2013 to the present.
   (Note: this request includes the Fund's written conflict of interest policy, the Trustee's disclosure of interests that could give rise to conflicts, and any communications referring or relating to the conflict of interest policy).
2. The FUND's retainer agreement with Bredhoff & Kaiser.
3. The FUND's retainer agreement with Patricia Polach.
4. The FUND's retainer agreement with Jeff Freund.
5. The FUND's retainer agreement with Abigail Carter.
6. Any and all conflict of interest waivers by Bredhoff & Kaiser, on the one hand, and the FUND on the other.
7. Any and all conflict of interest waivers by Patricia Polach, on the one hand, and the FUND on the other.
8. Any and all conflict of interest waivers by Jeff Freund, on the one hand, and the FUND FUND on the other.
9. Any and all conflict of interest waivers by Abigail Carter, on the one hand, and the FUND on the other.
10. Any and all DOCUMENTS in the FUND's possession, custody or control referring or relating to the FUND's retention of a third party consultant to analyze the SERVICE FEE.
11. Any and all DOCUMENTS in the FUND's possession, custody, or control that contemplate the hiring of a third party consultant to analyze the SERVICE FEE.
12. Any and all DOCUMENTS in the FUND's possession, custody or control related to an analysis into the amount of the SERVICE FEE.
13. Any and all DOCUMENTS in the FUND's possession, custody or control assessing the SERVICE FEE.
14. Any and all DOCUMENTS in the FUND's possession, custody or control referring or relating to a time and materials study related to the SERVICE FEE.
15. Any and all DOCUMENTS in the FUND's possession, custody or control referring or relating to any attempts by the FUND to renegotiate the SERVICE FEE.
16. DOCUMENTS sufficient to show the FUND's governance structure.
17. Any and all DOCUMENTS in the FUND's possession, custody or control referring or relating to the FUND's communication of the SERVICE FEE to the FUND's beneficiaries.
18. DOCUMENTS sufficient to show the number of non-union beneficiaries of the FUND from 2013 to the present.
19. DOCUMENTS sufficient to show the number of union beneficiaries of the FUND from 2013 to the present.
20. DOCUMENTS sufficient to show the total amount of monies paid by the FUND to the UNIONS.
21. Any and all DOCUMENTS in the FUND's possession, custody or control referring or relating to the FUND separately compiling and/or updating the DATABASE information received in exchange for the SERVICE FEE.

22. DOCUMENTS sufficient to show the number of hours expended by the FUND's employees each year in maintaining and updating the DATABASE.
23. DOCUMENTS sufficient to show the labor costs of all FUND employees who maintain and update the DATABASE.
24. DOCUMENTS sufficient to show the overhead allocations for all FUND employees who maintain and update the DATABASE.