PAUL R. KIESEL (State Bar No. 119854)
  kiesel@kiesel.law
MARIANA A. MCCONNELL (State Bar No. 273225)
  mcconnell@kiesel.law
NICO L. BRANCOLINI (State Bar No. 318237)
  brancolini@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

NEVILLE L. JOHNSON (State Bar No. 66329)
  njohnson@jjllplaw.com
DANIEL B. LIFSCHITZ (State Bar No. 285068)
  dlifschitz@jjllplaw.com
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual | **CASE NO.** 2:18-CV-07241-CAS-PLA<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 11, 2021 ORDER ON MOTION TO COMPEL RFP NO. 40**<br><br>Judge: Hon. Paul L. Abrams<br>Date: April 14, 2021<br>Time: 10:00 a.m.<br>Crtrm.: 780<br><br>Discovery Cut-off: March 1, 2021<br>Pre-Trial Conference: July 19, 2021<br>Trial Date: August 17, 2021 |

| | |
|---|---|
| 1 | Property Rights Distribution Fund; STEFANIE TAUB, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; JON JOYCE, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; BRUCE BOUTON, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; and DOE DEFENDANTS 1-10, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | Defendants. |

Plaintiff Kevin Risto hereby submits this Reply in support of his Motion for Reconsideration of the Court's January 11, 2021 Order on Motion to Compel RFP No. 40.

## I. Introduction

The question before the Court is narrow: whether all depositions taken in collateral litigation should be produced in this case. While this Court agreed that the *Blondell* case was collateral, the January 11, 2021 Order limited the ruling to the production of the deposition which had not yet been taken in this instant case. There is no reason, either based on case law or court efficiencies, to limit the ruling in this manner. Nor have Defendants pointed to a single authority which states that the ruling should be so limited. Instead of finding case authority to support their proposition, Defendants' Opposition tries to justify the Trustees' failure to consider conflicts of interest because the conflicts were "obviously well known." (Defs.' Opp., 6). As Plaintiff has set forth in his Motion, he will be actually and substantially prejudiced by Defendants' continued withholding of discovery. The production of the Joyce deposition transcript from *Blondell* will partially alleviate this prejudice.

## II. ARGUMENT

### A. This Court Has the Authority to Reconsider its January 11, 2021 Order

This Court has the authority to reconsider its January 11, 2021 Order because Judge Snyder instructed that the instant discovery dispute be returned to Judge Abrams to consider whether the facts raised in Plaintiff's objection would alter the Court's conclusion that the Joyce transcript had no relevance to the proceedings outside of Plaintiff preparing to depose Joyce. Judge Snyder's authority to refer this dispute back to Judge Abrams is based on the Federal Magistrates Act, 28 U.S.C. § 631.

///

Defendants' argument that this Motion for Reconsideration is untimely is also without merit. This Motion is a continuation of Plaintiff's Joint Stipulation on Motion to Compel which was filed on December 22, 2020, well before the discovery cutoff in this case. Plaintiff sought to have Judge Snyder review this ruling by timely filing an Objection to the January 11, 2021 Order. However, Judge Snyder instructed Plaintiff to file this Motion for Reconsideration, deciding that Judge Abrams should reconsider his original order. Plaintiff has now timely and appropriately sought review of the January 11, 2021 Order, following Judge Snyder's instruction that the dispute be returned to Judge Abrams for reconsideration.

### B. *Foltz* Supports the Production of the Joyce Transcript

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (citing *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d. 470, 475 (9th Cir. 1992)). "Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Id.* (citation omitted).

Defendants waste time arguing, again, that the *Blondell* case is not similar to the *Risto* case. Magistrate Abrams easily found that the two cases were similar. Pursuant to Magistrate Abram's Order, Plaintiff has received and reviewed Defendant Crabtree-Ireland's deposition transcript from *Blondell* and his testimony regarding the conflicts of interests of the Union Trustees on the board of the Fund is highly relevant to this case. Defendant Joyce's deposition transcript will contain the same highly relevant material.

Neither this Court's original ruling nor Defendants point to one case that supports the proposition that a deposition transcript from another case should only be produced if the deposition has not yet been taken in the instant case. This issue has now been briefed multiple times and Defendants have not been able to find one case

that would support that argument. There is no support for this proposition. Instead, *Foltz* "strongly favors access to discovery materials" from collateral litigation. Access means access to all deposition transcripts taken.

### C. Plaintiff Has Been Prejudiced

Defendants reject Plaintiff's claims of prejudice, arguing that Plaintiff's claims can be "easily debunked." Defendants argue that Plaintiff never asked Defendants for the conflict of interest documents, and therefore cannot blame Defendants for not producing them. Defendants ignore the fact that Plaintiff's Request for Production No. 16, served on February 22, 2019 calls for "ALL DOCUMENTS that describe the TRUSTEES' duties to the FUND." Regardless of how the Defendants view their duties, the conflict of interest policies surely fall within the scope of that request. Plaintiffs were not aware that a conflict of interest policy existed until it was produced by a third party. Oddly, Defendants seek to blame Plaintiff for not knowing which internal documents they were withholding.

Defendants also criticize Plaintiffs for choosing to begin fact depositions, therefore permitting fact discovery to close on time, before Defendants were able to make complete productions. However, Defendants continued to make additional productions, supplement interrogatory responses, and comply with initial disclosures up until 7:00 pm on the day fact discovery closed. If Plaintiff would have waited for Defendants to fully comply with their discovery obligations, Plaintiff would still be taking depositions. Plaintiff did not create this prejudice. But, production of the Jon Joyce deposition transcript will serve to remedy part of that prejudice.

While not particularly relevant to the ruing on this Motion, Plaintiff must address Defendants' arguments with regard to the Fund's conflict of interest policies and disclosures. Alarmingly, Defendants argue that the Fund's 2014 conflict of interest policy is somehow not relevant to the conflicts of interest which existed in 2013. Of course, Defendants' acknowledgement that a conflict existed in 2014 means

the conflict also existed in 2013. Defendants then argue that the Fund Trustees did not need to disclose and address blatant conflicts of interest, because they were known and accepted by the other Trustees. That is simply not the law. While the Defendant Trustees' gall in approving a service fee which so obviously advantaged their Union employers over the Fund's beneficiaries has been apparent all along, Defendants' argument is a tacit admission that they never intended to take seriously their fiduciary duties to the Fund. Mr. Joyce's responses to questions with regard to his conflicts of interest in the *Blondell* case will be instrumental evidence in this case.

### D.   Joyce's Transcript is Admissible Evidence

Defendants do not mention or address Plaintiff's argument regarding the admissibility of the Jon Joyce *Blondell* transcript for purposes of impeachment. Of course, it is axiomatic that the deposition in *Blondell* can be used as evidence in *Risto*. For that reason alone, the transcript should be produced.

### III.   Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its January 11, 2021 Order.

DATED: March 31, 2021

KIESEL LAW LLP

By: /s/ MAM

Paul R. Kiesel
Mariana A. McConnell
Nico L. Brancolini
**KIESEL LAW LLP**

Neville L. Johnson
Daniel Lifschitz
**JOHNSON & JOHNSON LLP**
*Attorneys for Plaintiff and the Class*

4

PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 11, 2021 ORDER ON MOTION TO COMPEL RFP NO. 40