UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

**Case No.:** CV 18-7241-CAS (PLAx)          **Date:** April 2, 2021

**Title:** Kevin Risto, etc. v. Screen Actors Guild-Am. Federation of Television and Radio Artists, et al.

---

**PRESENT: THE HONORABLE   PAUL L. ABRAMS, UNITED STATES MAGISTRATE JUDGE**

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**
NONE

**ATTORNEYS PRESENT FOR DEFENDANT(S):**
NONE

**PROCEEDINGS: (IN CHAMBERS)   Plaintiff's Motion for Reconsideration (ECF No. 95)**

Before the Court is plaintiff's Motion seeking reconsideration of the Court's January 11, 2021, Order granting in part plaintiff's Motion to Compel deposition transcripts from a separate class action, Blondell v. Bouton, Case No. 1:17-cv-00372-RRM-RML. (ECF No. 95). Defendants have filed an Opposition, and plaintiff filed a Reply. (ECF Nos. 96, 98). The Court has concluded that oral argument will not be of material assistance in determining the Motion, and the hearing, scheduled for April 14, 2021, is ordered **off calendar**.

In the January 11, 2021, Order, the Court found that, as the Blondell defendants were the same Fund Trustees named as defendants in the instant case, and as issues in the Blondell litigation overlapped with the instant case, plaintiff had made a showing of relevance and therefore the deposition testimony in Blondell was discoverable. (ECF No. 87). The Court, however, limited defendants' production of the requested discovery, stating:

> [D]efendants Mr. [Jon] Joyce and Mr. [Duncan] Crabtree-Ireland were the only witnesses whose depositions were taken in the Blondell matter, and Mr. Joyce has already been deposed by plaintiff in the instant action. Given plaintiff's assertion that the deposition transcript of a Blondell defendant is needed in this case to help plaintiff avoid subjecting the defendant being deposed to redundant deposition questions, the Court finds it appropriate to **order** defendants to produce to plaintiff only the deposition transcript of Mr. Crabtree-Ireland -- i.e., the sole deponent in the Blondell matter who has yet to be deposed by plaintiff in this case.

(ECF No. 87 at 5). Thus, defendants were compelled to produce only the deposition transcript of Mr. Crabtree-Ireland from the Blondell action.

Plaintiff filed Rule 72(a) Objections to the January 11, 2021, Order with the District Judge, arguing that defendants should be compelled to produce the Joyce deposition transcript as well. (ECF No. 88). Defendants filed a Response, asserting that the January 11, 2021, Order should be affirmed. (ECF No. 90). On March 1, 2021, the District Judge held a telephonic hearing on the Objections, and stated that plaintiff could file a motion for reconsideration in this Court no later than March 15, 2021. (ECF No. 94).

Plaintiff subsequently filed the instant Motion pursuant to Local Rule 7-18, seeking reconsideration of the Court's order compelling defendants to produce the deposition transcript of only Mr. Crabtree-Ireland. In support, plaintiff states he had not anticipated the Court would limit its ruling to exclude an already-deposed defendant, as there is no such limitation in the case law, and that if plaintiff had been aware that this limitation was a possibility, he would have included additional facts in the Motion to Compel. For instance, plaintiff asserts for the first time that when Mr. Joyce was deposed in this action in September 2020, defendants had not yet produced the Fund's conflict of interest policy documents, conflict of interest disclosure forms, or an unredacted copy of the minutes from a particular Fund board meeting during which Mr. Joyce asked for a recap about decisions made during a previous board meeting that Mr. Joyce had not attended. Plaintiff contends that not being able to adequately question Mr. Joyce about these various documents caused prejudice, and that production of the Joyce deposition transcript in Blondell is warranted to remedy such prejudice and allow plaintiff to discover if Mr. Joyce discussed such documents, especially given that discovery in the instant case is now closed. (ECF No. 95-1 at 6-9). Plaintiff further asserts that, because Blondell and the instant case both accused defendants of "acting improperly based on their overriding allegiances to the Unions," plaintiff should be able to use the Joyce deposition transcript for impeachment purposes at trial if Mr. Joyce gave contradictory testimony during his Blondell deposition. (Id. at 10).

Defendants oppose the instant Motion, asserting that plaintiff fails to meet the standards for allowing reconsideration under Local Rule 7-18, as plaintiff's claims of prejudice are not based on new facts or developments in the law. (ECF No. 96 at 5). Defendants further argue that plaintiff himself is responsible for any alleged prejudice, as plaintiff was never prevented from questioning Mr. Joyce about the pertinent board meeting minutes because the section of the minutes pertaining to Mr. Joyce was not in fact redacted. (Id. at 7). Moreover, plaintiff did not ask defendants to produce the conflict of interest policy documents until two days prior to Mr. Joyce's September 2020 deposition, leaving inadequate time to respond, but plaintiff nevertheless chose to take Mr. Joyce's deposition without the requested documents, even though no discovery cutoff had been set. (Id. at 7-8).

**Legal Standard and Discussion**

Local Rule 7-18, as recently amended, states that "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."

After a careful review of the parties' filings, the Court **grants** plaintiff's Motion for Reconsideration (ECF No. 95) and **orders** the production of Mr. Joyce's deposition transcript in the Blondell litigation. The Court notes that plaintiff in the reconsideration motion has presented new material facts regarding Mr. Joyce, and that given the circumstances at the time plaintiff moved to compel production of the Blondell depositions, it does not appear that plaintiff's earlier omission of these facts was the result of a failure to exercise reasonable diligence.[1]

---

[1] When the Motion to Compel was filed in December 2020, plaintiff was apparently misinformed regarding which defendants had been deposed in Blondell, and thus was not aware that Mr. Joyce had been a Blondell deponent. (See, e.g., ECF No. 85-1 at 17 (erroneously stating that "[t]hree of the Defendants in the Risto case, Ray Hair, Duncan Crabtree-Ireland, and Tino Gagliardi, were deposed in the Blondell action . . .")).
(continued...)

Although the parties dispute details regarding defendants' production of documents with respect to Mr. Joyce's September 2020 deposition, it appears that certain discovery -- such as the Fund's conflict of interest policy documents and related disclosures -- was produced by defendants subsequent to Mr. Joyce's September 2020 deposition.  As plaintiff explains, since discovery in this case is now closed, the production of Mr. Joyce's Blondell deposition transcript will, at a minimum, allow plaintiff to discover if Mr. Joyce was questioned in Blondell about the conflict of interest policy, and, if appropriate, use the transcript for impeachment purposes at trial.  In granting the Motion for Reconsideration, the Court keeps in mind Ninth Circuit authority that strongly favors allowing a party access to discovery materials from collateral litigation.  Foltz v. State Farm Mut, Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).  As set forth in the Court's January 11, 2021, Order, plaintiff has demonstrated the relevance of the Blondell depositions.  When considering the newly-presented facts regarding the scope of Mr. Joyce's September 2020 deposition and the timing of defendants' production of documents during the discovery phase, the Court is persuaded that the January 11, 2021, discovery ruling should be modified to include the Joyce deposition transcript in the ordered document production.

**No later than April 16, 2021**, defendants shall produce to plaintiff the requested deposition transcript of Mr. Joyce, subject to the provisions of the original Protective Order issued in the Blondell matter.  (See ECF No. 87).

IT IS SO ORDERED.

cc:   Counsel of Record

Initials of Deputy Clerk _____ch_____

---

¹(...continued)
It follows, therefore, that plaintiff's Motion to Compel would not have included certain facts regarding Mr. Joyce that were presented for the first time in plaintiff's reconsideration motion.