| | |
|---|---|
| 1 | JENNER & BLOCK LLP |
| 2 | Andrew J. Thomas (Cal. Bar No. 159533)<br>ajthomas@jenner.com |
| 3 | Alexander M. Smith (Cal. Bar No. 295187)<br>asmith@jenner.com |
| 4 | Andrew G. Sullivan (Cal. Bar No. 301122)<br>agsullivan@jenner.com |
| 5 | Anna K. Lyons (Cal. Bar No. 324090)<br>alyons@jenner.com |
| 6 | 633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071 |
| 7 | Telephone: (213) 239-5100<br>Facsimile: (213) 239-5199 |

*Attorneys for All Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; et al.<br><br>Defendants. | Case No. 2:18-cv-07241-CAS-PLA<br><br>Class Action<br><br>**DECLARATION OF DUNCAN CRABTREE-IRELAND IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

DECLARATION OF DUNCAN CRABTREE-IRELAND

## DECLARATION OF DUNCAN CRABTREE-IRELAND

I, Duncan Crabtree-Ireland, declare as follows:

1. I serve as the Chief Operating Officer and General Counsel of the Screen Actors Guild-American Federation of Radio and Television Artists ("SAG-AFTRA"). Since February 2012, I have served as a Trustee of the AFM & SAG-AFTRA Intellectual Property Rights Distribution Fund (the "Fund"). I am also a Defendant in this action. I submit this declaration in support of the Defendants' Motion for Summary Judgment in this action. If called to testify, I could and would testify as to the following facts based on my personal knowledge and based on information compiled by SAG-AFTRA staff at my direction.

2. SAG-AFTRA has approximately 160,000 members. Of those members, only a small fraction are background vocalists on sound recordings; most are film and television actors.

3. In 2012 and early 2013, prior to the Trustees' approval of the Data Agreement, the Fund's Executive Director, Dennis Dreith, supported the concept of compensating the Unions for the data and services they provided to the Fund.

4. When the Service Fee was proposed and approved in 2013, I concluded that the Service Fee was justified because it enabled the Fund to secure access to valuable information provided by the Unions. I determined it was reasonable in part because I did not believe it was appropriate for SAG-AFTRA to expend member dues to subsidize the activities of the Fund that benefit performers who are not SAG-AFTRA members. I believed it was appropriate that such non-members and SAG-AFTRA members who benefit from the activities of the Fund (i.e. the non-featured vocalists on sound recordings) should bear the Fund's administrative costs rather than SAG-AFTRA members (such as film and TV actors) who do not receive royalties from the Fund.

5. When the Service Fee was proposed and approved in 2013, the Trustees did not believe there was any meaningful conflict of interest in part

1 because the interests of the Fund and the Unions were aligned—i.e., that it was in
2 the best interests of the Fund and the Unions for the Fund to secure ongoing access
3 to the session reports and other Union information the Fund used to identify and
4 locate non-featured performers by paying a reasonable fee to the Unions.

5       I declare under penalty of perjury under the laws of the United States of
6 America that the foregoing is true and correct.

7       Executed this 23rd day of April, 2021.

_____
Duncan Crabtree-Ireland

2
DECLARATION OF DUNCAN CRABTREE-IRELAND

2958334