PAUL R. KIESEL (State Bar No. 119854)
 kiesel@kiesel.law
MARIANA A. MCCONNELL (State Bar No. 273225)
 mcconnell@kiesel.law
NICO L. BRANCOLINI (State Bar No. 318237)
 brancolini@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone: (310) 854-4444
Facsimile:  (310) 854-0812

NEVILLE L. JOHNSON (State Bar No. 66329)
 njohnson@jjllplaw.com
DANIEL B. LIFSCHITZ (State Bar No. 285068)
 dlifschitz@jjllplaw.com
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile:  (310) 975-1095

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RISTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation, et al.<br><br>Defendants. | Case No. 2:18-CV-07241-CAS-PLA<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE THE SANDELL DECLARATION IN ITS ENTIRETY**<br><br>Hearing Date:  June 14, 2021<br>Hearing Time:  10:00 a.m.<br>Courtroom:  8D (Telephonic)<br><br>*[Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Separate Statement of Genuine Disputes of Material Facts, Declaration of Mariana A. McConnell, Declaration of Barrie Kessler, Declaration of Kerry Adams, Declaration of Mark Bookman, and [Proposed] Order filed concurrently]* |

Plaintiff Kevin Risto hereby submits the following objections to the Declarations of Julie Sandell, Duncan Crabtree-Ireland, Ray Hair, Andrew Sullivan, and Stephanie Taub submitted in support of Defendants' Motion for Summary Judgment.

In addition to the portions of various Declarations which are inadmissible under the Federal Rules of Evidence, the Sandell Declaration is objectionable for several reasons as set forth below and should be disregarded in its entirety.

## I. THE SANDELL DECLARATION SHOULD BE STRICKEN BECAUSE DEFENDANTS DID NOT DISCLOSE MS. SANDELL IN THEIR RULE 26(A) DISCLOSURES

The Sandell Declaration should be disregarded in its entirety because, although discovery in this case has been ongoing for years, none of Defendants' witnesses, nor Ms. Sandell, disclosed the 50 song study performed by the Fund. A party cannot rely on evidence at summary judgment that the party failed to provide during discovery[1]. FRCP 37(c)(1). Defendants' failure to disclose the 50 song study has deprived Plaintiff of the opportunity to depose the witnesses who derived the study, set the study's parameters, chose the songs for the study, and performed the research for the study. The study is fatally flawed on its face, as it attempts to draw conclusions from a statistically insignificant sample, from an already cherry-picked group of tracks without proper controls, without taking into account several factors including release date, genre, or popularity. For all these reasons, the Sandell Declaration should be stricken in its entirety. Fed. R. Civ. P. 26, 33, 27; *Perfect 10, Inc., v. Google, Inc.*, 2010 U.S. Dist. LEXIS 75071 (C.D. Cal 2010), citing *Guang Dong Light Headgear Factory Co., Ltd.* v. *ACI Int'l, Inc.*, 2008 U.S. Dist. LEXIS 526, *1 (D. Kan. 2008) (granting motion to strike summary judgment

---

[1] On February 22, 2019, Plaintiff propounded an interrogatory asking Defendants "If YOU contend that the SERVICE FEE is a reasonable charge for the services provided by the UNIONS, state ALL facts that support that contention."

affidavit because witness identity and testimony not properly disclosed during discovery).

Defendants' expert, David Nolte, who has not provided a declaration in support of Defendants' Motion, did use the 50 song study to support his conclusions in his Rule 26(A) expert report. However, when questioned at his deposition, Mr. Nolte stated that he was not involved in the methodology of the study, was not directing the study, and was simply told about the study after it was done. (McConnell Decl., Ex. #13, Nolte Dep., 139:13-140:22). Because 1) Mr. Nolte was not able to adequately testify about the study since he did not order, design, or perform the study, 2) Mr. Nolte did not provide a declaration in support of Defendants' Motion, and 3) the study was not disclosed in discovery, the study must be stricken in its entirety.

## II.   THE SANDELL DECLARATION IS A SIDESHOW AND SHOULD BE DISREGARDED AS SUCH

Admission of Ms. Sandell's Declaration, describing the 50 song study and the "lessons" she has learned from instructing other Fund employees to perform the work on the study, would create a "case within a case" and should be rejected. This case is about whether the Services Agreement is void due to Defendants' breaches of fiduciary duty. This case is not about whether the Fund researchers are able to effectively research a cherrypicked list of 50 songs without the use of Union data. For this reason alone, the Sandell Declaration is a sideshow and should be disregarded as such. *Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1193 (10th Cir. 1997) (affirming district court exclusion of evidence that threatened a "trial within a trial").

\\

\\

\\

2
PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE THE SANDELL DECLARATION IN ITS ENTIRETY

### III. PORTIONS OF THE SANDELL DECLARATION AND DEFENDANTS' STATEMENTS ABOUT THE RESULTS OF THE STUDY ARE INADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE

If the Court was inclined to consider the Sandell Declaration and the results of the 50 song study, several statements about the study are inadmissible and should be disregarded. Evidence submitted to the Court on a motion for summary judgment must meet all requirements for admissibility of evidence if offered at the time of trial. Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings in the courts of the United States). Such evidence must be relevant to the claims and defenses of the case. Fed. R. Evid. 401; 403. Testimonial evidence must be based on the personal knowledge of the witness offering the evidence. Fed. R. Evid. 602. Testimony requiring scientific, technical, or other specialized knowledge may be given only by an expert witness with the requisite knowledge, skill, experience, training or education and opinion testimony is not permitted of a lay person. Fed. R. Evid. 701, 702. The Sandell Declaration and Items #6 and 7 below fail to meet one or more of these criteria, as set forth below.

### IV. LIST OF PROFFERED EVIDENCE AND PLAINTIFF'S OBJECTIONS

| ITEMS OBJECTED TO | BASIS FOR OBJECTION |
|---|---|
| 1. Declaration of Duncan Crabtree-Ireland, ¶ 3<br><br>"In 2012 and early 2013, prior to the Trustees' approval of the Data Agreement, the Fund's Executive Director, Dennis Dreith, supported the concept of compensating the Unions for the data and services they provided to the Fund." | Irrelevant. Fed. R. Evid. 401, 402<br>Speculation/lack of personal knowledge. Fed. R. Evid. 602 and 701. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | 2. Declaration of Duncan Crabtree-Ireland, ¶ 5<br><br>"the Trustees did not believe there was any meaningful conflict of interest in part because the interests of the Fund and the Unions were aligned – i.e. that it was in the best interests of the Fund and the Unions for the Fund to secure ongoing access to the session reports and other Union information the Fund used to identify and locate non-featured performers by paying a reasonable fee to the Unions." | Irrelevant. Fed. R. Evid. 401, 402. Speculation/lack of personal knowledge. Fed. R. Evid. 602 and 701. Improper lay opinion as to whether there was a conflict of interest. Fed. R. Evid. 701.<br><br>In addition, this testimony is inconsistent with Mr. Crabtree-Ireland's testimony that he recused himself from voting on the Services Agreement because he would be signing it on behalf of SAG-AFTRA. |
| 11<br>12<br>13 | 3. Declaration of Ray Hair, ¶ 4<br><br>"The AFM advocated on behalf of musicians for the passage of the Music Modernization Act." | Irrelevant. Fed. R. Evid. 401, 402 |
| 14<br>15<br>16<br>17<br>18<br>19 | 4. Declaration of Ray Hair, ¶ 5<br><br>"In 2012 and early 2013, prior to the Trustee's approval of the Data Agreement, the Fund's Executive Director, Dennis Dreith, supported the concept of compensating the Unions for the data and services they provided to the Fund." | Irrelevant. Fed. R. Evid. 401, 402 Speculation/lack of personal knowledge. Fed. R. Evid. 602 and 701. |
| 20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 5. Declaration of Ray Hair, ¶ 7<br><br>"the Trustees did not believe there was any meaningful conflict of interest in part because the interests of the Fund and the Unions were aligned – i.e. that it was in the best interests of the Fund and the Unions for the Fund to secure ongoing access to the session reports and other Union information the Fund used to identify and locate non-featured | Irrelevant. Fed. R. Evid. 401, 402. Speculation/lack of personal knowledge. Fed. R. Evid. 602 and 701. Improper lay opinion as to whether there was a conflict of interest. Fed. R. Evid. 701.<br><br>In addition, this testimony is inconsistent with Mr. Crabtree-Ireland's testimony that he recused himself from voting on the Services |

28

| | | |
|---|---|---|
| 1 2 | performers by paying a reasonable fee to the Unions." | Agreement because he would be signing it on behalf of SAG-AFTRA. |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 | 6. Declaration of Julie Sandell, ¶ 2 "The results of this project affirmed my understanding of the essential role that Union data plays in allowing the Fund to accurately allocate royalties." | Irrelevant. Fed. R. Evid. 401, 402. Speculation/lack of personal knowledge. Fed. R. Evid. 602 and 701. Improper lay opinion as to the results of this statistically insignificant study. Fed. R. Evid. 701. Ms. Sandell is not qualified to make this statement nor is this statement supported by the evidence in this case. Further, this testimony is inconsistent with Defendants' retained expert who stated that this sample was not statistically significant and he was not able to extrapolate the results with precision and confidence. Since Defendants' retained economist is not able to extrapolate with confidence, Ms. Sandell is not able to do so either. |
| 16 17 18 19 20 21 22 23 24 25 26 | 7. Declaration of Julie Sandell, ¶ 7-15 | Irrelevant. Fed. R. Evid. 401, 402. Speculation/lack of personal knowledge. Fed. R. Evid. 602 and 701. Improper lay opinion as to the results of this statistically insignificant study. Fed. R. Evid. 701. This testimony is inconsistent with Defendants' retained expert who stated that this sample was not statistically significant and he was not able to extrapolate the results with precision and confidence. Since Defendants' retained economist is not able to extrapolate with confidence, Ms. Sandell is not able to do so either. |

27
28

| | | |
|---|---|---|
| | 8. Declaration of Andrew Sullivan, ¶ 43<br><br>"I supervised the collection and production of documents from the Fund in response to the Plaintiff's requests for production of documents in this action. In response to Plaintiff's discovery requests, Defendants have produced in excess of 15,000 emails which reflect communications between the Fund and the Unions pertaining to requests by the Fund for data regarding non-featured performers." | Irrelevant. Fed. R. Evid. 401, 402. Speculation/lack of personal knowledge. Fed. R. Evid. 602 and 701.<br><br>Defendants have not presented any competent witnesses who went through these documents to decipher which emails were responded to with session information and which emails received nothing in response.<br>McConnell Decl., See, e.g., Ex. 19, DEFS_00024887; DEFS_00015502; DEFS_00017045; DEFS_00018779 DEFS_00019595; DEFS_00019903; DEFS_00024966.<br><br>Without this information, the fact that Defendants produced "in excess of 15,000 emails" is irrelevant to show how many requests were actually answered by the Unions with useful information.<br>For example, included in the production that forms the basis of counsel's statement are approximately 100 pages of photos of Kermit the Frog.<br>Ex. 21, DEFS_00013640-13654, 00013656-13670, 00013672-13686, 00013688-13702, 00026304-26318, 00026321-26335. |
| | 9. Brief, page 12<br><br>"This rate of inaccuracy would have profound consequences if the Union were forced to rely solely on public, non-Union sources of information when allocating royalties. SUF 74." | Irrelevant. Fed. R. Evid. 401, 402. Speculation/lack of personal knowledge. Fed. R. Evid. 602 and 701. Improper lay opinion as to the results of this statistically insignificant study. Fed. R. Evid. 701.<br><br>This statement is inconsistent with Defendants' retained expert who stated |

| | |
|---|---|
| | that the 50 song sample sample was not statistically significant and he was not able to extrapolate the results with precision and confidence. Since Defendants' retained economist is not able to extrapolate with confidence, Defendants are not able to do so either. Finally, this statement is not in the SUF. |
| 10. Brief, page 15<br><br>"- a proposition as to which the Court readily may take judicial notice." | No request for judicial notice submitted.<br>Not a fact entitled to judicial notice. See FRE 201. |

DATED: May 13, 2021     KIESEL LAW LLP

By:   /s/ Mariana A. McConnell
     Paul R. Kiesel
     Mariana A. McConnell
     Nico L. Brancolini
     **KIESEL LAW LLP**

     Neville L. Johnson
     Daniel Lifschitz
     **JOHNSON & JOHNSON LLP**
     *Attorneys for Plaintiff and the Class*