# EXHIBIT 9

```
 1                 UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3

 4   KEVIN RISTO, on behalf          )

     of himself and all others       )

 5   similarly situated,             )

                                     )

 6              Plaintiffs,          )

                                     )

 7       vs.                         )   Case No. 2:18-cv-

                                     )   07241-CAS-PLA

 8   SCREEN ACTORS GUILD-AMERICAN     )

     FEDERATION OF TELEVISION AND     )

 9   RADIO ARTISTS, a Delaware        )

     corporation; AMERICAN FEDERATION )

10   OF MUSICIANS OF THE UNITED STATES )

     AND CANADA, a California         )

11   nonprofit corporation; et al.,   )

                                     )

12              Defendants.          )

     _____)

13

14

15

16         DEPOSITION OF DUNCAN CRABTREE-IRELAND

17                 CONDUCTED VIRTUALLY

18              TUESDAY, FEBRUARY 16, 2021

19                    9:05 a.m.

20

21   Job No. 269207

22   Pages: 248

23   Reported by:  Lorie Rhyne, CSR, RPR, CRR

24   Appearing remotely from San Diego, California

25
```

Duncan Crabtree-Ireland

```
 1              R E M O T E   A P P E A R A N C E S

 2

 3        On Behalf of the Plaintiff Kevin Risto:

 4              PAUL KIESEL, ESQ.

 5              NICHOLAS "NICO" BRANCOLINI, ESQ.

 6              MARIANA A. McCONNELL, ESQ.

 7              Kiesel Law LLP

 8              8648 Wilshire Boulevard

 9              Beverly Hills, California 90211

10              (310) 854-0812

11              Kiesel@kiesel.law

12              brancolini@kiesel.law

13              mcconnell@kiesel.law

14

15        Co-Counsel:

16              NEVILLE JOHNSON, ESQ.

17              DANIEL B. LIFSCHITZ, ESQ.

18              Johnson and Johnson

19              439 North Canon Drive, Suite 200

20              Beverly Hills, California 90210

21              (310) 975-1095

22              dlifschitz@jjllplaw.com

23              njohnson@jjllplaw.com

24

25
```

Exhibit 9
Page 114

Duncan Crabtree-Ireland

```
 1        On Behalf of the Defendants:

 2               ANDREW J. THOMAS, ESQ.

 3               ANDREW G. SULLIVAN, ESQ.

 4               ANNA LYONS, ESQ.

 5               Jenner & Block

 6               633 West 5th Street, Suite 3600

 7               Los Angeles, California 90071

 8               (213) 239-5155

 9               ajthomas@jenner.com

10               agsullivan@jenner.com

11               alyons@jenner.com

12

13        On Behalf of Defendant SAG-AFTRA:

14               SARAH LUPPEN FOWLER, ESQ.

15               SAG-AFTRA

16               5757 Wilshire Boulevard, 9th Floor

17               Los Angeles, California 90036

18               (323) 549-6836

19

20        Videographer:   JENNIFER FRANKLIN

21

22

23

24

25
```

Duncan Crabtree-Ireland

```
 1          A.    Yeah.

 2          Q.    -- these conversations, I assume, took place

 3     all before the vote itself on what the percentages were

 4     going to be; right?

 5          A.    Correct.

 6          Q.    And when you say the "fee didn't go too

 7     high," what other organizations were you aware of that

 8     were seeking a percentage of a fund to reimburse them

 9     for their costs associated with providing information?

10               MR. THOMAS:  Objection.  Misstates the

11     testimony.  Vague and ambiguous.

12               You can answer.

13               THE WITNESS:  Yeah, that wasn't what I was

14     referring to.  I was referring to the overall

15     administrative fee charged by other collective

16     management organizations that were engaged in the

17     collection and distribution of royalties, is what I was

18     referring to.

19     BY MR. KIESEL:

20          Q.    Thank you.  I -- I misunderstood for that.

21     Thank you.

22               Did you ever offer the opinion before the

23     vote that having a set percentage of the fund allocated

24     to the purchase of the data might not be the best way

25     to proceed with compensating the unions for the
```

Duncan Crabtree-Ireland

1    expenses associating -- for providing the data?

2         A.    Are you asking if I said that to anybody?

3         Q.    Yes.

4         A.    I don't think I said it in those terms.  I

5    know that I did give thought to the question of what

6    the best way to structure the compensation would be,

7    and I may have had some -- you know, may have done some

8    thinking out loud with other people about what the

9    various options were.

10              I do know that by the time, you know, I

11   completed that process, it was my view -- and it still

12   is my view -- that given the circumstances, a

13   percentage fee was the most appropriate way to go about

14   compensating unions for the -- not only the data but

15   also the services that they were providing.

16        Q.    Was there ever an attempt before the vote

17   occurred to determine how much time actually was spent

18   by the unions in providing the data to the Fund?

19        A.    Not in any kind of formal, you know, time

20   and motion study or anything like that.  No.

21        Q.    Was there ever an attempt to determine what

22   the actual value was for the data that was being

23   provided to the Fund for their use?

24        A.    In terms of sort of specific quantified

25   analysis, not that I'm aware of.  But I mean, I do

Duncan Crabtree-Ireland

```
 1              ACKNOWLEDGEMENT OF DEPONENT

 2

 3          I, DUNCAN CRABTREE-IRELAND, do hereby

 4    acknowledge that I have read and examined the foregoing

 5    testimony and the same is a true, correct, and complete

 6    transcription of the testimony given by me and any

 7    corrections appear on the attached errata sheet signed

 8    by me.

 9

10    _____              April 8, 2021
      DUNCAN CRABTREE-IRELAND           _____
11      (SIGNATURE)                              (DATE)

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Exhibit 9
Page 118

Duncan Crabtree-Ireland

```
 1                  CERTIFICATE OF COURT REPORTER

 2

 3          I, LORIE RHYNE, CSR No. 12905, RPR, CRR, a

 4     Certified Shorthand Reporter, for the County of

 5     San Diego, State of California, the officer before whom

 6     the foregoing deposition was taken, do hereby certify

 7     that the foregoing transcript is a true and correct

 8     record of the testimony given; that said testimony was

 9     taken by me stenographically and thereafter reduced to

10     typewriting under my direction; that reading and

11     signing was not discussed; and that I am neither

12     counsel for, related to, nor employed by any of the

13     parties to this case and have no interest, financial or

14     otherwise, in its outcome.

15          Dated this 25th day of February, 2021.

16

17

18          _____

19                  LORIE RHYNE

20                  CSR No. 12905

21

22

23

24

25
```

Exhibit 9
Page 119