# EXHIBIT 11

1  PAUL R. KIESEL (State Bar No. 119854)
   kiesel@kiesel.law
2  MARIANA A. MCCONNELL (State Bar No. 273225)
   mcconnell@kiesel.law
3  NICO L. BRANCOLINI (State Bar No. 318237)
      brancolini@kiesel.law
4  KIESEL LAW LLP
   8648 Wilshire Boulevard
5  Beverly Hills, California 90211-2910
   Telephone: (310) 854-4444
6  Facsimile: (310) 854-0812

7  NEVILLE L. JOHNSON (State Bar No. 66329)
   njohnson@jjllplaw.com
8  DANIEL B. LIFSCHITZ (State Bar No. 285068)
   dlifschitz@jjllplaw.com
9  JOHNSON & JOHNSON LLP
   439 North Canon Drive, Suite 200
10 Beverly Hills, California 90210
   Telephone: (310) 975-1080
11 Facsimile: (310) 975-1095

12 *Attorneys for KEVIN RISTO and*
   *the CLASS*
13

14
                **UNITED STATES DISTRICT COURT**
15
                **CENTRAL DISTRICT OF CALIFORNIA**
16

17
   KEVIN RISTO, on behalf of himself          Case No. 2:18-cv-07241-CAS-PLA
18 and all others similarly situated,
                                              Class Action
19         Plaintiff,

20      v.
                                              **NOTICE OF DEPOSITION OF**
21 SCREEN ACTORS GUILD-                       **PATRICIA POLACH BY**
   AMERICAN FEDERATION OF                     **VIDEOCONFERENCE**
22 TELEVISION AND RADIO
   ARTISTS, a Delaware corporation;
23 AMERICAN FEDERATION OF                     **DATE:**       **November 11, 2020**
   MUSICIANS OF THE UNITED                    **TIME:**       **1:00 p.m.**
24 STATES AND CANADA, a California            **LOCATION:**   **Videoconference**
   nonprofit corporation; RAYMOND M.                          **remote deposition**
25 HAIR, JR, an individual, as Trustee of
   the AFM and SAG-AFTRA Intellectual
26 Property Rights Distribution Fund;
   TINO GAGLIARDI, an individual, as
27 Trustee of the AFM and SAG-AFTRA
   Intellectual Property Rights Distribution
28 Fund: DUNCAN CRABTREE-

| | |
|---|---|
| 1 | IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; STEFANIE TAUB, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; JON JOYCE, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; BRUCE BOUTON, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; and DOE RESPONDING PARTY 1-10, |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Responding Party. |

**PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff KEVIN RISTO by and through his attorneys of record, will take the deposition by videoconference, on oral examination, of PATRICIA POLACH on November 11, 2020 at 1:00 p.m. via remote deposition link.

Said deposition will be taken pursuant to the FRCP, and continuing from day to day, Saturdays, Sundays and legal holidays excluded, until completed.

PLEASE TAKE FURTHER NOTICE that the deposing party intends to cause the proceedings to be recorded both stenographically, including by the instant display of testimony, before a certified court reporter, and by videotape. The deposing party specifically reserves the right to use the videotape at the time of trial. In light of the COVID pandemic and the social distancing guidelines currently in effect, the deposition will be taken remotely pursuant to the July 24, 2020 Order re Joint Stipulation to Set Remote Deposition Protocol.

If an interpreter is required, the undersigned must be notified in writing at least five (5) days prior to the deposition date of the language spoken by the deponent.

///

1     NOTICE OF DEPOSITION OF PATRICIA POLACH BY VIDEOCONFERENCE

Exhibit 11
Page 128

1       Attached hereto as Exhibit 1 is a copy of the Subpoena to Testify at a Deposition in a Civil Action.

DATED: October 22, 2020       Respectfully submitted,

      KIESEL LAW LLP

      By: /s/ Mariana A. McConnell
          PAUL R. KIESEL
          MARIANA A. MCCONNELL
          NICO L. BRANCOLINI
          Attorneys for Plaintiff

      JOHNSON & JOHNSON LLP

      By: /s/ Daniel B. Lifschitz
          NEVILLE L. JOHNSON
          DANIEL B. LIFSCHITZ
          Attorneys for Plaintiff

# EXHIBIT 1

Exhibit 11
Page 130

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Kevin Risto ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:18-cv-07241-CAS-PLA |
| Screen Actors Guild-American Federation of Television and Radio Artists, et al. ) ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  PATRICIA POLACH

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: via Zoom remote videoconference | Date and Time: 11/11/2020 1:00 pm |
|---|---|

The deposition will be recorded by this method:  stenographically and by videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  refer to Attachment A to Subpoena

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/22/2020

CLERK OF COURT
                              OR
_____        /s/ Mariana A. McConnell
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* PLAINTIFF Kevin Risto , who issues or requests this subpoena, are:

Mariana A. McConnell, Kiesel Law LLP, 8648 Wilshire Boulevard, mcconnell@kiesel.law, (310)854-4444

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 11
Page 131

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:18-cv-07241-CAS-PLA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 11
Page 132

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 11
Page 133

## ATTACHMENT A TO SUBPOENA TO PATRICIA POLACH

### Definitions

1. "FUND" shall mean the AFM & SAG-AFTRA Intellectual Property Right Distribution Fund.
2. "SERVICE FEE" shall mean the 3% fee deducted from the FUND and paid to the UNIONS implemented by the July 22, 2013 Data Purchase and Sales Agreement.
3. "UNION" or "UNIONS" shall mean SAG-AFTRA and AFM, defendants in this action, and their directors, officers, shareholders, employees, agents, attorneys, representatives, investigators, consultants and any person or entity acting or purporting to act on their behalf.
4. "YOU" or "YOUR" shall refer to Patricia Polach.
5. "RETAINER AGREEMENT" shall mean any agreement between a law firm or lawyer and client for the provision of legal services.

### Requests for Production

1. Any and all versions of the FUND's RETAINER AGREEMENT with Bredhoff & Kaiser.
2. Any and all versions of the FUND's RETAINER AGREEMENT with YOU.
3. Any and all versions of AFM's RETAINER AGREEMENT with Bredhoff & Kaiser.
4. Any and all versions of AFM's RETAINER AGREEMENT with YOU.
5. Any and all versions of Ray Hair's RETAINER AGREEMENT with Bredhoff & Kaiser.
6. Any and all versions of Ray Hair's RETAINER AGREEMENT with YOU.
7. Any and all conflict of interest waivers by Bredhoff & Kaiser, on the one hand, and the FUND on the other.
8. Any and all conflict of interest waivers by YOU, on the one hand, and the FUND on the other.
9. Any and all conflict of interest waivers by Bredhoff & Kaiser, on the one hand, and AFM on the other.
10. Any and all conflict of interest waivers by YOU, on the one hand, and AFM on the other.
11. Any and all conflict of interest waivers by Bredhoff & Kaiser, on the one hand, and the SAG-AFTRA on the other.
12. Any and all conflict of interest waivers by YOU, on the one hand, and SAG-AFTRA on the other.
13. Any and all conflict of interest waivers by Bredhoff & Kaiser, on the one hand, and the Ray Hair on the other.
14. Any and all conflict of interest waivers by YOU, on the one hand, and Ray Hair on the other.
15. Any and all DOCUMENTS provided to FUND trustees that outline their legal duties or obligations.
16. Any and all DOCUMENTS referring to the SERVICE FEE.
17. Any and all DOCUMENTS referring to the July 22, 2013 Data Purchase and Sales Agreement.

Exhibit 11
Page 134

18. Any and all DOCUMENTS referring or relating to YOUR drafting of the July 22, 2013 Data Purchase and Sales Agreement.
19. Any and all DOCUMENTS referring or relating to YOUR consultation with Jenner & Block regarding the drafting of the July 22, 2013 Data Purchase and Sales Agreement.
20. Any and all DOCUMENTS referring or relating to the amount of the SERVICE FEE.
21. Any and all communications, including e-mails and text messages, between YOU and AFM President Ray Hair between January 2010 and the present.
22. Any and all communications, including e-mails and text messages, between YOU and any individual from a UNION between January 2010 and the present.
23. Any and all communications, including e-mails and text messages, between YOU and Jennifer Garner between January 2010 and the present.

Exhibit 11
Page 135

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 8648 Wilshire Boulevard, Beverly Hills, CA 90211-2910.

On October 22, 2020, I served true copies of the following document(s) described as **NOTICE OF DEPOSITION OF PATRICIA POLACH BY VIDEOCONFERENCE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address mcruz@kiesel.law to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 22, 2020, at Beverly Hills, California.

_____
Melanie Cruz

PROOF OF SERVICE

Exhibit 11
Page 136

# SERVICE LIST
*Kevin Risto, et. al. v. Screen Actors Guild-American Federation Of Television And Radio Artists, et. al.*; Case No. 2:18-cv-07241-CAS-PLA

| | |
|---|---|
| Andrew J. Thomas<br>Andrew G. Sullivan<br>Anna K. Lyons<br>**JENNER & BLOCK LLP**<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071<br>Telephone: (213) 239-5100<br>Facsimile:  (213) 239-5199<br>Emails: ajthomas@jenner.com<br>            agsullivan@jenner.com<br>            alyons@jenner.com | *Attorneys for All Defendants* |
| Neville L. Johnson<br>Daniel B. Lifschitz<br>**JOHNSON & JOHNSON LLP**<br>439 North Canon Drive, Suite 200<br>Beverly Hills, California 90210<br>Telephone: 310-975-1080<br>Facsimile: 310-975-1095<br>Emails: njohnson@jjllplaw.com<br>            dlifschitz@jjllplaw.com | *Attorneys for Plaintiff and the Class* |