1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 KEVIN RISTO, on behalf of himself and all others similarly situated, | Case No. 2:18-cv-07241-CAS-PLA |
| 12 | **CLASS ACTION** |
| 13 Plaintiff, | |
| 14 v. | **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| 15 SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, a Delaware corporation; AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA, a California nonprofit corporation; RAYMOND M. HAIR, JR, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; TINO GAGLIARDI, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; DUNCAN CRABTREE-IRELAND, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; STEFANIE TAUB, an individual, as Trustee of the AFM and SAG-AFTRA | Judge: Hon. Christina A. Snyder<br>Date: November 8, 2021<br>Time: 10:00 a.m.<br>Crtrm: 8D<br><br>*[Filed concurrently with Notice of Motion and Motion for Preliminary Approval of Class Action Settlement; Memorandum of Points and Authorities, and Declarations of Paul R. Kiesel, Neville Johnson, Kevin Risto and Steven Weisbrot]* |

16

17

18

19

20

21

22

23

24

25

26

27

28

Intellectual Property Rights Distribution Fund; JON JOYCE, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; BRUCE BOUTON, an individual, as Trustee of the AFM and SAG-AFTRA Intellectual Property Rights Distribution Fund; and DOE DEFENDANTS 1-10,

Defendants.

On November 8, 2021, at 10:00 a.m., this Court, with the Honorable Christina A. Snyder presiding, conducted a hearing regarding the motion brought by Plaintiff Kevin Risto ("Class Representative") for Preliminary Approval of Class Action Settlement, Approving Form of Notice to the Class, and Setting Hearing on Final Approval of Settlement. The parties appeared by and through their respective counsel of record.

The Court, after considering the papers and the arguments of counsel, and good cause appearing, HEREBY ORDERS THE FOLLOWING:

1.     For purposes of this Order, the Court adopts and incorporates all definitions set forth in the Settlement Agreement ("Settlement Agreement"), attached hereto as Exhibit A. Pursuant to Rule 23 of the Federal Rules of Civil Procedure the Court grants preliminary approval of the Settlement as set forth in the Settlement Agreement finding that it was the result of informed, extensive, arms-length negotiations and finds its terms to be within the range of reasonableness of a settlement that ultimately could be granted approval by the Court at the Final Fairness Hearing.

2.     The Court, having previously granted Class certification and finding all the relevant factors unchanged, reaffirms as the Settlement Class all non-featured musicians and non-featured vocalists, their agents, successors in interest, assigns, heirs, executors, trustees, and administrators, entitled to royalties under the Copyright Act (17 U.S.C. § 114 (g)(2)(B-C)) allocated for distribution for each distribution cycle after July 22, 2013, until the date of the entry of this Order.

3.     A final hearing shall be held on  February 28, 2021, at 12:00 p.m., before the Honorable Christina A. Snyder in Court Room 8D of the United States District Court for the Central District of California located in the First Street Courthouse, 350 W. First Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012 ("the Final Fairness Hearing"). At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement

1

Agreement is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Settlement Agreement should be entered herein; and, (c) whether to approve Class Counsel's application for an award of attorney's fees and costs, and the Class Representative's application for a service award. The Court may continue or adjourn the Final Fairness Hearing without further notice to members of the Class.

4.    Class Counsel shall file a motion for final approval of the settlement, and all supporting papers, on or before January 26, 2022.

5.    The Court approves the selection of Angeion Group, LLC ("Angeion") to be the Settlement Administrator. The Settlement Administrator will administer the applicable provisions of the Settlement Agreement in accordance with the terms therein including administering publication notice, set up and monitor a website, process objections, receive and respond to class member communications, and prepare a declaration for the Court reporting on its activities.  All reasonable fees and costs of the Settlement Administrator shall be paid from the Settlement Administration Fund. In advance of the Final Fairness Hearing, on or before February 21, 2021, the Settlement Administrator shall provide a sworn declaration attesting to its administration of the notice plan approved by the Court and set forth herein.

6.    The Settlement Administrator will send out the notices required by the Class Action Fairness Act ("CAFA") no later than ten (10) days following the entry of this Order.

7.    The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website. The Court also approves, as to form and content, the Notice of Class Action Settlement (the "Long Form

Notice") attached to this Order as Exhibit B, and 'Settlement Administrator Angeion Group Announces Proposed Settlement in Streaming Royalty Class Action' ("Summary Notice") attached as Exhibit C.  The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1) and (2) and providing individual notice is found to be onerous and unnecessary. No later than thirty (30) days following the entry of this Order shall the Settlement Administrator provide publication notice.

8.    Any motion by Class Counsel for an award of attorneys' fees and reimbursement of costs and service award from the Settlement Fund shall be accompanied by all supporting evidence and filed no later than December 22, 2021 and posted by the Settlement Administrator on the Settlement website.

9.    Any Class Members wishing to object to the approval of the Settlement or the award of attorneys' fees and reimbursement of costs to Class Counsel must submit a written and signed statement entitled "Objection" no later than January 11, 2022. Each objecting Class Members' written objections must be submitted in the manner set forth in the Long Form Notice and sent, with copies of any papers and briefs to be considered, to either the Counsel for the Parties or the Settlement Administrator:

**Class Counsel**:

Paul R. Kiesel

Kiesel Law LLP

8648 Wilshire Boulevard

Beverly Hills, California 90211

**Defendant's Counsel**:

Andrew J. Thomas

Jenner & Block LLP

515 S. Flower Street, Suite 3300

Los Angeles, CA 90071

(213) 239-5100

**Settlement Administrator**

Royalty Fund Settlement Administrator

Attn: Objections

P.O. Box 58220

Philadelphia, PA 19102

Upon the expiration of the time for filing objections, Class Counsel will submit, by ECF filing, a final compendium of objections to the Court for its consideration.

10. Any Objecting Class Member who has properly filed and served such written objections may, but is not required to, appear themself, or through counsel, at the Final Fairness Hearing and object to the approval of the Settlement or the award of attorneys' fees and reimbursement of costs to Class Counsel. No Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed Settlement, the judgment to be entered approving the same, or the award of attorneys' fees and reimbursement of costs to Class Counsel, unless that Class Member has filed and served written objections in the manner set forth herein.

11. The filing of an objection shall permit Class Counsel or Defendants' Counsel to notice the objecting person for and to take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location within fourteen (14) days of the deadline for Class Members to file objections, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself or herself available for a deposition or to comply with expedited discovery requests may result in the Court striking the objection or otherwise denying that person opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for any improper purpose.

12.   Any settlement Class Member who does not make his or her objection(s) in the manner so provided herein and in the Class Notice shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and the award of attorneys' fees and reimbursement of costs to counsel and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

13.   The Court reserves the right to adjourn the date of the Final Fairness Hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the parties to the settlement, if appropriate, without further notice to the Class.

**IT IS SO ORDERED:**

Date: November 12, 2021

HON. CHRISTINA A. SNYDER
United States District Judge

5

# EXHIBIT A

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** is entered into by and between Kevin Risto, individually and on behalf of the settlement Class defined below, and Defendants Screen Actors Guild – American Federation of Television and Radio Artists, American Federation of Musicians of The United States and Canada, Bruce Bouton, Duncan Crabtree-Ireland, Tino Gagliardi, Raymond M. Hair, Jr., Jon Joyce, and Stefanie Taub. This Agreement is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and subject to the Court's approval. This Agreement is intended to forever settle and compromise any and all claims, disputes and controversies, of any kind or nature whatsoever, whether known or unknown, which were raised or could have been raised, between or among the Parties, which in any way arise out of the allegations and claims or the facts underlying the allegations and claims stated in Civil Action No. 2:18-cv-07241-CAS-PLA in the United States District Court for the Central District of California, Western Division – Los Angeles. This Agreement settles the claims asserted in the above-captioned case between the Parties.

## I. DEFINITIONS

The following are certain definitions applicable to this Agreement.

**1.01   AFM.** "AFM" means the American Federation of Musicians of the United States and Canada.

**1.02   Agreement.** "Agreement" means this document, the Class Action Settlement Agreement and Release, evidencing a mutual settlement and release of disputed claims.

**1.03   Class.** "Class" refers to the class certified by the Court under Rules 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure consisting of all non-featured musicians and non-featured vocalists, their agents, successors in interest, assigns, heirs, executors, trustees, and administrators, entitled to royalties under the Copyright Act (17 U.S.C. § 114(g)(2)(b-c)) allocated for distribution by the Fund for each distribution cycle after July 22, 2013.

**1.04   Class Counsel.** "Class Counsel" means Paul R. Kiesel (kiesel@kiesel.law), Mariana A. McConnell (mcconnell@kiesel.law), and Nicholas Brancolini (brancolini@kiesel.law), of Kiesel Law LLP, 8648 Wilshire Boulevard, Beverly Hills CA 90211-2910; and Neville L. Johnson (njohnson@jjllplaw.com), Douglas L. Johnson (djohnson@jjllplaw.com), and Daniel Lifschitz (dlifschitz@jjllplaw.com), of Johnson & Johnson LLP, 439 North Canon Drive, Suite 200, Beverly Hills CA 90210.

**1.05   Class Member.** "Class Member" means all persons (or their beneficiaries, if deceased) who are members of the Class as of the date of the close of the Class Period.

**1.06    Class Period.**  "Class Period" means from July 22, 2013 until the date of the entry of the Court's Order Granting Preliminary Approval of Class Settlement.

**1.07    Class Representative.**  "Class Representative" or "Plaintiff" refers to the named Plaintiff Kevin Risto, individually and on behalf of the Class defined above.

**1.08    Court.**  "Court" means the court before which the Litigation is pending, the United States District Court for the Central District of California, Western Division – Los Angeles, Hon. Christina A. Snyder, presiding district court judge, and Hon. Paul L. Abrams, presiding magistrate judge.

**1.09    Defendants.**  "Defendants" means Screen Actors Guild – American Federation of Television and Radio Artists, American Federation of Musicians of The United States and Canada, Bruce Bouton, Duncan Crabtree-Ireland, Tino Gagliardi, Raymond M. Hair, Jr., Jon Joyce, and Stefanie Taub.

**1.10    Defendants' Counsel.**  "Defendants' Counsel" means Andrew J. Thomas (AJThomas@jenner.com); Alexander M. Smith (ASmith@jenner.com), Andrew G. Sullivan (AGSullivan@jenner.com), Anna K. Lyons (ALyons@jenner.com), Jenner & Block LLP, 633 West 5th Street, Suite 3600, Los Angeles CA 90071-2054.

**1.11    DPRA Royalties.**  "DPRA Royalties" as used herein refers to the royalties provided for in the Digital Performance Right in Sound Recordings Act of 1995 and/or the Digital Millennium Copyright Act of 1998 which are collected and distributed by the Fund pursuant to 17 U.S.C. § 114(g)(2)(b-c).

**1.12    Fairness Hearing.**  The "Fairness Hearing" will be a hearing at such time, place, and date as set by the Court where, among other things, the Court will consider the fairness, reasonableness, and adequacy of the Agreement and provide an opportunity for any Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Agreement to be heard, provided that the Class Member complies with the requirements for objecting to this Agreement.

**1.13    Final Judgment.**  "Final Judgment" means the judgment entered by the Court following entry of the Order Granting Final Approval, which shall incorporate the terms of this Agreement, dismiss the Litigation with prejudice, and provide for payment of (i) the Settlement Distribution Fund, (ii) fees and costs incurred by the Settlement Administrator, (iii) incentive award to the Class Representative, and (iv) attorneys' fees and costs to Class Counsel.

**1.14    Fund.**  The "Fund" refers to the AFM & SAG-AFTRA Intellectual Property Rights Distribution Fund.

**1.15    Identified Fund Participant.**  "Identified Fund Participant" or "Identified Participant" as used herein means a non-featured musician or non-featured vocalist as referenced in 17 U.S.C. § 114(g)(2)(B) & (C), who have successfully received and processed the most recent Royalties paid from the Fund to such individual.

**1.16   Litigation.**  "Litigation" means Civil Action No. 2:18-cv-07241-CAS-PLA in the United States District Court for the Central District of California, Western Division – Los Angeles.

**1.17   Non-Featured Performers.**  "Non-Featured Performers" means collectively non-featured musicians and non-featured vocalists as these terms are referenced in 17 U.S.C. § 114(g)(2)(b-c).

**1.18   Order Granting Final Approval.**  "Order Granting Final Approval" means an order entered by the Court following the Fairness Hearing, which shall approve the terms and conditions of this Agreement, the method of payment of the Settlement Distribution Fund to the Class, the payment of fees and costs incurred by the Settlement Administrator, the payment of an incentive award to the Class Representative, and the payment of attorneys' fees and expenses to Class Counsel. The Parties will submit to the Court a proposed Order Granting Final Approval.

**1.19   Order Granting Preliminary Approval of Class Settlement.**  "Order Granting Preliminary Approval of Class Settlement" shall refer to the order entered by the Court finding it sufficiently likely it will approve the terms and conditions of this Agreement, finding that giving notice to the Class is justified, approving the manner and timing of providing notice to the Class and of filing objections, and setting the date of the Fairness Hearing.  The Parties will submit to the Court a proposed Order Granting Preliminary Approval of Class Settlement.

**1.20   Parties.**  "Parties" means Plaintiff and Defendants collectively.

**1.21   Principal Royalty Distribution**.  "Principal Royalty Distribution" shall refer to the Fund's distribution occurring each spring which constitutes the Fund's largest distribution in the Fund's annual cycle in terms of the number of participants receiving royalty distributions.

**1.22   Pro Rata Basis**.  "Pro Rata Basis" shall refer to the manner in which amounts from the Settlement Distribution Fund are allocated for distribution among Class Members. Specifically, Identified Fund Participants and Unclaimed Participants who are Class Members shall be allocated amounts from the Settlement Distribution Fund in proportion to the total amount of Royalties they were respectively allocated across all distribution cycles from July 22, 2013 until the date of the Order Granting Preliminary Approval of Class Settlement.

**1.23   Royalties.**  "Royalties" as used herein refers to DPRA Royalties and does not include moneys received from any other sources, including but not limited to (1) amounts collected by the Fund as the result of a settlement agreement relating to U.S. recordings created prior to February 15, 1972; (2) royalties identified in the Audio Home Recording Act of 1992; and (3) amounts collected by the Fund from non-U.S. collectives or neighboring rights societies.

**1.24   SAG-AFTRA.**  "SAG-AFTRA" means the Screen Actors Guild – American Federation of Television and Radio Artists.

**1.25   Settlement Administration Fund**. "Settlement Administration Fund" refers to the settlement amount to be issued by Defendants of Two Million Six Hundred Thousand Dollars ($2,600,000), which shall be dedicated to satisfying payment of (1) litigation costs incurred by

Class Counsel in the Litigation; (2) fees and costs incurred by the Settlement Administrator in connection with providing notice to the Class, processing objections from Class Members, and all other tasks associated with administering the Settlement; (3) any incentive fee awarded to the Class Representative; and (4) attorneys' fees to Class Counsel for the Litigation.  This amount shall be the sole source of funds used to satisfy the foregoing categories of costs and fees.

**1.26    Settlement Administrator.**  "Settlement Administrator" means a settlement administrator, from whom Class Counsel shall solicit bids from and recommend, as further set forth in Paragraph 3.02 of this Agreement.

**1.27    Settlement Distribution Fund**.  "Settlement Distribution Fund" refers to the settlement amount to be issued by Defendants of Five Million Three Hundred Fifty Thousand Dollars ($5,350,000) held by the Fund in a separate internal account and to be distributed to Class Members on a Pro Rata Basis.

**1.28    Settlement Distribution Period.**  "Settlement Distribution Period" means the time period during which the Fund causes payments or credits to be made to Class Members from the Settlement Distribution Fund.

**1.29    Settlement Operative Date.**  "Settlement Operative Date" shall refer to the later of the following dates: (a) if no appeal is taken from the Order Granting Final Approval, the expiration of the time to appeal the Final Judgment pursuant to Federal Rule of Appellate Procedure 4(a)(1)(a); or (b) if an appeal is taken from the Order Granting Final Approval and the Order Granting Final Approval is affirmed, the date on which the Court of Appeals issues its mandate.

**1.30    Singular/Plural.**  The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

**1.31    Trustee Defendants.**  "Trustee Defendants" means the Trustees of the Fund named as Defendants in this Litigation, specifically Bruce Bouton, Duncan Crabtree-Ireland, Tino Gagliardi, Raymond M. Hair, Jr., Jon Joyce, and Stefanie Taub.

**1.32    Unclaimed Royalties.**  "Unclaimed Royalties" means Royalties payable to a Non-Featured Performer who has been identified on a sound recording for which a distribution of Royalties has been made, but for whom the Fund has insufficient contact or other information to process a royalty payment, or from whom a payment has been returned due to, for example, an incorrect address, or who for some other reason failed to successfully process a payment.

**1.33    Unclaimed Royalties List.**  "Unclaimed Royalties List" means the list of Non-Featured Performers to which Unclaimed Royalties have been allocated, which the Fund has published at https://www.afmsagaftrafund.org/unclaimed-royalties.php.

**1.34    Unclaimed Royalties Pool.**  "Unclaimed Royalties Pool" means the Unclaimed Royalties allocated to the Non-Featured Performers who the Fund has identified as having performed on a sound recording for which a distribution of Royalties has been made, but for whom

the Fund has insufficient contact or other information to process a royalty payment, or from whom a payment has been returned due to, for example, an incorrect address, or to whom the Fund issued a check that remains uncashed.

    **1.34**   **Unclaimed Participant**. "Unclaimed Participant" as used herein means a non-featured musician or non-featured vocalist as referenced in 17 U.S.C. § 114(g)(2)(B) & (C), who is on the Unclaimed Royalties List, has royalty payments in the Unclaimed Royalties Pool, and/or has Unclaimed Royalties.

    **1.35**   **Unions.** "Unions" refers collectively to AFM and SAG-AFTRA.

## II.   FACTUAL BACKGROUND

    **2.01.**   On June 22, 2018 Plaintiff commenced this Litigation by filing a Class Action Complaint in Los Angeles County Superior Court. Defendants subsequently removed the case to the United States District Court of the Central District of California on July 28, 2018. *See* ECF 1. On November 20, 2018, Plaintiff filed a First Amended Complaint. *See* ECF 26. As set forth more fully in the First Amended Complaint, Plaintiff alleged that the Trustees breached their fiduciary duties by approving and implementing a Data Purchase and Services Agreement dated July 22, 2013, which includes a Service Fee paid annually to the Unions in exchange for data and services provided to the Fund by the Unions. Plaintiff's First Amended Complaint includes four causes of action against Defendants: (1) breach of fiduciary duty (against the Trustee Defendants only), (2) money had and received (against all Defendants), (3) declaratory relief (against all Defendants), and (4) conversion (against all Defendants). Defendants deny that they are liable to Plaintiff or the Class with respect to any and all causes of action alleged in the Class Action Complaint.

    **2.02.**   On August 9, 2021, the Parties informed the Court that they had reached a conditional settlement in principle of the Litigation. *See* ECF 160.

    **2.03.**   Class Counsel and Defendants' Counsel have diligently and extensively investigated the facts and law as applied to the facts discovered regarding the alleged claims of Plaintiff and potential defenses thereto, and the damages claimed by Plaintiff.

    **2.04.**   The essential terms of the Agreement were proposed by an independent mediator (the Honorable Louis M. Meisinger (Ret.)) on August 6, 2021, following a number of proposals and counter-proposals exchanged among the Parties in the course of mediation. The Parties engaged in three formal mediation sessions, in addition to a number of informal exchanges regarding settlement terms, before agreeing to the settlement terms proposed by the Honorable Louis M. Meisinger (Ret.). The Parties agreed to these essential terms and executed a term sheet reflecting these terms on August 8, 2021. The Parties believe this is a fair, reasonable and adequate Agreement and have arrived at this Agreement through adversarial, non-collusive, arm's-length negotiations, taking into account all relevant factors, both present and potential.

    **2.05.**   Defendants have denied, and continue to vigorously deny, any and all liability and money owed to anyone with respect to the alleged facts or causes of action asserted in the

Litigation.  Nevertheless, without admitting or conceding any liability or money owed whatsoever, Defendants have agreed to settle the Litigation, on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing this Litigation; to avoid the diversion of resources and personnel required by continuing the Litigation through trial and possible appeals; and to put to rest any and all claims that are, or could have been, brought or asserted in this, or any similar, litigation in this Court or any other court or jurisdiction, administrative or governmental body or agency, tribunal, or arbitration panel, which are based upon or arise out of, in whole or in part, any of the facts, circumstances or conduct alleged in this Litigation concerning each Class Member.  Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Agreement.

2.06.   Class Counsel have analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on Plaintiff and the Class.  Based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Plaintiff and the Class, and/or might result in a recovery which is not as good as the settlement for Plaintiff and the Class, and/or might not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Settlement is in the best interests of Plaintiff and the Class.

2.07.   As a result of these and other considerations, the Parties have agreed to settle the Litigation as provided for herein.

## III.   APPROVAL BY THE COURT TO GIVE CLASS NOTICE

3.01.   **Approval by the Court to Give Notice.**  The Parties will file this Agreement with the Court along with supporting documentation to seek an Order Granting Preliminary Approval of Class Settlement.

3.02.   **Class Notice; Settlement Administrator.**   In the Motion for Preliminary Approval, the Parties shall request the Court to approve a notice plan developed in cooperation with the Settlement Administrator they have hired.  The Settlement Administrator shall handle administering publication notice, set up and monitor a website, process objections, receive and respond to class member communications, send out the notices required by the Class Action Fairness Act ("CAFA"), and prepare a declaration for the Court reporting on its activities.  The Settlement Administrator shall complete publication notice to Class Members and those required by CAFA no later than thirty (30) days after entry of the Order Granting Preliminary Approval. Plaintiff shall solicit bids for the Settlement Administrator position and recommend the Settlement Administrator to Defendants, provided that no Party shall unreasonably withhold its approval of a qualified candidate for the position.  The Parties shall cooperate with the Settlement Administrator as necessary, and all Parties shall have an opportunity to consult with the Settlement Administrator regarding any plan for publication or other notice.

3.03.   **Objections to Settlement.**  Any Class Member who wishes to object to the Settlement must send to Class Counsel and Defendants' Counsel, or the designated Settlement

Administrator, a written and signed statement entitled "Objection" within thirty (30) days following completion of the publication notice period under Paragraph 3.02 of this Agreement. To state a valid objection to the Settlement, a Class Member must provide the following information in the written objection: (i) his or her full name, address, telephone number, and e-mail address (if available); (ii) a statement of the objection(s), including all factual and legal grounds for the objection; (iii) copies of any documents he or she wishes to submit in support; (iv) the name, address, and telephone number of his or her separate counsel in this matter, if any; and (v) his or her dated signature.  In addition, the objection must list any other objections submitted by the Class Member, or his or her counsel, to any class action settlements in any court in the United States in the previous five (5) years, or else affirmatively state that no other such objections have been made.  If an objecting Class Member intends to appear, in person or by counsel, at the Fairness Hearing, he or she must so state in the written objection.  In all instances, the date appearing on the postmark shall be controlling for determining when an Objection was mailed.

Any Class Member who fails to comply with the provisions of this paragraph and the preceding paragraphs shall be deemed to have waived and forfeited any and all objections to the Agreement, can be barred from speaking or otherwise presenting views at the Fairness Hearing, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments in the Litigation.

The Parties will request that the Court enter an order providing that the filing of an objection shall permit Class Counsel or Defendants' Counsel to notice the objecting person for and to take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location within fourteen (14) days of the deadline for Class Members to file objections, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself or herself available for a deposition or to comply with expedited discovery requests may result in the Court striking the objection or otherwise denying that person opportunity to be heard.  The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for any improper purpose.  These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members.

**3.04.    Entry of Order Granting Final Approval.**  At the time the Court enters the Order Preliminary Approval, the Parties will request that the Court set the Fairness Hearing for a date which is more than sixty (60) days after the Settlement Administrator's last day to issue CAFA notice pursuant to Paragraph 3.02 above.  No later than seven (7) days prior to the scheduled date of the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court providing an update regarding the completion status of the Settlement Administrator's duties set forth above in Paragraph 3.02.  Such declaration shall also include a sworn certification from the Settlement Administrator stating the total fees charged and costs incurred by the Settlement Administrator in executing its duties pursuant to Paragraph 3.02 above.  At the Fairness Hearing, the Parties will request that the Court, among other things: (a) enter an Order Granting Final Approval in accordance with this Agreement; (b) approve the Agreement as final, fair, reasonable, adequate and binding on all Class Members; (c) approve the amount and manner of payment of

attorneys' fees and costs, as well as additional costs of the settlement administration, including the payment of any incentive fee to the Class Representative; (d) enjoin any Class Member from bringing any proceeding pursuing released claims in any other court or tribunal; and (e) order the dismissal of the Litigation with prejudice.

**3.05.    Effect of Failure to Enter Order Granting Preliminary or Final Approval of Settlement.**  In the event the Court fails to enter an Order Granting Preliminary Approval of Class Settlement or an Order Granting Final Approval of Class Settlement in accordance with all material terms of this Agreement, or the Order Granting Final Approval of Class Settlement does not for any reason become final as defined herein, the Parties shall proceed as follows:

    A.    The Parties shall attempt to renegotiate the settlement agreement in good faith.  The Litigation will resume unless the Parties mutually agree within sixty (60) days to: (1) seek Court approval of a renegotiated settlement agreed upon by the Parties; or (2) seek reconsideration or appellate review of the decision denying entry of the Order Granting Final Approval.

    B.    In the event the Parties seek reconsideration and/or appellate review of the decision denying entry of the Order Granting Final Approval and such reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement.

If the Court fails to enter an Order Granting Preliminary Approval of Class Settlement or an Order Granting Final Approval of Class Settlement in accordance with all material terms of this Agreement, or the Order Granting Final Approval of Class Settlement does not for any reason become final, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall not be used or admissible in any manner for any purpose, shall not be deemed or construed to be an admission or confession by the Parties of any fact, matter, or proposition of law, and all Parties shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.  In such event, the parties to the Litigation shall move the Court to vacate any and all orders entered by the Court pursuant to the provisions of this Agreement.

## IV.    RELIEF

**4.01.    Settlement Distribution.**  At the time of the Fund's next regularly scheduled Principal Royalty Distribution following the Settlement Operative Date, the Fund shall distribute the Settlement Distribution Fund on a Pro Rata Basis to all Identified Fund Participants who are Class Members and issue a credit to the account of all Unclaimed Participants who are Class Members. The Fund's determination of amounts to be paid and/or credited to Class Members from the Settlement Distribution Fund, the issuance of checks or electronic payments from the Settlement Distribution Fund, and the issuance of credits from the Settlement Distribution Fund shall take place during the Settlement Distribution Period.

**4.02.    Distribution Determination**.  Determination of the amount to be paid and/or credited to Class Members from the Settlement Distribution Fund in accordance with this

Agreement shall be the responsibility of the Fund with oversight and reasonable approval of the Parties.

**4.03.   Unclaimed Settlement Distributions**.   All checks or electronic payments distributed by the Fund to Class Members from the Settlement Distribution Fund shall be voided 180 days after issue.  Clear notice of this deadline to process payment shall be provided to Class Members in the materials accompanying such payments.   For one (1) year following the completion of the pro rata settlement distribution pursuant to Paragraph 4.01, any amount distributed or credited by the Fund but not successfully processed or claimed by Class Members shall remain available to Class Members by the Fund pending any requests for re-issuance of payment from Class Members who failed to timely process their payments. Any remaining balance in the Settlement Distribution Fund following this period shall be added to the Fund's Unclaimed Royalties Pool, to be distributed to Non-Featured Performers receiving payments from the Unclaimed Royalties Pool pursuant to the Fund's distribution guidelines.

**4.04.   Service Fee**.  For a period of three (3) years commencing at the beginning of the Fund's first fiscal year following the Settlement Operative Date, the Service Fee payable under the Data Purchase and Services Agreement shall be a flat fee in the total amount of Seven Hundred Sixty-Five Thousand Dollars ($765,000) paid to both Unions annually (*e.g.*, $382,500 per year to AFM and $382,500 per year to SAG-AFTRA) during the three (3) year period.  The Service Fee shall continue at its current rate pending the commencement of the three (3) year period during which the annual flat fee will be paid.

**4.05.   Data Purchase and Services Agreement Renegotiation**.  The Data Purchase and Services Agreement will be revisited by the Fund and the Unions every three (3) years and either formally renewed or renegotiated.   The initial three (3) year period shall commence on the Settlement Operative Date.  Any renegotiation of the Data Purchase and Services Agreement will take place between the Fund's Chief Executive Officer or Chief Financial Officer and a representative of each Union who is not also a Fund board member.  In any renegotiation, each party will be represented by independent counsel of its own choosing.  Approval of a renewed or renegotiated Data Purchase and Services Agreement will be by a vote of the Fund's trustees who are not officers in either SAG-AFTRA or AFM, as well as approval by a majority vote of the Fund's Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer.

**4.06.   Settlement Administration Fund**.  Within fourteen (14) days of the Settlement Operative Date, Defendants shall cause a payment in the amount of Two Million Six Hundred Thousand Dollars ($2,600,000) to be deposited in an escrow account with an escrow holder agreed upon by the Parties.  The amount deposited in escrow (referred to in this Agreement as "the Settlement Administration Fund") shall be the sole source for payment of (1) litigation costs incurred by Class Counsel in the Litigation; (2) fees and costs incurred by the Settlement Administrator in connection with providing notice to the Class, processing objections from Class Members, and all other tasks associated with administering the Settlement; (3) any incentive fee awarded to the Class Representative; and (4) attorneys' fees to Class Counsel for the Litigation. Distributions from the Settlement Administration Fund with respect to each of these categories of costs and fees shall require Court approval.

**4.07.   Class Representative Incentive Awards.**   The Parties agree that Plaintiff may apply for an incentive award of up to $25,000.   Any incentive award shall be approved by the Court as part of the Court's Order Granting Final Approval of Class Settlement.   Any incentive award shall be paid from the Settlement Administration Fund no fewer than ten (10) days following funding of the Settlement Administration Fund.

**4.08.   Releases.**   Upon the Settlement Operative Date, the Class Representative and each Class Member shall release Defendants, as well as their respective agents, employees, representatives, attorneys, officers, directors, shareholders, managers, insurers, subsidiaries and/or affiliates, and their successors and assigns, of and from any and all claims, defenses, demands, causes of action, controversies, liabilities, obligations, and damages of any kind arising out of the allegations and claims or the facts underlying the allegations and claims pled in this Litigation.   In addition, the Class Representative shall relinquish the benefits of Section 1542 of the California Civil Code, which states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

**4.09.   Attorneys' Fees and Costs.**   Attorneys' fees paid to Class Counsel shall be approved by the Court in its Order Granting Final Approval of Class Settlement and shall consist of the balance remaining in the Settlement Administration Fund once all other amounts to be paid from the Settlement Administration Fund have been satisfied.   This amount shall be distributed within ten (10) days following the funding of the Settlement Administration Fund, unless the Court directs otherwise.   For the avoidance of doubt, the Class Counsel's attorney fees are not being paid from a common fund, and Defendants do not object to the use of the Settlement Administration Fund to pay Class Counsel's attorneys' fees and costs.

## V.   MISCELLANEOUS PROVISIONS

**5.01.   Cooperation Between the Parties.**   The Parties shall reasonably cooperate with each other and shall use their best efforts to obtain Court approval of this Agreement and all of its terms.

**5.02.   Entire Agreement.**   No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants referenced in this Agreement.   This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

**5.03.   Modification of Agreement.**   No waiver, modification or amendment of the terms of this Agreement, made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by Class Counsel and Defendants' Counsel, and then only to the

extent set forth in such written waiver, modification or amendment, and subject to any required Court approval.

**5.04.   Construction of Agreement.**  The Parties acknowledge as part of the execution hereof that this Agreement was reviewed and negotiated by their counsel and agree that the language of this Agreement shall not be presumptively construed against any of the Parties hereto. This Agreement shall be construed as having been drafted by all the Parties to it, so that any rule of construction by which ambiguities are interpreted against the drafter shall have no force and effect.

**5.05.   Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form set forth herein are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**5.06.   Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties, the Settlement Class, and their respective heirs, successors and assigns.

**5.07.   Waiver.**  Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions of this Agreement and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**5.08.   When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its execution by Defendants' Counsel, Class Counsel, and all Parties. Counsel and the Parties may execute this Agreement in counterparts, and execution in one or more counterparts shall have the same force and effect as if all Parties had signed the same instrument. If any provision of this Agreement is held by a court of competent jurisdiction to be unenforceable, the remaining provisions of this Agreement shall remain enforceable.  However, Plaintiff and Defendants shall each retain the right to seek from the Court, under its continuing jurisdiction as set forth below in Paragraph 5.11, an appropriate order to address the ramifications of any order of a court of competent jurisdiction holding a provision of this Agreement to be unenforceable.

**5.09.   No Third-Party Beneficiaries.**  This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary to this Agreement.

**5.10.   Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.11.   Continuing Jurisdiction.**  The Court's jurisdiction over the Litigation and the Parties will continue after the Final Judgment in order for the Court to assure itself of the Parties' compliance with the Agreement.

**5.12.   Electronic Signatures.**   Any signatory may execute this Agreement by signing their name on the designated signature block below and transmitting that signature page electronically to all counsel.  Any signature made and transmitted electronically for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party transmitting their signature electronically.

**5.13.   Commitment to Support by Parties.**   Plaintiff, Class Counsel, Defendants, and Defendants' Counsel agree to recommend approval of and to support this Agreement to the Court and to undertake their best efforts, including all reasonable steps contemplated by this Agreement, to give force and effect to its terms and conditions.  Neither Plaintiff, Class Counsel, Defendants, nor Defendants' Counsel shall in any way encourage any objections to this Agreement (or any of its terms or provisions).

**5.14.   Stay; Cessation of Litigation Activity.**   The Parties agree to commit to and support a stay of all proceedings in the Litigation pending the Fairness Hearing, except as to any proceedings as may be necessary to implement and complete the Agreement.  Pending the Fairness Hearing, and continuing through the Settlement Operative Date, Plaintiff and Class Counsel agree not to initiate any additional litigation against Defendants which would be released pursuant to Paragraph 4.08 above.

**5.15.   Confidential Discovery Materials.**   Within thirty (30) days of the Settlement Operative Date, Class Counsel and Defendants' Counsel shall provide to one another a declaration of compliance with all obligations under the protective order entered by the Court in this Litigation.

**5.16.   Dismissal**.   As part of the Final Judgment, the Court shall dismiss the Litigation with prejudice.

[SIGNATURE BLOCKS ON FOLLOWING PAGE.]

Dated:  September **30**, 2021

KIESEL LAW LLP

_[signature]_

Paul R. Kiesel
Mariana A. McConnell
Nicholas Brancolini

_Attorneys for Plaintiff and the Class_

Dated:  September 30, 2021

JOHNSON & JOHNSON LLP

_[signature]_

Neville L. Johnson
Douglas L. Johnson
Daniel Lifschitz

_Attorneys for Plaintiff and the Class_

Dated:  September ___, 2021

Kevin Risto

_Plaintiff_

Dated:  September ___, 2021

JENNER & BLOCK LLP

Andrew J. Thomas
Alexander M. Smith
Andrew G. Sullivan
Anna K. Lyons

_Attorneys for All Defendants_

3045135

Dated:  September ___, 2021                    KIESEL LAW LLP

 

_____

Paul R. Kiesel
Mariana A. McConnell
Nicholas Brancolini

*Attorneys for Plaintiff and the Class*

Dated:  September ___, 2021                    JOHNSON & JOHNSON LLP

 

_____

Neville L. Johnson
Douglas L. Johnson
Daniel Lifschitz

*Attorneys for Plaintiff and the Class*

Dated:  September **28**, 2021                    *kevin Risto*

_____

Kevin Risto

*Plaintiff*

Dated:  September ___, 2021                    JENNER & BLOCK LLP

 

_____

Andrew J. Thomas
Alexander M. Smith
Andrew G. Sullivan
Anna K. Lyons

*Attorneys for All Defendants*

Dated: September ___, 2021

KIESEL LAW LLP

_____
Paul R. Kiesel
Mariana A. McConnell
Nicholas Brancolini

*Attorneys for Plaintiff and the Class*

Dated: September ___, 2021

JOHNSON & JOHNSON LLP

_____
Neville L. Johnson
Douglas L. Johnson
Daniel Lifschitz

*Attorneys for Plaintiff and the Class*

Dated: September ___, 2021

_____
Kevin Risto

*Plaintiff*

Dated: September _29_, 2021

JENNER & BLOCK LLP

_____
Andrew J. Thomas
Alexander M. Smith
Andrew G. Sullivan
Anna K. Lyons

*Attorneys for All Defendants*

Dated:  September _29_, 2021

SCREEN ACTORS GUILD – AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS

Jeffrey Bennett for Screen Actors Guild – American Federation of Television and Radio Artists

*Defendant*


Dated:  September _29_, 2021

AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA

Raymond M. Hair, Jr. for American Federation of Musicians of The United States and Canada

*Defendant*


Dated:  September _29_, 2021

Bruce Bouton

*Defendant*


Dated:  September _29_, 2021

Duncan Crabtree-Ireland

*Defendant*

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE
CASE NO. 2:18-cv-07241-CAS-PLA

3045135

Dated:  September  29 , 2021

_____
Tino Gagliardi

*Defendant*

Dated:  September  29 , 2021

_____
Raymond M. Hair, Jr.

*Defendant*

Dated:  September  29 , 2021

_____
Jon Joyce

*Defendant*

Dated:  September  29 , 2021

_____
Stefanie Taub

*Defendant*

CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE
CASE NO. 2:18-cv-07241-CAS-PLA

3045135

# EXHIBIT B

## NOTICE OF CLASS ACTION SETTLEMENT

**If you are a beneficiary of the AFM & SAG-AFTRA Intellectual Property Rights Distribution Fund you may be receiving compensation from a class action settlement.**

*A United States District Court authorized this Notice. It is not a solicitation from a lawyer.*

- A settlement has been reached in a lawsuit involving non-featured musicians and vocalists entitled to streaming royalties under the Copyright Act. The AFM & SAG-AFTRA Intellectual Property Rights Distribution Fund (the "Fund") is responsible for distributing royalties to these non-featured artists. In July 2013 the Fund entered into a services agreement with the Screen Actors Guild – American Federation of Television and Radio Artists ("SAG-AFTRA") and American Federation of Musicians of The United States and Canada ("AFM" together, the "Unions") whereby the Fund paid 3% of all distributable streaming revenues to the Unions in exchange for certain performer data and related services. Plaintiff's class action lawsuit alleged that the Fund Board of Trustees breached their fiduciary duties in doing so.
- The Settlement is not an admission of wrongdoing by any Defendant.
- The Settlement, as is explained in more detail below, provides for $5,350,000 to be paid to Class Members, pro rata, and a fee restructuring.
- You have to take action on or before [Hearing Date], in order to exercise certain of your legal rights and options in the Settlement, which are set forth below in this notice. Your legal rights are affected whether or not you act. Read this notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | • If you are a Class member you will receive all prospective relief and a pro rata portion of the Settlement Distribution Fund or a credit and be bound by the final judgment in the case. |
| **OBJECT TO SETTLEMENT (BY [DATE])** | • You may object to the Settlement by mailing a statement detailing why you don't think the Settlement should be approved. You can also write to provide comments or reasons why you support the Settlement. *See below for details.* |
| **GO TO THE HEARING (ON [DATE])** | • Ask to speak in Court about your opinion of this Settlement. *See below for details.* |

# GENERAL INFORMATION

## Lawsuit Background

This class action lawsuit was brought on behalf of all non-featured musicians and non-featured vocalists, their agents, successors in interest, assigns, heirs, executors, trustees, and administrators, entitled to royalties under the Copyright Act (17 U.S.C. § 114(g)(2)(b-c)), allocated for distribution by the Fund for each distribution cycle after July 22, 2013. Defendants are the Fund's Board of Trustees Bruce Bouton, Duncan Crabtree-Ireland, Tino Gagliardi, Raymond M. Hair, Jr., Jon Joyce, and Stefanie Taub (the "Trustees") and the AFM and SAG-AFTRA (together, the "Unions" and collectively the "Defendants"). The Settlement resolves a lawsuit alleging that the Trustees breached their fiduciary duties by approving and implementing a Data Purchase and Services Agreement, dated July 22, 2013, which includes a 3% Service Fee paid annually to SAG-AFTRA and AFM in exchange for data and services provided to the Fund by the Unions.

Defendants deny the allegations in the lawsuit, and the Court has not made a determination regarding Plaintiff's allegations.

## Summary of the Lawsuit

This lawsuit was brought in the United States District Court for the Central District of California, Western Division – Los Angeles by Kevin Risto (the "Class Representative" or "Plaintiff"), on behalf of himself and all other similarly situated non-featured musicians and vocalists. The First Amended Complaint alleged that the Trustees breached their fiduciary duties by approving and implementing the Service Fee. Plaintiff's First Amended Complaint included four causes of action against Defendants: (1) breach of fiduciary duty (against the Trustee Defendants only); (2) money had and received (against all Defendants); (3) declaratory relief (against all Defendants); and (4) conversion (against all Defendants).

The Court has not made a determination of any wrongdoing by Defendants, who deny the allegations and Plaintiff's claims. The parties agreed to settle all claims to avoid the costs and disruption of litigation. The precise terms and conditions of the Settlement as set out in the Class Action Settlement Agreement and Release (the "Settlement Agreement") are summarized here, or can be obtained on the Settlement Website www.RoyaltyFundSettlement.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Central District of California – Western Division, 255 East Temple Street, Los Angeles, CA, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## Who Is in the Settlement Class

Settlement Class Members are: "all non-featured musicians and non-featured vocalists, their agents, successors in interest, assigns, heirs, executors, trustees, and administrators, entitled to royalties under the Copyright Act (17 U.S.C. § 114(g)(2)(b-c)) allocated for distribution by the Fund for each distribution cycle after July 22, 2013."

If you are, or were, a Fund beneficiary for any of the distribution cycles between July 22, 2013, to present, you are likely a member of the Settlement Class.

## SETTLEMENT BENEFITS

If you are a Class member, you are not required to take any action. This Notice is only a summary of the proposed Settlement. The complete terms of the proposed Settlement are set forth in the Settlement Agreement which is available on the Settlement Website and is also on file with the Court.

The Court did not decide in favor of Plaintiff or Defendants. Instead, both sides, with the assistance of two mediators, agreed to this Settlement. Settlement avoids the costs of trial, and assures that settlement benefits go to class members. The Class Representative and his attorneys think the Settlement is in the best interests of the Class.

The Settlement benefits are summarized below.

### Payment to Class Members

Pursuant to the Settlement, the Fund shall distribute the Settlement Distribution Fund of $5,350,000 on a pro rata basis to all non-featured musicians or non-featured vocalists as referenced in 17 U.S.C. § 114(g)(2)(B) & (C), who have successfully received and processed the most recent Royalties paid from the Fund to such individuals ("Identified Fund Participants") and issue a credit to the account of all non-featured musicians or non-featured vocalists as referenced in 17 U.S.C. § 114(g)(2)(B) & (C), who are on the Unclaimed Royalties List, have royalty payments in the Unclaimed Royalties Pool, and/or have Unclaimed Royalties ("Unclaimed Participants").

### Payment Calculation and Distribution

If the Settlement is approved by the Court, then, in accordance with the terms set forth in the Settlement Agreement payment calculation and distribution will be as follows:

> At the time of the Fund's next regularly scheduled Principal Royalty Distribution following the Settlement Operative Date, the Fund shall distribute the Settlement Distribution Fund on a Pro Rata Basis to all Identified Fund Participants who are Class Members and issue a credit to the account of all Unclaimed Participants who are Class Members. The Fund's determination of amounts to be paid and/or credited to Class Members from the Settlement Distribution Fund, the issuance of checks or electronic payments from the Settlement Distribution Fund, and the issuance of credits from the Settlement Distribution Fund shall take place during the Settlement Distribution Period.

> Determination of the amount to be paid and/or credited to Class Members from the Settlement Distribution Fund in accordance with this Agreement shall be the responsibility of the Fund with oversight and reasonable approval of the Parties.

> All checks or electronic payments distributed by the Fund to Class Members from the Settlement Distribution Fund shall be voided 180 days after issue.

> For one year following the completion of the pro rata settlement distribution, any amount distributed or credited by the Fund but not successfully processed or claimed by Class Members shall remain available to Class Members by the Fund pending any requests for re-issuance of payment from Class Members who failed to timely process their payments.

Any remaining balance in the Settlement Distribution Fund following this period shall be added to the Fund's Unclaimed Royalties Pool, to be distributed to Non-Featured Performers receiving payments from the Unclaimed Royalties Pool pursuant to the Fund's distribution guidelines.

**Revised Service Fee**

In addition to the payment by Defendants, for a period of three years, the Service Fee payable under the Data Purchase and Services Agreement shall be a flat fee in the total amount of $765,000 paid to both Unions annually.

**Procedural Safeguards**

The Data Purchase and Services Agreement will be revisited by the Fund and the Unions every three years and either formally renewed or renegotiated. Approval of a renewed or renegotiated Data Purchase and Services Agreement will be by a vote of the Fund's trustees who are not officers in either SAG-AFTRA or AFM, as well as approval by a majority vote of the Fund's Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer.

**Release**

If the Settlement is approved, Settlement Class Members will be deemed to have released Defendants from any and all claims, defenses, demands, causes of action, controversies, liabilities, obligations, and damages of any kind arising out of the allegations and claims or the facts underlying the allegations and claims alleged in this Litigation. The specific release provision is provided in the Settlement Agreement.

**How Settlement May Impact Your Rights**

The Court will hold a Fairness Hearing on [Date], at ___ a.m. (Pacific time) to decide whether to approve the Settlement.

***If you want to attend the hearing, keep in mind that the date and/or time may be changed after this Notice is published, so you should check the Settlement Website (www.RoyaltyFundSettlement.com) before making any travel plans.***

If you are a non-featured musician, non-featured vocalist, one of their agents, successors in interest, assigns, heirs, executors, trustees, and administrators, entitled to royalties under the Copyright Act (17 U.S.C. § 114(g)(2)(b-c)) allocated for distribution by the Fund for each distribution cycle after July 22, 2013, your rights may be affected by this Settlement. You do not have to take any action to receive the benefits of the Settlement.

If approved by the Court, the Settlement will affect your right to seek relief against Defendants for the claims this Settlement resolves. You may obtain copies of the Settlement Agreement and related court filings, including the Attorneys' Fees & Expenses Application, by downloading them from the Settlement Website at www.RoyaltyFundSettlement.com, or by making a written request to Royalty Fund Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, or emailing info@RoyaltyFundSettlement.com, or by voicemail request at the toll-free number (___) ___-____.

If the Court approves the Settlement, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient. You can check for updates and other important information by using any of the methods listed below for contacting the Settlement Administrator or Class Counsel.

**THE LAWYERS IN THIS CASE**

<u>**Class Counsel**</u>

The Court has appointed the law firms listed below to represent you and other Class Members in the Settlement. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you want to contact Class Counsel about this Settlement, they can be reached as set out below. Alternatively you may contact the Settlement Administrator at 1-___-___-____ or sending an email to _____@_____.com.

| Class Counsel | Class Counsel |
|---|---|
| Paul R. Kiesel (kiesel@kiesel.law) | Neville L. Johnson (njohnson@jjllplaw.com) |
| Mariana A. McConnell (mcconnell@kiesel.law) | Douglas L. Johnson (djohnson@jjllplaw.com) |
| Nicholas L. Brancolini (brancolini@kiesel.law) | Daniel Lifschitz (dlifschitz@jjllplaw.com) |
| Kiesel Law LLP | Johnson & Johnson LLP |
| 8648 Wilshire Boulevard | 439 North Canon Drive, Suite 200 |
| Beverly Hills, CA 90211 | Beverly Hills, CA 90210 |
| (310) 854-4444 | (310) 975-1080 |

<u>**Defendants' Counsel**</u>

All Trustee and Union Defendants are represented by the law firm Jenner & Block LLP. If you want to contact Defendants' attorneys about this Settlement, they can be reached by contacting:

Andrew J. Thomas (ajthomas@jenner.com)
Alexander M. Smith (asmith@jenner.com)
Andrew Sullivan (agsullivan@jenner.com)
Anna K. Lyons (alyons@jenner.com)
**Jenner & Block LLP**
515 S. Flower Street
Suite 3300
Los Angeles, CA 90071
(213) 239-5100

<u>**Service Awards**</u>

The Parties have agreed that the named Plaintiff may apply for an award of up to $25,000 for his service as a Class Representative. Any award must be approved by the Court as part of the Court's Order Granting Final Approval of Class Settlement.

Long Form Notice

**Class Counsel's Request for Reasonable Attorneys' Fees and Expenses**

Class Counsel will request an award from the Court of reasonable attorneys' fees and reimbursement of their expenses for litigating and resolving this case and obtaining the Settlement for the benefit of the Class.

Attorneys' fees paid to Class Counsel will need to be approved by the Court in its Order Granting Final Approval of Class Settlement and will consist of the balance remaining in the Settlement Administration Fund ($2,600,000) once all other amounts to be paid from the Settlement Administration Fund have been satisfied. The amounts to be decided are the costs of administration and notice as well as the service award.

## HOW TO OBJECT TO THE CLASS SETTLEMENT

Any Class Member who wishes to object to the Settlement must send to Class Counsel and Defendants' Counsel, or the Settlement Administrator, a written and signed statement entitled "Objection" no later than DATE __-__-____. To state a valid objection to the Settlement, a Class Member must provide the following information in the written objection: (i) his or her full name, address, telephone number, and e-mail address (if available); (ii) a statement of the objection(s), including all factual and legal grounds for the objection; (iii) copies of any documents he or she wishes to submit in support; (iv) the name, address, and telephone number of his or her separate counsel in this matter, if any; and (v) his or her dated signature. In addition, the objection must list any other objections submitted by the Class Member, or his or her counsel, to any class action settlements in any court in the United States in the previous five years, or else affirmatively state that no other such objections have been made. If an objecting Class Member intends to appear, in person or by counsel, at the Fairness Hearing, he or she must so state in the written objection.

Objections must be mailed to the following addresses, postmarked no later than DATE __-____:

| Class Counsel | Defendants' Counsel | Settlement Administrator |
|---|---|---|
| Kiesel Law LLP<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br><br>Johnson & Johnson LLP<br>439 North Canon Drive, Suite 200<br>Beverly Hills, CA 90210 | *Jenner & Block LLP*<br>515 S. Flower Street<br>Suite 3300<br>Los Angeles, CA 90071 | Royalty Fund Settlement Administrator<br>Attn: Objections<br>P.O. Box 58220<br>Philadelphia, PA 19102 |

## COURT FAIRNESS AND FINAL APPROVAL HEARING

The proposed Settlement will not be final unless and until the United States District Court grants final approval. The Court has set a final approval hearing about the proposed Settlement at TIME a.m./p.m., on DAY MONTH, 2021, before the Honorable Christina A. Snyder, United States District Court for the Central District of California, to determine whether: (1) the proposed Settlement is fair, reasonable, and adequate; (2) a judgment and order of final approval should be entered by the District Court to dismiss the Action with prejudice; (3) Plaintiff's request for Service Award be approved; and (4) Class Counsel's fees and expenses application should be approved.

***You do not have to come to the Fairness Hearing. Class Counsel will answer any questions asked by the Court.***

THE DATE OF THE FINAL APPROVAL HEARING IS CURRENTLY SET FOR ___ MONTH __ DAY, 2021 AND MAY CHANGE WITHOUT FURTHER NOTICE TO THE CLASS MEMBERS. PLEASE CHECK THE SETTLEMENT WEBSITE FOR UPDATES.

### Attending the Fairness Hearing

If you send an objection, you do not have to come to Court to talk about it. So long as you mailed your written objection on time and complied with the other requirements for a proper objection, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

You may speak at the Fairness Hearing if you so choose. If you submitted a proper written objection to the Settlement, you or your lawyer may, at your own expense, come to the Fairness Hearing and speak. To do so, you must follow the procedures set out above. You must also file a Notice of Intention to Appear, which must be mailed to the Settlement Administrator so that it is **postmarked no later than [Date]**, and it must be **filed** with the Clerk of the Court by that same date. If you intend to have a lawyer appear on your behalf, your lawyer must enter a written notice of appearance of counsel with the Clerk of the Court no later than **[Date]**.

## CONTACTING SETTLEMENT ADMINISTRATOR

| YOU MAY OBTAIN ADDITIONAL INFORMATION BY | |
|---|---|
| **CALLING** | • Call the Settlement Administrator toll-free at 1-___ -___ -____ to ask questions and receive copies of documents. |
| **E-MAILING** | • Email the Settlement Administrator at _____@RoyaltyFundSettlement.com |
| **WRITING** | • Send your questions by mail to: Royalty Fund Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. |
| **REVIEWING LEGAL DOCUMENTS** | • You may also review the Court's file during regular court houses at:<br><br>United States District Court<br>First Street Courthouse,<br>350 W. First Street, Courtroom 8D, 8th Floor,<br>Los Angeles, CA 90012 |

*PLEASE DO NOT CONTACT THE DISTRICT COURT OR THE CLERK'S OFFICE WITH QUESTIONS REGARDING THIS NOTICE.*

This Notice is not an expression of any opinion by the Court as to the merits of the lawsuit or as to the fairness of the Settlement. This notice is published to advise you of the pendency of the Action, the Settlement, and your associated rights.

DATED: <u>MONTH DAY</u>, 2021          BY ORDER OF THE DISTRICT COURT,
                                                            UNITED STATES DISTRICT COURT FOR
                                                            THE CENTRAL DISTRICT OF CALIFORNIA

# EXHIBIT C

**Settlement Administrator Angeion Group Announces Proposed Settlement In
Streaming Royalty Class Action**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**If you are a beneficiary of the AFM    SAG-AFTRA Intellectual Property Rights Distribution Fund
you may be receiving compensation from a class action settlement.**

*. S              e   ., 2:18-cv-07241-CAS-PLA*

**A United States District Court authori ed this Notice. It is not a solicitation from a lawyer.**

**PHILADELPHIA PA MONTH DAY 2021** - A settlement has been reached in a class action lawsuit involving non-featured musicians and vocalists entitled to streaming royalties under the Copyright Act. The AFM & SAG-AFTRA Intellectual Property Rights Distribution Fund (the "Fund") is responsible for distributing royalties to these non-featured artists. In July 2013, the Fund entered into a services agreement with the Screen Actors Guild – American Federation of Television and Radio Artists ("SAG-AFTRA") and American Federation of Musicians of The United States and Canada ("AFM" together, the "Unions") whereby the Fund paid 3   of distributable streaming revenues to the Unions in exchange for certain performer data and related services. Plaintiff's lawsuit alleged that the Fund Board of Trustees breached their fiduciary duties in doing so. This settlement is not an admission of wrongdoing by any Defendant. The Court did not decide in favor of Plaintiff or Defendants. Instead, both sides, with the assistance of two mediators, agreed to this settlement. Settlement avoids the costs of trial, and assures that settlement benefits go to class members. The Class Representative and his attorneys think the Settlement is in the best interests of the Class.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | • If you are a Class member you will receive all prospective relief and a pro rata portion of the Settlement Distribution Fund or a credit and be bound by the final judgment in the case. |
| **OBJECT TO SETTLEMENT BY  DATE** | • You may object to the Settlement by mailing a statement detailing why you don't think the Settlement should be approved. You can also write to provide comments or reasons why you support the Settlement. *See below for details.* |
| **GO TO THE HEARING ON  DATE** | • Ask to speak in Court about your opinion of this Settlement. *See below for details.* |

**Who Is a Class Member**    The Settlement Class is defined as "all non-featured musicians and non-featured vocalists, their agents, successors in interest, assigns, heirs, executors, trustees, and administrators, entitled to royalties under the Copyright Act (17 U.S.C. § 114(g)(2)(b-c)) allocated for distribution by the Fund for each distribution cycle after July 22, 2013." If you are a Class member, you are not required to take any action. This Notice is only a summary of the proposed Settlement. The complete terms of the proposed Settlement are set forth in the Settlement Agreement which is available at www.RoyaltyFundSettlement.com.

**What does the Settlement provide**    The Settlement provides for direct recovery of $5,350,000 automatically distributed to Class Members on a pro rata basis, modifies the current service fee, and restructures the negotiation process for any future fees. An additional $2,600,000 will be used to cover any litigation expenses and fees of the Class Counsel, costs incurred by the Settlement Administrator, and any service award to the Class Representative capped at $25,000.

**Objecting to the Settlement.** Any Class Member who wishes to object to the Settlement must send to Class Counsel and Defendants' Counsel, or the Settlement Administrator, a written and signed statement entitled "Objection" no later than DATE    -Detailed information on how to submit a written objection can be found on the Settlement Website.

**The Court's Hearing.** The Court will hold a Fairness Hearing on [Date], at  a.m. (Pacific time) to decide whether to approve the Settlement.   You do not have to come to the Fairness Hearing. Class Counsel will answer any questions asked by the Court.  If you want to attend the hearing, keep in mind that the date and/or time may be changed after this Notice is published, so you should check the Settlement Website.

**Class Counsel.**  The Court has appointed the law firms listed below to represent you and other Class Members in the Settlement. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| Class Counsel | Class Counsel |
|---|---|
| Kiesel Law LLP<br>8648 Wilshire Boulevard<br>Beverly Hills, CA 90211<br>(310) 854-4444 | Johnson & Johnson LLP<br>439 North Canon Drive, Suite 200<br>Beverly Hills, CA 90210<br>(310) 975-1080 |

| YOU MAY OBTAIN ADDITIONAL INFORMATION BY | |
|---|---|
| **CALLING** | • Call the Settlement Administrator toll-free at 1-    -    -    to ask questions and receive copies of documents. |
| **E-MAILING** | • Email the Settlement Administrator at           @         .com |
| **WRITING** | • Send your questions by mail to: Royalty Fund Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. |

**This notice is only a summary.  Complete information about the lawsuit  including your rights and options are available at www.RoyaltyFundSettlement.com or by accessing the Court doc  et in this case  for a fee  through the Court's Public Access to Court Electronic Records  PACER  system at https //pacer.uscourts.gov  or by visiting the office of the Cler   of the Court for the United States District Court for the Central District of California   Western Division.**

**Media Contact**
Angeion Group
Douglas S. Clauson
Director, Communications
(215) 563-4116